ORIGINAL

PAUL ALSTON                1126
JASON H. KIM               7128
ALSTON HUNT FLOYD & ING
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:    palston@ahfi.com
           jkim@ahfi.com

HAWAII DISABILITY RIGHTS CENTER

JOHN P. DELLERA           6602
MATTHEW C. BASSETT        6443
900 Fort Street Mall, Suite 1040
Honolulu, HI  96813
Telephone: (808) 949-2922
Facsimile:  (808) 949-2928
E-mail:    john@hawaiidisabilityrights.org
           mattbassettesq@gmail.com

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUL 27 2010
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| R.P.-K., through his parent C.K., R.T.D., though his parents R.D. and M.D., B.P., though her parent M.P., and C.B., though her parent N.B., for themselves and on behalf of a class of those similarly situated, and the HAWAII DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its clients and all others similarly situated,<br><br>Plaintiffs, | Civil No. **CV10 00436 KSC**<br>(Other Civil Action)<br><br>**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; SUMMONS** |

748447v1

vs.

DEPARTMENT OF EDUCATION,
State of Hawai`i,

Defendant.

## CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, on their own behalf and on behalf of a class of those similarly situated, allege as follows against Defendant the Department of Education, State of Hawai`i ("DOE"):

## INTRODUCTION

1. This is a class action to establish the rights of Plaintiffs[1] and the class they seek to represent to a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA") and their right to be free of discrimination on account of their disabilities under Title II of the Americans With Disabilities Act ("Title II") and Section 504 of the Rehabilitation Act ("Section 504").

---

[1] As used in this Complaint, "Plaintiffs" refers to R.P.-K., R.T.D., B.P., and C.B. and not their parents, the HDRC, or the HDRC's constituents.

2. Plaintiffs R.P.-K., R.T.D., B.P., and C.B. are disabled individuals over twenty years old but under twenty-two years old who have been provided a FAPE under the IDEA but are now being denied such an education because they have reached the age of twenty on or before the first instructional day of the school year pursuant to a new law enacted by the Hawai`i Legislature, Act 163, for the express purpose of evading the State's obligations under the IDEA as established by a previous order of this Court in *B.T. v. Department of Education*, Civ. No. 08-00356 DAE-BMK. These Plaintiffs need to continue receiving a FAPE until the age of twenty two and would meaningfully benefit from continued special education and related services under the IDEA.

3. As set forth below, Defendant DOE's denial of any further education to these Plaintiffs violates the IDEA, Title II, and Section 504 despite the enactment of Act 163.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' claims and the parties pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under federal law, specifically the IDEA, 20 U.S.C. § 1400 *et seq.*, Title II, 42 U.S.C. § 12132, and Section 504, 29 U.S.C. § 794.

5. This Court has jurisdiction to award declaratory and preliminary and permanent injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 65 of the Federal Rules of Civil Procedure.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the DOE resides in this district and the events and omissions giving rise to Plaintiffs' claims occurred in this district.

## THE PARTIES

7. R.P.-K. is a twenty-year old IDEA-eligible student who has been enrolled at Castle High School. He needs and would meaningfully benefit from continued special education and related services under the IDEA. Because of his disability, he requires a supportive and structured environment to develop his academic and prevocational skills. He sues through C.K., his mother and lawful guardian.

8. R.T.D. is a twenty-year old IDEA-eligible student who has been enrolled at Kalaheo High School. He needs and would meaningfully benefit from continued special education and related services under the IDEA. Because of his disabilities, he requires a supportive and structured environment to develop his academic and prevocational skills. He sues through R.D. and M.D., his parents and lawful guardians.

9. B.P. is a twenty-one year old IDEA-eligible student who has been enrolled at Loveland Academy, a private school in Honolulu. She needs and would meaningfully benefit from continued special education and related services under the IDEA. Because of her disability and other health concerns, she requires

a supportive and structured environment to develop her academic and prevocational skills. She sues through M.P., her mother and lawful guardian.

10. C.B. is a twenty-one year old IDEA-eligible student who was enrolled at Kailua High School until June 2009. He needs and would meaningfully benefit from continued special education and related services under the IDEA. Because of his disability and other health concerns, he requires a supportive and structured environment to develop his academic and prevocational skills. The DOE denied him further educational services after July 2009. C.B. through his mother N.B. appealed this decision first through the DOE and then to this Court in *C.B. v. Department of Education*, Civ. No. 10-317 DAE-LEK, which is still pending. He sues through N.B., his mother and lawful guardian.

