RUSSELL A. SUZUKI     2084
Acting Attorney General, State of Hawaiʻi

STEVE K. MIYASAKA   1883
JOANNA B.K.F. YEH      7764
HOLLY T. SHIKADA       4017
Deputy Attorneys General
235 S. Beretania Street, Room 304
Honolulu, Hawaiʻi  96813
Phone:     (808) 586-1255
Facsimile: (808) 586-1488
Email:   Steve.K.Miyasaka@hawaii.gov
Attorneys for Defendant
DEPARTMENT OF EDUCATION,
STATE OF HAWAIʻI

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| R.P.-K., through his parent C.K., R.T.D., through his parents R.D. and M.D., B.P., through her parent M.P., and C.B., through his parent N.B., for themselves and on behalf of a class of those similarly situated, and the HAWAII DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its clients and all others similarly situated,<br><br>     Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAIʻI,<br><br>     Defendants. | CIVIL NO. CV10-00436 DAE (Other Civil Action)<br><br>DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION TO CERTIFY CLASS ACTION; DECLARATION OF STEVE K. MIYASAKA; EXHIBITS "1" to "9"; CERTIFICATE OF WORD COUNT; CERTIFICATE OF SERVICE |

386126_1.DOC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| R.P.-K., through his parent C.K., R.T.D., through his parents R.D. and M.D., B.P., through her parent M.P., and C.B., through his parent N.B., for themselves and on behalf of a class of those similarly situated, and the HAWAII DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its clients and all others similarly situated, | CIVIL NO. CV10-00436 DAE (Other Civil Action)  TABLE OF CONTENTS |
| Plaintiffs, | |
| vs. | |
| DEPARTMENT OF EDUCATION, STATE OF HAWAIʻI, | |
| Defendants. | |

TABLE TO CONTENTS

|  | Pages |
|---|---|
| TABLE OF AUTHORITIES………………………………….. | iii |
| I.    STATEMENT OF FACTS………………………………… | 2 |
|      1.    R.P.-K…………………………………………….. | 2 |
|      2.    R.T.D……………………………………………... | 4 |
|      3.    B.P………………………………………………... | 5 |
|      4.    C.B………………………………………………... | 6 |

II.    POINTS OF AUTHORITY…………………………………...   8

1.    Plaintiffs must exhaust their administrative remedies
Before pursuing any claims under the Individuals
With Disabilities Education Act in the lawsuit…………   11

2.    Plaintiffs failed to meet the requirements of FRCP,
Rule 23(a)(1)…………………………………………   20

3.    Plaintiffs failed to meet the requirements of FRCP
Rule 23(a)(2)………………………………………….   26

4.    Plaintiffs failed to meet the requirements of FRCP
Rule 23(a)(3)…………………………………………   28

5.    Plaintiffs failed to meet the requirements of FRCP
Rule 23(a)(4)………………………………………..   30

6.    Plaintiffs have failed to establish that they meet the
Requirements of FRCP rule 23(b)(2)………………   32

IV.    CONCLUSION……………………………………………   34

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| R.P.-K., through his parent C.K., R.T.D., through his parents R.D. and M.D., B.P., through her parent M.P., and C.B., through his parent N.B., for themselves and on behalf of a class of those similarly situated, and the HAWAII DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its clients and all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAIʻI,<br><br>      Defendants. | CIVIL NO. CV10-00436 DAE (Other Civil Action)<br><br>TABLE TO AUTHORITIES |

## TABLE TO AUTHORITIES

Federal Cases                                                                   Page(s)

99 S.Ct. 2435, 2557-2558,
    61 L.Ed.2d 176 ................................................................................. 28

Califano v. Yamasaki,
    442 U.S. 682 700-01 ........................................................................ 28

Jones v. Takaki,
    38 F.3d 321, 323-324 (7th Cir. 1994) ................................................ 30

Danvers Motor Co., Inc. v. Ford Motor Co.,
    543 F.3d 141, 150 (3rd Cir. 1008) ..................................................... 30

Demarco v. Edens,
    390 F. 2d 836, 845 (C.A.N.Y. 1968) ................................................ 12

Eisen v. Carlisle & Jacquelin,
    417 U.S. 156, 178 (1974) ................................................ 10

Frazier v. Consol. Rail Corp.,
    851 F.2d 1447, n. 10 (D.C.Cir.1988) ................................................ 22

General Tel. Co. v. Falcon,
    457 U.S. 147, 155, 102 S.Ct. 2364, 2369, 73 L.Ed.2d 749 (1982) .... 28

Hanlon v. Chrysler Corporation,
    150 F.3d 1011, 1020 (9th Cir. 1998) ................................................ 29

Hansberry v. Lee,
    311 U.S. 32, 42-43, 61 S.Ct. 115, 118-19, 85 L.Ed. 22 (1940) ... 10, 32

In re American Medical Systems, Inc.,
    75 F.3d 1069, 1079 (6th C.A. 1996) ................................................ 11

Kutasi v. Las Virgenes Sch. Dist.,
    494 F.3d 1162, 1163 (9th Cir.2007) ................................................ 14

Love v. Turlington,
    733 F.2d 1562, 1564 (11th Cir. 1980) ................................................ 30

Rossin v. Southern Union Gas Co.,
    472 F.2d 707, 712 (C.A. 10, 1973) ................................................ 12

Thomas v. Christopher,
    169 F.R.D. 224, 237 (D.D.C.1996) ................................................ 21

Tietz v. Bowen,
    695 F.Supp. 441, 445 (N.D. Cal. 1987) ................................................ 22