11. These Plaintiffs proceed under pseudonyms because this Complaint discloses sensitive, private information about the Plaintiffs' medical conditions and diagnoses, including mental health information, protected by federal and state law. Disclosure of the identities of Plaintiffs' parents would necessarily disclose the identities of Plaintiffs themselves.

12. The Hawaii Disability Rights Center ("HDRC") is a Hawai`i non-profit corporation based in Honolulu, Hawai`i. Its mission—defined by federal law (42 U.S.C. §§ 10801 *et seq.* and 15001 *et seq.*) and state law (H.R.S. § 333F-8.5)—is to defend and enforce the legal rights of people with disabilities. It serves mentally ill and disabled persons throughout the State.

13. The HDRC brings this action in a representative capacity on behalf of its constituents who have been harmed by being deemed ineligible for special education and related services under the IDEA because they have reached twenty years of age on or before the first instructional day of the school year.

14. The HDRC is pursuing this action to protect and advocate for the rights and interests of "individuals with mental illness" and individuals with a "developmental disability" as those terms are defined in 42 U.S.C. §§ 10802 and 15002. These individuals are the HDRC's constituents.

15. These constituents have a significant mental illness or developmental disability that substantially limits one or more major life activities, including personal care, working, and sleeping. They are therefore individuals with disabilities for purposes of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* and the Rehabilitation Act, 29 U.S.C. § 501 *et seq.*

16. The HDRC has standing to maintain this action on behalf of its constituents who are members of the class sought to be certified in this action and their parents:

   a. Protection and Advocacy Systems established in each State to protect the legal and human rights of individuals with disabilities must have the authority to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of individuals within the State who are disabled or mentally ill, pursuant to 42 U.S.C.

748447v1         6

§ 10805, 42 U.S.C. § 15043, and 29 U.S.C. § 794e;

    b. although the HDRC has no "members," the individuals with disabilities and their families who are the beneficiaries of its activities are the functional equivalent of members for purposes of associational standing because the HRDC serves disabled members of Hawai`i's community and the beneficiaries of its services and activities have many of the indicia of membership, including representation on the HDRC's Board of Directors and PAIMI Advisory Counsel and the right to exercise a grievance procedure to assure that they have access to the Protection and Advocacy system, pursuant to 29 U.S.C. § 794e(f)(6), 42 U.S.C. § 10805(c)(1)(B), and 42 U.S.C. § 10805(a)(6)(B-C);

    c. many of the beneficiaries of the HDRC's services and activities – disabled individuals and their families – would have standing to sue in their own right;

    d. the interests the HDRC seeks to protect in this lawsuit are germane to its purpose and mission; and

    e. neither the claims asserted nor the relief requested require the participation of individual members in the lawsuit.

    17. Defendant DOE is a department of the State of Hawai`i responsible for providing public education for Hawai`i residents.

## FACTUAL ALLEGATIONS

18. The IDEA mandates that a "free and appropriate public education" shall be "available to all children with disabilities . . . between the ages of 3 and 21, inclusive . . ." 20 U.S.C. § 1412(a). Eligibility under the IDEA for special education and related services ends, therefore, when a student becomes twenty-two.

19. States may limit age eligibility for special education students, however, to the extent it is limited for public education generally:

> The obligation to make a [FAPE] available to all children with disabilities does not apply with respect to children—
>
> > (i) aged 3 through 5 and 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice, or the order of any court, respecting the provision of public education to children in those age ranges . . .