Witte v. Clark County Sch. Dist.,
    197 F.3d 1271, 1274 (9th Cir.1999) ................................................ 15

**Federal Statutes**                                                    Page(s)

20 U.S.C. §1415(l) ........................................................................ 14

20 U.S.C.A. § 1414(d) ................................................................. 31

**State Statutes**

Hawaii Revised Statutes § 302A-432 ........................................ 10

**Federal Rules**

FRCP 23(a)(2) .............................................................................. 29

FRCP Rule 23 ............................................................................. 10

FRCP Rule 23(a) .................................................................. 11, 26

FRCP Rule 23(a)(3) ..................................................................... 29

FRCP Rule 23(a)(4) ..................................................................... 33

FRCP Rule 23(b) ......................................................................... 11

FRCP Rule 23(b)(2) ............................................................. 33, 35

FRCP Rule23(a)(2) ...................................................................... 27

FRCP Rule23(a)(4) ...................................................................... 32

**Federal Regulations**

34 C.F.R. §300.102 ..................................................................... 23

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| R.P.-K., through his parent C.K., R.T.D., through his parents R.D. and M.D., B.P., through her parent M.P., and C.B., through his parent N.B., for themselves and on behalf of a class of those similarly situated, and the HAWAII DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its clients and all others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAIʻI,<br><br>    Defendants. | CIVIL NO. CV10-00436 DAE (Other Civil Action)<br><br>DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION TO CERTIFY CLASS ACTION |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION TO CERTIFY CLASS ACTION

Defendant Department of Education, State of Hawaiʻi ("Defendant")

hereby submits this Memorandum in Opposition to Plaintiffs R.P.-K.,

through his parent C.K., R.T.D., through his parents R.D. and M.D., B.P.,

through her parent M.P., and C.B., through his parent N.B., for themselves

and on behalf of a class of those similarly situated, and the Hawaii Disability

Rights Center, in a representative capacity on behalf of its clients and all others similarly situated ("Plaintiffs") Motion to Certify Class Action.

## I.   STATEMENT OF FACTS

1.   *R.P.-K*

R.P.-K. was born on October 3, 1989.  R.P.-K. turned 20 years old on October 3, 2009.  R.P.-K. was found eligible for and received special education and related services while in Defendant's K-12 educational system.  See Exhibit 1, attached hereto.

Individualized Education Meetings ("IEP") were held for R.P.-K. on April 28, 2010 and May 13, 2010.  At the time of those meetings, R.P.K's special education and related services were scheduled to end at the conclusion of the Extended School Year ("ESY") summer period for the 2009-2010 school year.  At the time of those IEP meetings, R.P.-K.'s IEP team determined that it was neither necessary nor appropriate to extend R.P.-K.'s special education and related services beyond the end of the ESY summer period for the 2009-2010 school year.  See Exhibit 1, attached hereto.

On July 1, 2010, Act 163 took effect.  Act 163, provides that a person is not eligible to attend a public school if he or she is 20 years old or over on the first instructional day of the school year.  See Exhibit 1, attached hereto.

An IEP meeting for R.P.-K., was held on July 26, 2010.  At that meeting, it was determined that R.P.-K.'s special education and related services would end on July 31, 2010, because he was no longer eligible to attend public school.  See Exhibit 1, attached hereto.

R.P.-K. by and through through his Parent C.K. filed a request for impartial due process hearing on June 29, 2010.  R.P.-K. through C.K. sought an extension of special education and related services through age 22. See Exhibit 1, attached hereto.

On September 30, 2010, Defendant filed Respondent's Motion to Dismiss or in the Alternative for Summary Judgment.  R.P.-K. through C.K. filed a Motion for Summary Judgment on October 7, 2010.  See Exhibit 1, attached hereto.

On October 25, 2010, the Office of Administrative Hearings, Department of Commerce and Consumer Affairs ("OAH") issued an Order Granting Respondent's Motion to Dismiss and Denying Petitioners' Motion for Summary Judgment.  See Exhibit 1, attached hereto.

On November 5, 2010, R.P.-K. by and through his Parent C.K. filed a complaint appealing the OAH Order in the United States District Court, District of Hawaii (Civil No. CV10 00644 DAE).  See Exhibit 2, attached hereto.

    2.    _R.T.D._

R.T.D. was born on June 24, 1990.  R.T.D. turned 20 years old on June 24, 2010.  R.T.D. was eligible for and received special education and related services under the category of Multiple Disabilities while in Defendant's K-12 education system.  <u>See</u> Exhibit 3, attached hereto.

On June 28, 2010, R.T.D.'s IEP team determined that it was appropriate to provide special education and related services through the conclusion of the 2009-2010 ESY summer period.  R.T.D. by and through R.D. and M.D. requested special education and related services beyond the 2009-2010 ESY summer period.  The Prior Written Notice ("PWN") dated June 28, 2010 stated that services would end at the conclusion of the 2009-2010 ESY summer period.  The PWN also stated that R.T.D. had received transition services to allow him to transition to post-secondary activities.  <u>See</u> Exhibit 3, attached hereto.

On June 30, 2010, R.T.D. by and through his Parents R.D. and M.D. filed a request for impartial due process hearing.  R.T.D. by and through his Parents R.D. and M.D. sought continued special education and related services after the end of the 2009-2010 ESY summer period.  <u>See</u> Exhibit 3, attached hereto.