20 U.S.C. § 1412(a)(1)(B).

20. This Court has held that, under the IDEA, the DOE is obligated to do as much for special education students as it does for general education students. *B.T. v. Department of Education*, 2008 WL 3891867 at *8 (D. Haw. Aug. 21, 2008), Civ. No. 08-356 DAE-BMK, Doc. #22 at 10. Based on evidence that, as a matter of practice, public education has been provided to students over the age of twenty in Hawai`i, this Court in *B.T.* held that such education could not be denied to individuals otherwise eligible for a FAPE under the IDEA between

the ages of twenty and twenty-two despite a state regulation to the contrary that applied only to special education students. *Id.*

21. Act 163, which took effect on July 1, 2010, was enacted in an attempt to reduce Hawai`i's obligations under the IDEA and to address the lack of any clear law or practice in Hawai`i imposing an age limit on public education for general education and special education students alike:

> The legislature finds that Hawai`i must abide by the Individuals With Disabilities Education Act's mandated provision of special education programs for students aged eighteen through twenty-one. Under existing law, there is no consistent age limit provision for general education and special education students. The purpose of this Act is to provide consistent age limits for both general education and special education students.

H.B. 2077, January 19, 2010.

22. To avoid providing FAPEs to older special education students, the legislature attempted to come within the exception to the default age limit of the IDEA by purporting to prohibit any student from attending public school where the student is twenty or older on the first instructional day of the school year:

> No person who is twenty years of age or over on the first instructional day of the school year shall be eligible to attend a public school. If a person reaches twenty years of age after the first instructional day of the school year, the person shall be eligible to attend public school for the full school year.

2010 Haw. Act 163.

23. Plaintiffs R.P.-K., R.T.D., and B.P. have been denied any further FAPE by the DOE because of the passage of Act 163. They and their parents have filed requests for due process hearings under the IDEA.

24. Plaintiff C.B. was denied any further FAPE for another reason. But the DOE has also argued that Act 163 provides an independent basis for not providing him with any further FAPE.

## CLASS ALLEGATIONS

25. The HDRC and Plaintiffs through their parents bring this action on their own behalf and on behalf of a class of all those similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure. The proposed class consists of:

> All individuals over the age of twenty on or before the first instructional day of the school year (or who will imminently be over the age of twenty on that date) but under the age of twenty-two who have previously been provided a FAPE under the IDEA by the DOE and who need special education and related services in order to benefit from their education ("the Class").

26. Membership in the Class is so numerous that joinder of all members is impractical. There are hundreds if not thousands of Hawai`i students who are receiving or have received a FAPE under the IDEA who are or will be between the ages of twenty and twenty-two and who need special education and related services in order to benefit from their education.

748447v1                                          10

27. Common questions of law and fact exist, including the overarching issues of whether the DOE's enforcement of Act 163 as to Plaintiffs and the Class violates the IDEA, Title II, and/or Section 504.

28. The claims and injuries of Plaintiffs are typical of the claims and injuries of the other putative class members, because the Plaintiffs: (a) have been denied any further FAPE based on their age and have been injured by this denial as they are no longer receiving a FAPE and (b) have been discriminated against on account of their disabilities and have been injured by this discrimination because they are no longer receiving educational services from the DOE. These are the same injuries that members of the Class are suffering, and, unless this Court grants relief, will continue to suffer.

29. The HDRC, the Plaintiffs, and their parents will fairly and adequately represent and protect the interests of the Class. The HDRC, the Plaintiffs, and their parents intend to prosecute this action vigorously in order to secure remedies for the Class. Counsel of record for Plaintiffs are experienced in federal civil rights litigation and class actions, including systemic litigation against state defendants challenging disability discrimination.

30. The DOE has acted, refused to act, and/or failed to act on grounds that apply generally to the Class such that final injunctive or declaratory relief is appropriate for the Class as a whole.

## FIRST CLAIM FOR RELIEF
## (VIOLATION OF THE IDEA)

31. Plaintiffs repeat and reallege each and every allegation above as if fully set forth.

32. In *B.T. v Department of Education*, this Court held that the IDEA age limit of twenty-two applies in Hawai`i because, under H.R.S. §§ 302A-1134(c) and 302A-433, general education students could remain in public school after reaching twenty, whereas under H.A.R. § 8-56-15, only special education students who reached the age of twenty on or before the first instructional day of the school year would be automatically barred.

33. While Act 163 amended H.R.S. § 302A-1134(c) in an attempt to limit the DOE's obligations under the IDEA, H.R.S. § 302A-433 remains the same. This Court correctly recognized that "[t]here is no provision like § 302A-433 for special education students over 20 years old."

34. H.R.S. § 302A-433(3) provides that instructional programs shall be initiated in the following fields: "A program of education for those adults who, in youth, left school or for some reason had their education curtailed and who now desire to continue their education; for those youths who have been excepted from compulsory attendance under section 302A-1132; and for those youths who are in need of courses to complete their high school graduation requirements." This statute contains no upper age limitation.