On July 1, 2010, Act 163 took effect.  Act 163, provided that a person is not eligible to attend a public school if he or she is 20 years old or over on the first instructional day of the school year.  <u>See</u> Exhibit 3, attached hereto.

On September 16, 2010, R.T.D. by and through his Parents R.D. and M.D. filed Petitioners' Motion for Summary Judgment.  On September 16, 2010, Defendant filed Respondent's Motion to Dismiss or in the Alternative for Summary Judgment.  A hearing on the motions was held on October 1, 2010.  <u>See</u> Exhibit 3, attached hereto.

On October 26, 2010, the OAH issued an Order Granting Respondent's Motion to Dismiss or in the Alternative for Summary Judgment.  <u>See</u> Exhibit 3, attached hereto.

On November 4, 2010, R.T.D. by and through his Parents R.D. and M.D. filed a complaint appealing the OAH Order in the United States District Court, District of Hawaii (CV10 00641 SOM).  <u>See</u> Exhibit 4, attached hereto.

3.    *<u>B.P.</u>*

B.P.'s date of birth is January 7, 1989.  B.P. turned 20 years old on January 7, 2009.  B.P. was eligible for and received special education and related services while in Defendant's K-12 education system.  <u>See</u> Exhibit 5, attached hereto.

On June 30, 2010, B.P. by and through her Parent M.P. filed a request for impartial due process hearing.  B.P. by and through her Parent M.P. sought a continuation of special education and related services.  See Exhibit 5, attached hereto.

On July 1, 2010, Act 163 took effect.  Act 163, provided that a person is not eligible to attend a public school if he or she is 20 years old or over on the first instructional day of the school year.  See Exhibit 5, attached hereto.

On October 1, 2010, Defendant filed Respondent's Motion to Dismiss or in the Alternative for Summary Judgment.  A hearing was held on the motion on October 15, 2010.  See Exhibit 5, attached hereto.

The OAH issued an Order Granting Respondent's Motion to Dismiss or in the Alternative for Summary Judgment on October 25, 2010.  See Exhibit 5, attached hereto.

On November 5, 2010, B.P. by and through her Parent M.P. filed a complaint appealing the OAH Order in the United States District Court, District of Hawaii (Civil No. CV10 00643 DAE).  See Exhibit 6, attached hereto.

4.    *C.B.*

C.B. was born on June 21, 1989.  C.B. turned 20 years old on June 21, 2009.  C.B. has been diagnosed with Autism, was found to be eligible for

and received special education and related services while in Defendant's K-12 education system.  <u>See</u> Exhibit 7, attached hereto.

An IEP meeting was held on June 23, 2009, to discuss further educational services for C.B.  Following the IEP meeting on June 23, 2009, it was determined by C.B.'s IEP team that it was not necessary or appropriate to provide C.B. with further special education and related services because he had the functional and academic skills necessary for transition to the noncompetitive work force.  C.B.'s special education and related services ended on July 24, 2009.  <u>See</u> Exhibit 7, attached hereto.

C.B. by and through his Parent N.B. filed a request for due process hearing on July 23, 2009.  C.B. through N.B. sought further special education and related services after July 24, 2009.  <u>See</u> Exhibit 7, attached hereto.

On May 6, 2010, the OAH issued Findings of Fact, Conclusions of Law and Decision.  OAH found that C.B. by and through his Parent N.B. had failed to show that C.B. continues to require special education and related services.  OAH specifically found, "Even 10 more years of special education services would not make Student self-sufficient or be able to be part of the competitive work force, and Student will always need some form of supervision."  The administrative decision also found that C.B. by and

through his Parent N.B. failed to prove that Defendant denied special education and related services solely due to C.B.'s age.  See Exhibit 7, attached hereto.

On May 27, 2010, C.B. by and through his Parent N.B. filed a complaint in the United States District Court that appealed the OAH decision of May 6, 2010 (Civil No. CV10 00317 DAE/LEK).   See Exhibit 8, attached hereto.  Oral argument on the appeal of the administrative decision is currently scheduled before Judge David E. Ezra on December 13, 2010.  See Exhibit 9, attached hereto.

## II.   POINTS OF AUTHORITY

Class action law suits are representative suits brought on behalf of groups of persons who are similarly situated but who may or may not be parties to the suit.  See Federal Rules of Civil Procedure ("FRCP"), Rule 23. Class members who are not parties to a class action suit nevertheless are bound by the judgment in the suit, and due process is satisfied, if the absent members' interests are adequately represented by the class members who are present. *Hansberry v. Lee,* 311 U.S. 32, 42-43, 61 S.Ct. 115, 118-19, 85 L.Ed. 22 (1940); *see* FRCP, Rule 23(a)(4).

The question of class certification is a preliminary question distinct from the merits of the case. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178

(1974).  As the Supreme Court pointed out in *Eisen,* when "determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met."[1]

A two step process is created by FRCP Rule 23 to determine if a class action may be maintained.  The first step is a review of the following four criteria:

> 1. the class is so numerous that joinder of all members is impractical;
> 2. there are questions of law or fact common to the class;
> 3. the claims and defenses of the representative parties will fairly and adequately protect the interests of the class; and
> 4. the representative parties will fairly and adequately protect the interests of the class. [Emphasis added.]

See FRCP Rule 23(a).

All four of these criteria must be met.  In re American Medical Systems, Inc., 75 F.3d 1069, 1079 (6th C.A. 1996).