35. The default age limitation of the IDEA continues to apply because, despite Act 163, non-disabled students who reach the age of twenty on or before the first instructional day of the school year can still pursue the equivalent of a public high school education through adult education programs.

36. Therefore, the DOE's refusal to provide Plaintiffs and the members of the Class FAPEs on the basis of Act 163 violates the IDEA and Plaintiffs and the members of the Class are entitled to FAPEs until they reach the age of twenty-two.

## SECOND CLAIM FOR RELIEF
## (VIOLATION OF TITLE II)

37. Plaintiffs repeat and reallege each and every allegation above as if fully set forth.

38. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

39. The DOE's provision of public education is a service, program or activity of a public entity.

40. Plaintiffs, and the members of the Class, are qualified individuals with disabilities.

41. Plaintiffs, and the members of the Class, have been excluded from, denied the benefits of, or otherwise discriminated against with respect to the DOE's provision of public education to those who reach the age of twenty on or before the first instructional day of the school year. A general education student of the same age may continue his public education through Hawai`i's adult education program. Plaintiffs and the members of the Class do not have this option, as the adult education program is not equipped to educate all students who reach the age of twenty on or before the first instructional day of the school year through the age of twenty-two whose disabilities previously qualified them for a FAPE under the IDEA.

## THIRD CLAIM FOR RELIEF
## (VIOLATION OF SECTION 504)

42. Plaintiffs repeat and reallege each and every allegation above as if fully set forth.

43. Section 504 provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

44. The DOE is a program or activity receiving Federal financial assistance.

45. Plaintiffs, and the members of the Class, are qualified individuals with disabilities.

46. Plaintiffs, and the members of the Class, have been excluded from, denied the benefits of, or otherwise discriminated against with respect to the DOE's provision of public education to those who reach the age of twenty on or before the first instructional day of the school year. A general education student of the same age may continue his public education through Hawai`i's adult education program. Plaintiffs and the members of the Class do not have this option, as the adult education program is not equipped to educate all students who reach the age of twenty on or before the first instructional day of the school year through the age of twenty-two whose disabilities previously qualified them for a FAPE under the IDEA.

### FOURTH CLAIM FOR RELIEF
### (ESTOPPEL)

47. Plaintiffs repeat and reallege each and every allegation above as if fully set forth.

48. The DOE applied for and accepted federal funding under the IDEA based on the assurance in its Annual State Application for IDEA Funds Fiscal Year 2010 that "[a] free and appropriate public education is available to all children with disabilities residing in the State *between the ages of 3 and 21, inclusive* ...." (Emphasis added.)

49. In *B.T.*, this Court recognized that an estoppel argument exists in this context, but did not reach the issue because it ruled in favor of the plaintiff on other grounds. 2009 WL 4884447, at *9 fn. 3.

50. Based on this assurance to the federal government, the DOE must be estopped from asserting that it has no obligation to provide FAPEs under the IDEA for those who reach the age of twenty on or before the first instructional day of the school year and twenty-two because the DOE made representations to the contrary to obtain IDEA funding.

WHEREFORE, Plaintiffs pray that this Court:

(a) Find and declare that the DOE's refusal to provide Plaintiffs and the members of the Class with FAPEs violates the IDEA;

(b) Find and declare that the DOE's refusal to provide Plaintiffs and the members of the Class with FAPEs constitutes discrimination on account of disability in violation of Title II and Section 504;

(c) Find and declare that the DOE is estopped from arguing that it has no obligation to provide FAPEs to Plaintiffs and the members of the Class;

(d) Enjoin the DOE from failing to provide FAPEs to Plaintiffs and the members of the Class until they reach the age of twenty-two – both pending judgment in this matter and after judgment in this matter;

(e) Award Plaintiffs their reasonable attorney's fees, costs, and expenses under any applicable law; and

      (f)    Grant such other and further relief as this Court deems just and proper.

DATED: Honolulu, Hawai'i, July 27, 2010.

_____
JOHN P. DELLERA
MATTHEW C. BASSETT
PAUL ALSTON
JASON H. KIM
Attorneys for Plaintiffs