---

[1] As the merits of the case are not presently before the Court, this memorandum will not address the underlying merits of the Complaint.  However, Defendant brings to the Court's attention that there is a difference between public school education (Defendant's K-12 educational system) and adult and community education (authorized by Hawaii Revised Statutes § 302A-432).  The Court already considered the alleged discrimination claim based upon the existence of the two systems in B.T. by and through his Mother Mary T. v. Department of Education, State of Hawaii, C.V. No. 08-00356 DAE-BMK.  During the hearing on motions for summary judgment filed by both parties, the Court indicated that the two systems were two separate systems.  Further, as noted in Exhibits 1, 3, and 5, the record before OAH included declarations from principals of Adult and Community Schools that stated that their programs were available to all students and not just non-disabled students.

If all four criteria are met, a class action under FRCP Rule 23(b) may be maintained if the case falls into one of the following three categories of class action lawsuits:

1.  prosecuting separate actions by or against individual class members would create a risk of:
    a.  inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
    b.  adjudications with respect to individual class members that, as a practical matter would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
2.  the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunction relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
3.  the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:
    a.  The class members' interest in individually controlling the prosecution or defense of separate actions;
    b.  The extent and nature of any litigation concerning the controversy already begun by or against class members;
    c.  the desirability or undesirability of con-

centrating the litigation of the claims in
the particular forum; and

c.      the likely difficulties in managing a class
action.

Courts have held that the plaintiff has the burden of proving that the

action is appropriately a class action.  See Demarco v. Edens, 390 F. 2d 836,

845 (C.A.N.Y. 1968) and Rossin v. Southern Union Gas Co., 472 F.2d 707,

712 (C.A. 10, 1973).

## III.   **ARGUMENT**

Defendant submits that Plaintiffs have failed to meet their burden of

proving that the four criteria established by FRCP, Rule 23 have been met.

Further, Defendant submits that Plaintiffs allegations that this action falls

within the category described by FRCP, Rule 23(b)(2) is without evidence or

support.

*1.      Plaintiffs must exhaust their administrative remedies before
pursuing any claims under the Individuals with Disabilities
Education Act in the lawsuit.*

Part of Plaintiffs claims appear to be premised upon matters that are

covered by the Individuals with Disabilities Education Act ("IDEA").  In

fact, all four named Plaintiffs have filed requests for impartial hearing and

are in the process of going through the administrative and judicial process

established by the IDEA.  There are administrative decisions on all four

requests for impartial due process hearing and there are four appeals

currently pending in the United States District Court, District of Hawaii in Civil No. CV10 00644 KSC (R.P.-K.), Civil No. CV10 00641 SOM (R.T.D.), Civil No. CV10 00643 DAE (B.P.) and Civil No. CV10 00317 DAE/LEK (C.B.).  A review of the administrative decisions in those cases which are attached as Exhibits 1, 3, 5 and 7 demonstrates that R.P.-K., K.D. and B.P. are making similar if not identical claims in their requests for impartial hearing and in their complaints filed in United States District Court, District of Hawaii appealing those administrative decisions.

Further, a review of the decision in C.B. demonstrates that the Hearing Officer found that C.B. would not benefit from further educational services.  This determination by OAH is being challenged in Civil No. CV10 00317 DAE/LEK.  This determination regarding C.B.'s ability to benefit from further educational services is part of the definition of the class provided in this lawsuit.  Thus, the ruling on the appeal will impact C.B.'s ability to participate in this lawsuit.

Defendant submits that the requests for impartial hearing filed by or on behalf of Plaintiffs C.B., R.P.-K, K.D. and B.P. must reach a final decision, before the Court can allow Plaintiffs to proceed with this class action lawsuit.  The IDEA provides:

> Nothing in this title shall be construed to restrict
> or limit the rights, procedures, and remedies

available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973 or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this part, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this part.

See 20 U.S.C. §1415(l).

The Ninth Circuit Court of Appeals provided the following explanation of this requirement:

[P]laintiffs must exhaust administrative remedies before filing a civil lawsuit if they seek relief for injuries that could be redressed to any degree by the IDEA's administrative procedures.

See *Kutasi v. Las Virgenes Sch. Dist.,* 494 F.3d 1162, 1163 (9th Cir.2007).

The Ninth Circuit Court of Appeals has also held:

Because Huson is required to exhaust his administrative remedies, the district court lacked jurisdiction to hear his other claims.

See *Witte v. Clark County Sch. Dist.,* 197 F.3d 1271, 1274 (9th Cir.1999).

Here, in C.B., Civil No. CV10-00317 DAE/LEK, Plaintiffs raised Act 163 as an issue in their Opening Brief. Further, Plaintiffs also raised the following issues in their opening brief: 1) the IDEA requires Defendant to provide special education and related services to eligible students until the age of 22 because the Department offers high school equivalency diploma

programs in adult education to non-disabled students, and 2) the Defendant

obtained funds from the U.S. Department of Education based on a

representation that it provided special education and related services to

students until age 22.  See Exhibit 10.

In Civil No. CV10 00644 KSC, R.P.-K. raised the following claims:

1.      The Hearing Officer erroneously determined that the

Request for Impartial Due Process Hearing failed to meet

any of the criteria for which a due process complaint may

be filed.

2.      The Hearing Officer erroneously applied Act 163, 2010

Session Laws.  Providing special education and related

services to age 22 is consistent with Hawaii law and

practice.

3.      The Hearing Officer's determination that Defendant was

not required to continue to offer a free appropriate public

education to R.P.-K. after age 20 is erroneous because

Defendant offers programs to students without

disabilities who are over 20.

4.      The Hearing Officer erroneously determined that

Defendant adequately disclosed the age limit imposed by

Act 163 in its application for federal IDEA funding.

5.      Defendant's refusal to provide special education and

related services until the 22nd birthday while allowing

non-disabled students to pursue programs is a violation

of Title II of the Americans with Disabilities Act.

6.      Defendant's refusal to provide special education and

related services until the 22nd birthday while allowing

non-disabled students to pursue programs is a violation

of Section 504 of the Rehabilitation Act.

In Civil No. CV10 00641 SOM, R.T.D. raised the following claims:

1.      The Hearing Officer erroneously determined that he

lacked authority or subject matter jurisdiction over the

issues presented in the request for impartial due process

hearing.

2.      The Hearing Officer erroneously applied Act 163, 2010

Session Laws.  Providing special education and related

services to age 22 is consistent with Hawaii law and

practice.

3.      Defendant's refusal to provide special education and
related services until the 22nd birthday while allowing
non-disabled students to pursue programs is a violation
of Title II of the Americans with Disabilities Act.

4.      Defendant's refusal to provide special education and
related services until the 22nd birthday while allowing
non-disabled students to pursue programs is a violation
of Section 504 of the Rehabilitation Act.

5.      Based upon representations made to the federal
government, Defendant is estopped from claiming it has
the right to terminate special education and related
services at age 20.

See Exhibit 4.

In Civil No. CV10 00643 DAE, B.P. raised the following claims:

1.      The Hearing Officer erroneously applied Act 163, 2010
Session Laws.  Providing special education and related
services to age 22 is consistent with Hawaii law and
practice.

2.      The Hearing Officer erroneously determined that
Defendant was not required to continue special education

and related services through age 22 because Defendant offers programs to students without disabilities who are over 20.

3.      Defendant's refusal to provide special education and related services until the 22nd birthday while allowing non-disabled students to pursue programs is a violation of Title II of the Americans with Disabilities Act.

4.      Defendant's refusal to provide special education and related services until the 22nd birthday while allowing non-disabled students to pursue programs is a violation of Section 504 of the Rehabilitation Act.

5.      Based upon representations made to the federal government, Defendant is estopped from claiming it has the right to terminate special education and related services at age 20.

See Exhibit 6.

In this complaint, C.B., R.P.-K., R.D. and B.P. raised the following claims:

1.      Alleged violation of the IDEA

2.     Alleged violation of Title II, of the Americans with

Disabilities Act.

3.     Alleged violation of Section 504, of the Americans with

Disabilities Act.

4.     Alleged estoppel (related to information provided by

Defendant to the United States Department of

Education.).

Thus, C.B., R.P.-K., R.D. and B.P. have raised similar, if not identical

claims in the individual administrative proceedings and the complaints

appealing those administrative decisions as they have raised in these

proceedings.

The administrative appeal process is different from the process to be

followed in this case.  In an administrative appeal, there is an established

record that will be filed with the Court and can only be supplemented with

the authorization of the Court.  Further, there is no provision for discovery in

administrative appeals.  Finally, there will be oral argument presented to the

Court and no evidentiary trial.

In this lawsuit, there is no record, except for the pleadings filed to

date.  Further, full discovery, as allowed by the Federal Rules of Civil

Procedure is available to the parties in this lawsuit.   Finally, an evidentiary

trial will be held to determine the record to be considered by the Court in rendering a decision.

This creates a situation rife with potential uncertainty and potential confusion. The records on each appeal must be kept separate from the record on this case, particularly where the administrative record that will be filed with the Court contains educational records of the named Plaintiffs. To avoid confusion based upon what is in the respective record, the simplest approach is to not allow the cases to be consolidated and to allow the administrative appeals of the requests for impartial due process hearings filed by C.B., R.P.-K., R.D. and B.P. to be completed. This will require that the decision on Plaintiffs' Motion for Certification of Class Action be deferred until there is a final decision on the four administrative appeals.

With regards to Plaintiff Hawaii Disability Rights and its clientele and the unidentified class members, there is no evidence that Hawaii Disability Rights or any of these unnamed and unidentified parties have exhausted their administrative remedies. As discussed above, exhaustion of administrative remedies is required, thus neither Hawaii Disability Rights and its clientele or the unidentified class members can be allowed to proceed with this action until they can demonstrate the exhaustion of their administrative remedies.

As cited above, this Court should find that Plaintiffs must exhaust their administrative remedies, which would require a final decision, before they may proceed with this lawsuit.  Since Plaintiffs continue to pursue their administrative remedies, this Court should not consider or grant Plaintiffs' Motion for Certification of Class Action until there is a final decision on each of the administrative proceedings and the administrative remedies of C.B., R.P.-K., R.D. and B.P. have been exhausted.

2.      *Plaintiffs failed to meet the requirements of FRCP, Rule 23(a)(1).*

FRCP, Rule 23(a)(1) does not provide any specific number of individuals that is necessary to meet the numerosity requirement.  However, there is case law that has established 40 as the minimum amount needed for a class action lawsuit.

In *Thomas v. Christopher,* 169 F.R.D. 224, 237 (D.D.C.1996) (reversed in part on other grounds) the court stated, "Although Rule 23 requires no minimum number of class members, numerosity is generally satisfied by a proposed class of at least 40 members."

Further, in *Frazier v. Consol. Rail Corp.,* 851 F.2d 1447, n. 10 (D.C.Cir.1988) the court stated, "We are aware of no appellate decision reversing a district court's denial of class certification on grounds of inadequate numerosity where fewer than 40 prospective members exist."

The Ninth Circuit Court of Appeals has not ruled on this issue. However, in Tietz v. Bowen, 695 F.Supp. 441, 445 (N.D. Cal. 1987) the District Court did hold that 27 plaintiffs did meet the numerosity requirements.

Here, there are only four named and identified individual plaintiffs. This is subject to the argument presented below that C.B. should not be a member of this class until the pending appeal in Civil Number CV10-00317 DAE/LEK has been resolved. This would leave a total of three named plaintiffs.

Plaintiffs rely upon Hawaii Disability Rights Center and unidentified potential members of the class that it purports to represent to meet the numerosity requirement. This is based upon the declaration of John Dellera that states that there are thousands of potential parties, based solely upon the number of special education eligible students in the State of Hawaii.

Defendant submits that Mr. Dellera's declaration neglects to mention the following facts:

1.     Some special education eligible students receive high school diplomas. If a special education eligible student receives a high school diploma, special education and related services end, regardless of their age. See 34 C.F.R. §300.102. Some of the special education eligible students

referred to in Mr. Dellera's declaration may have received diplomas and be ineligible for further special education and related services.  Without the identification of the individuals, Defendant submits Plaintiffs have failed to meet their burden.

2.     As students age out of Defendant's K-12 education system, some special education eligible students are transitioned into post high school educational programs.  These would include colleges, community colleges, trade schools, and other educational entities.  Some of the students referred to in Mr. Dellera's declaration may have already made this transition to post high school educational programs and may not want to continue to receive services in a K-12 education setting.  Without the identification of the individuals, Defendant submits Plaintiffs have failed to meet their burden.

3.     As students age out of Defendant's K-12 education system, special education eligible students are transitioned from public schools into employment or adult programs.  Some of the students referred to in Mr. Dellera's declaration may have already made this transition or may want to make the transition from public or private schools to employment or adult programs instead of continuing to receive services in a school setting.

Without the identification of the individuals, Defendant submits Plaintiffs have failed to meet their burden.

4.     Special education eligible students over the age of 18 are also eligible for adult support and services from the Department of Health. Special education eligible students over the age of 18 may also be eligible for social security benefits.  These services and/or benefits may be sufficient for some of the special education students referred to in Mr. Dellera's declaration who may not want to pursue further education in schools. Again, without the identity of these individuals, Defendant submits Plaintiffs have failed to meet their burden.

5.     Some of the special education eligible students over the age of 20, on the first instructional day of the school year or their parents or guardians may not want to receive further special education and related services in a school setting.  Without the identification of the individuals, Defendant submits Plaintiffs have failed to meet their burden.

6.     Some of the special education eligible students referred to in Mr. Dellera's declaration who are over the age of 20 on the first instructional day of the school year may be disabled to such an extent that further educational services will not provide any benefit.  In such cases, there would be no reasonable purpose in providing additional special education and

related services in schools. As discussed below regarding C.B., for such students it would be neither necessary nor appropriate to continue to provide further special education and related services, regardless of the student's age. Without the identity of the students, Defendant submits that Plaintiffs have failed to meet their burden.

Thus, Mr. Dellera's declaration must be viewed as too speculative and indefinite for the court to rely on in determining the size of the potential class. We would also point out to the Court that Hawaii Disability Rights Center represents parents on administrative hearings and has staff that attends IEP meetings to assist parents of special education eligible students. In fact, Hawaii Disability Rights Center represented the four identified students in the administrative proceeding and represents the four identified students in judicial proceedings, including these proceedings. Despite the fact that Hawaii Disability Rights Center represents parents in due process hearings and assists parents in IEP meetings, they have only identified four individuals that wish to participate in this purported class action. Defendant submits that the lack of named individuals is telling and in and of itself is a reason for the court to deny Plaintiffs' motion.

Based upon this record and in the absence of a showing of actual alleged harm, Defendant submits that Hawaii Disability Rights Center and

24

the unidentified members of the class alluded to in Mr. Dellera's declaration should not be considered in determining numerosity.  All Plaintiffs have established is that for the 2010-2011 school year, there were four individuals who were allegedly impacted by Act 163 and believe they should be entitled to further special education and related services.  This number is insufficient to meet the requirements of FRCP Rule 23(a).

For these reasons, Defendant submits that the Court should find that Plaintiffs failed to meet this requirement in FRCP Rule 23(a) and deny Plaintiffs' motion.

a.   <u>C.B. does not meet the requirements of this class.</u>

C.B. does not meet the requirements of this class because OAH has already determined that he would not benefit from further educational services.  In the OAH Findings of Fact, Conclusions of Law, and Decision dated May 6, 2010, the Hearing Officer stated:

> In this case, Student's IEP team did not agree with Mother that Student needed further special education services because Student already had the academic and social skills needed to be part of the non-competitive work force.  As testified by the ACT, Student had plateaued and was not making a significant amount of educational progress from the middle of 2008 to the middle of 2009.  Even 10 more years of special education services would not make Student self-sufficient or be able to be a part of the competitive work force, and Student will always need some form of supervision.

<u>See</u> Exhibit 4, attached hereto.

The OAH decision was appealed by C.B., by and through his Mother N.B.  Oral argument on the appeal is scheduled for December 17, 2010.  If the OAH decision is affirmed, C.B. does not meet the stated qualifications for this class.

Moreover, C.B. does not meet the requirements of the class because at the time of his IEP team's decision that further services were not necessary, Act 163 had not even been submitted to the legislature.

For these reasons, even if a class action is authorized C.B. should be excluded from the class until there is a final decision on the appeal.

3.  *Plaintiffs failed to meet the requirements of FRCP Rule 23(a)(2).*

Rule 23(a)(2) requires that there be common questions of law or fact. Defendant submits that although there may be some common questions of law, because each of the potential members of the class are special education eligible students, each has special or unique needs that impact upon the application of the law, any commonality would be outweighed.

The United States Supreme Court has held:

> The class-action was designed as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682 700-01,

99 S.Ct. 2435, 2557-2558, 61 L.Ed.2d 176.  Class
relief "is peculiarly appropriate" when the "issues
involved are common to the class as a while"
and when they "turn on questions of law applicable
in the same manner to each member of the class."
Id.  At 701, 99 S.Ct. at 2577.  For in such cases,
"the class-action device saves the resources of
both the courts and the parties by permitting an
issue potentially affected in every [class member]
to be litigated in an economical fashion under
Rule 23."

See General Tel. Co. v. Falcon, 457 U.S. 147, 155, 102 S.Ct. 2364, 2369, 73
L.Ed.2d 749 (1982).

This case does not meet the description provided by the Supreme

Court.  The four named defendants all have factual differences that make the

application of law different for each of them.  For example, as discussed

above, it has already been factually determined that C.B. would not benefit

from further education.  If that administrative determination is upheld upon

the pending appeal, that would make C.B.'s factual case and application of

the law completely different from the other cases.

Further, each of the three remaining Plaintiffs has their own unique

special needs that differ from each other.  This is demonstrated by the fact

that each of them has their own IEP that is developed based upon their own

strengths and needs. Once again, the application of law may differ as to each

individual Plaintiff and their individual special needs.

For these reasons, the Court must find that Plaintiffs have failed to meet their burden of proving that they meet the requirements of FRCP 23(a)(2).

### 4.  *Plaintiffs failed to meet the requirements of FRCP Rule 23(a)(3).*

Rule 23(a)(3), FRCP requires that the claims and defenses of the representative party be typical of the claims or defenses of the class.

Courts defined typical claims as reasonably co-extensive with those of absent class members and not substantially identical.  See Hanlon v. Chrysler Corporation, 150 F.3d 1011, 1020 (9th Cir. 1998).  Although the Ninth Circuit Court of Appeals found typicality in Hanlon, other Courts of Appeals have found that typicality did not exist where there were factual differences between the representative claims or where a court was required to make individualized determinations in order to establish a defendant's liability to class members.  See Danvers Motor Co., Inc. v. Ford Motor Co., 543 F.3d 141, 150 (3rd Cir. 1008), Jones v. Takaki, 38 F.3d 321, 323-324 (7th Cir. 1994) and Love v. Turlington, 733 F.2d 1562, 1564 (11th Cir. 1980)

Here, due to the individualized nature of special education cases, there is no typicality of claims or defenses.  Each of the named Plaintiffs and any unnamed potential members of the class has unique and special needs.

Any determination by the Court regarding those unique and special needs would hinge upon the facts of each individual.  Further, due to the failure to specifically identify other potential class members, it is unknown what those claims might be and what potential defenses might be available to Defendant.

For example, in C.B., the administrative decision found that 10 years of additional educational services would not make C.B. self-sufficient. Under those circumstances, requiring Defendant to continue to provide special education and related services until C.B. was 22 years old would not be reasonable.

As stated by Judge David A. Ezra in his Order Denying Defendant's Motion for Summary Judgment in <u>B.T. v. Department of Education, State of Hawaii</u>, 08-00356 DAE-BMK:

> This Court wants to be clear, however, that this court is <u>not</u> saying that in every case, in every instance, Hawaii schools must provide educational services to disabled students through 21 years old. The IDEA leaves a student's IEP team with the primary responsibility for developing and implementing educational programs for disabled students and allows IEP teams to provide special education and related services in the manner and location that they consider appropriate.  <u>20 U.S.C.A. § 1414(d)</u>. This Court will not usurp that role in deciding when a student would benefit from more services.  But because Hawaii schools provide education through 21 years old for general education students, it must

> provide a FAPE for overage special education
> students when the IEP so recommends.

<u>See</u> Exhibit 10, pages 18 to 19.

Further, as discussed above in Argument Section 2, there are multiple defenses that may apply as to the unidentified members of the class.  Unless the names of the individuals are provided, Defendant will not be able to determine if any of these potential defenses apply.  These defenses include but are not limited to the following: 1) whether the individual received a diploma, 2) whether the individual or his/her parent/guardian wants to continue to receive special education and related services, 3) whether the individual has successfully transitioned to work or adult programs and no longer needs special education and related services, and 4) whether the individual would benefit from further special education and related services. Until the names of the members of the class are provided, Defendant cannot determine which of the potential defenses may apply.

For these reasons, the Court should find that Plaintiffs failed to prove they meet the requirement of typicality.

5. *Plaintiffs failed to meet the requirements of FRCP Rule23(a)(4).*

Rule 23(a)(4) FRCP requires proof that the representative parties will adequately protect the interests of the class.  Again due to the special and

unique needs of each potential member of the class, the potential for conflict is great as the special and unique needs of some potential class members may conflict with the desires and special and unique needs of the representative parties.

The Ninth Circuit Court of Appeals has held:

> To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them.  *See Hansberry v. Lee*, 311 U.S. 32, 42-43, 61 S.Ct. 115, 85 L.Ed. 22 (1940).  Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interests with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?  [Citation omitted.]

See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998)

Here, the four named parties have conflicting needs which creates the potential for conflict.  For example, there is an administrative determination that C.B. would not benefit from further educational services.  If that decision is affirmed, the interests of C.B. would conflict with the interests of R.P.-K., R.T.D. and B.P. since the allegation is that these three Plaintiffs would benefit from further educational services.

Due to the individual needs of each of the three remaining Plaintiffs, it is possible that further conflict may develop during the course of their

administrative appeals or in this litigation.  For example, one of the three Plaintiffs may not benefit from further education or one of the named Plaintiffs on their administrative appeal may have arguments available to them that might take them out of the class.  If for example, one of the class Plaintiffs is entitled to further educational services based upon the specific facts of his or her case, this would create a conflict between that individual Plaintiff and the remaining Plaintiffs.

For these reasons, Defendant submits that Plaintiffs have failed to establish that they meet the requirements of FRCP Rule 23(a)(4).

6. *Plaintiffs have failed to establish that they meet the requirements of FRCP Rule 23(b)(2).*

While Plaintiffs may allege that they meet the requirements of FRCP, Rule 23(b)(2), Defendant submits that since each of the named Plaintiffs is a special education eligible student with unique needs, injunctive or declaratory relief for the class as a whole would be inappropriate.

Rule 23(b)(2), FRCP provides:

> the party opposing the class has acted or refused
> to act on grounds that apply generally to the class,
> so that final injunctive relief or corresponding
> declaratory relief is appropriate respecting the class
> as a whole;

Defendant has taken uniform action based upon Act 163 in the cases of R.P.-K, R.D. and B.P.  C.B. was decided before Act 163 became effective

and as discussed above, should not be considered a member of the prospective class.  R.P.-K., R.D. and B.P. have special and unique needs that differ from each other as well as from the unidentified Plaintiffs.  Whether each named and unnamed Plaintiff is in fact entitled to further special education and related services, even if the Court finds that Defendant is required to continue to provide further special education and related services to special education students over the age of 20 on the first instructional day of the school year, rests with an individual determination of the student's IEP team.  Further, each special education eligible student has his or her own unique IEP team.  As cited above in Argument Section 3, Judge Ezra has already stated in <u>B.T. v. Department of Education, State of Hawaii</u> that any decision regarding the need for special education services rests with the IEP team and not the Court.

Finally, as discussed above in Argument Sections 2 and 3, unless the identity of the individual members of the class are provided, Defendant will be unable to determine what defenses may apply or if relief is appropriate as to members of the class as a whole.

Thus, the Court should find Plaintiffs failed to prove that the requirements of <u>FRCP Rule 23(b)(2)</u> have been met.

## IV. __CONCLUSION__

For the reasons stated above, Defendants submit that Plaintiffs have failed to meet their burden to have this case certified as a class action. Defendants respectfully request that this honorable Court deny Plaintiffs' motion or in the alternative, defer a ruling on it until after Plaintiffs' administrative remedies have been exhausted.

DATED: Honolulu, Hawai`i, December 13, 2010.


/s/ Steve K. Miyasaka
STEVE K. MIYASAKA
JOANNA B.K.F. YEH
HOLLY T. SHIKADA
Deputy Attorneys General

Attorneys for Defendants
DEPARTMENT OF EDUCATION,
STATE OF HAWAI`I

386126_1.DOC

34

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| R.P.-K., through his parent C.K., R.T.D., through his parents R.D. and M.D., B.P., through her parent M.P., and C.B., through his parent N.B., for themselves and on behalf of a class of those similarly situated, and the HAWAII DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its clients and all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAIʻI,<br><br>        Defendants. | CIVIL NO. CV10-00436 DAE (Other Civil Action)<br><br>CERTIFICATE OF WORD COUNT |

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.5, I hereby certify that the font used in the

Memorandum in Opposition to Motion to Certify Class Action was Times

New Roman, the font size was 14 and the computer generated word count is

6,777 words, exclusive of Case Caption, Table of Contents, Table of

Authorities, Declaration, Exhibits, Certificate of Word Count, and

Certificate of Service.

DATED:  Honolulu, Hawai`i, December 13, 2010.


/s/ Steve K. Miyasaka
STEVE K. MIYASAKA

Attorney for Defendants
DEPARTMENT OF EDUCATION,
STATE OF HAWAI`I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| R.P.-K., through his parent C.K., R.T.D., through his parents R.D. and M.D., B.P., through her parent M.P., and C.B., through his parent N.B., for themselves and on behalf of a class of those similarly situated, and the HAWAII DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its clients and all others similarly situated,<br><br>      Plaintiffs,<br><br>   vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAIʻI,<br><br>      Defendants. | CIVIL NO. CV10-00436 DAE (Other Civil Action)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the dates and methods of service noted below, a true and correct copy of Defendants' Memorandum in Opposition to Motion to Certify Class Action was served on the following at their last known address:  Served electronically through CM/ECF:

MATTHEW C. BASSETT mattbassettesq@gmail.com
JOHN P. DELLERA jdellera@hawaiidisabilityrights.org
HAWAIʻI DISABILITY RIGHTS CENTER

386126_1.DOC

PAUL ALSTON palston@ahfi.com
JASON H. KIM jkim@ahfi.com
ALSTON HUNT FLOYD & ING

Counsel for Plaintiffs

DATED:  Honolulu, Hawai`i, December 13, 2010.


/s/ Steve K. Miyasaka
STEVE K. MIYASAKA

Attorney for Defendants
DEPARTMENT OF EDUCATION,
STATE OF HAWAI`I

2