PAUL ALSTON                1126
JASON H. KIM               7128
ALSTON HUNT FLOYD & ING
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:     palston@ahfi.com
            jkim@ahfi.com

JOHN P. DELLERA            6602
MATTHEW C. BASSETT         6443
HAWAI'I DISABILITY RIGHTS CENTER
900 Fort Street, Suite 1040
Honolulu, Hawai'i 96813
Telephone:  (808) 949-2922
Facsimile:  (808) 949-2928
E-mail:     john@hawaiidisabilityrights.org
            mattbassettesq@gmail.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| R.P.-K., through his parent C.K., R.T.D., through his parents R.D. and M.D., B.P., through her parent M.P., and C.B., through his parent N.B., for themselves and on behalf of a class of those similarly situated, and the HAWAII DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its clients and all others similarly situated,<br><br>                Plaintiffs,<br><br>        vs.<br><br>DEPARTMENT OF EDUCATION, | CIVIL NO. CV10 00436 DAE-KSC (Other Civil Action)<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF [15] MOTION FOR CLASS CERTIFICATION, FILED 9/24/10;** CERTIFICATE OF SERVICE<br><br>DATE:   January 31, 2011<br>TIME:   9:45 a.m.<br>JUDGE:  David A. Ezra |

State of Hawaiʻi,

        Defendants.

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF [15] MOTION FOR CLASS CERTIFICATION, FILED 9/24/10**

## I.    INTRODUCTION

This Court should certify the class proposed by Plaintiffs pursuant to FRCP Rule 23(b)(2) over Defendant the Department of Education of the State of Hawai`i's ("DOE") objections. Plaintiffs have established that the proposed class satisfies all four requirements of Rule 23(a) and that certification is appropriate under Rule 23(b)(2). The DOE's objections to class certification have no merit.

Specifically, Plaintiffs have proven numerosity, common issues of law and fact, typicality, and adequate representation:

- While it is true that *some* putative class members may not want or need additional special education or been provided alternative services, the DOE has not shown that the number of such individuals is so large as to defeat numerosity;

- The DOE admits that there are common issues of fact and law – the fact that such issues allegedly do not predominate over individual issues is irrelevant to certification under Rule 23(b)(2); and

- With the possible exception of C.B.,[1] the DOE has not shown that any of the named plaintiffs claims are atypical of the class or that the named plaintiffs would not be adequate representatives of the class because of alleged conflicts.

Furthermore, no failure to exhaust administrative remedies precludes certification of a class here.  Class members are not required to exhaust their administrative remedies because resort to such remedies would be futile.  The administrative process is complementary to this class action and not in conflict with it.  This class action will decide if the DOE can deny a free appropriate public education to disabled students under the Individuals with Disabilities Education Act ("IDEA") *solely* because they are turned 20 before the first instructional day of the school year, while individual administrative appeals may resolve the separate issue of whether class members are otherwise entitled to continued special education based on their individual circumstances and needs.

In this class action, Plaintiffs are seeking to essentially invalidate a state law – Act 163 – as it applies to all special education students in Hawai`i who

---

[1] The Court is considering C.B.'s appeal from a due process decision in Civ. No. 10-00317 DAE-LEK, which could resolve issues in a way that C.B. would not be a proper class representative.  Although the DOE is not asserting Act 163 as a defense, it is also possible that his claim may turn on estoppel or the DOE's practice regarding the admission of students without disabilities to high school equivalency classes.  In either event, C.B. would be a proper class representative.

turn 20 before the first instructional day of the school year (but are less than 22). This is undoubtedly a paradigmatic case for class certification under Rule 23(b)(2).

## II. ARGUMENT

### A. Plaintiffs Have Satisfied the Requirements of Rule 23(a)

#### 1. Numerosity

As the DOE admits, courts have found the numerosity requirement satisfied where there as few as 27 class members. Opp. at 21, *citing Tietz v. Bowen*, 695 F. Supp. 441, 445 (N.D. Cal. 1987). To prove that the proposed class is numerous, Plaintiffs submitted the DOE's own data generated in another case which shows that, in the 2008-09 school year, there were over 1,000 special education students in the 12th grade. It is reasonable to infer that many if not most of these students desire to continue special education beyond the age of 20 or that they may wish to do so if the DOE is required to do a better job of offering instruction that meets their needs.

The DOE does not take issue with these numbers. Rather, the DOE argues that some members of the putative class may no longer be eligible for or may not desire additional special education, because they have obtained their high school diplomas or been transitioned into alternative educational or vocational programs. The DOE obviously has data about the specific number of students that fall into these categories but has tellingly refused to provide it in connection with its Opposition. It is the DOE and not Plaintiffs that rely on speculation.

For the DOE's argument to defeat numerosity, the Court would have to believe that ***almost all*** special education students receive regular high school diplomas (and no merely "certificates of completion") or are provided alternative placements at or near reaching the age of 20. There is no reason to believe that this is the case, especially given the DOE's decades-long history of struggling to meet its obligations under the IDEA. "When the exact number of class members cannot be ascertained, the court may make common sense assumptions to support a finding of numerosity." *Susan J. v. Riley*, 254 F.R.D. 439, 458 (M.D. Ala. 2008). Here, the Court may make a common sense assumption that more than 27 of the over thousand students receiving special education in the twelfth grade still wish to receive special education past the age of 20 and have not graduated or been provided an alternative educational or vocational placement.

**2.     Common Issues of Law and Fact**

The DOE admits that "there may be some common questions of law." Opp. at 26. This is all that is required to satisfy Rule 23(a)(2)'s commonality requirement, which is "minimal." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Indeed, it is evident that there are several issues of fact and law common to the class, as set forth in the list in Plaintiffs' Memorandum in Support at page 20. The DOE's argument that individual issues predominate over common ones is both incorrect, as set forth below, and also irrelevant to Rule 23(a)(2) or to

class certification under Rule 23(b)(2) generally. The predominance requirement is only relevant to Rule 23(b)(3), which is not at issue here.

### 3. Typicality

To the extent the DOE has chosen not to assert Act 163 as a defense to C.B.'s pending appeal of the DOE's administrative decision to this Court (and will not use Act 163 in the future to terminate his special education services if he prevails on that appeal), Plaintiffs agree that he no longer have any interest in this case (as opposed to the appeal of the DOE's administrative decision, which raises separate issues).[2] The DOE will assert Act 163 against the other three named plaintiffs. Thus, the claims of these plaintiffs are typical of the claims of the class.

The DOE argues that the named plaintiffs' claims are not typical of the class claims because of the "individualized nature of special education cases" and because each class member "has unique and special needs." Opp. at 28. The fact that IDEA cases raise individualized issues and that class members have

---

[2] C.B. would still have an interest in this action if, for example, the Court rules in his due process appeal that he would not benefit from further education. *See B.T. v. Department of Education,* 637 F. Supp.2d 856, 866 (D. Haw. 2009) (eligibility for special education depends upon whether "a student would benefit from more services"). In that event, C.B.'s claim to a continued education could generally be typical of the class claim under the Americans With Disabilities Act and the Rehabilitation Act since he would assert that he is treated unequally as compared to non-disabled students who are not required to prove any continued benefit as a condition of receiving a free education.

varying needs, while true, is irrelevant to this action. Plaintiffs seek only declaratory and injunctive relief prohibiting the DOE from terminating special education services *solely* on the basis of Act 163's age limit. If Plaintiffs are successful, the result will not be that all class members are automatically entitled to continued special education until they reach the age of 22. Rather, each class member will be required to establish their entitlement to such services under the IDEA and the DOE will be able to assert any applicable defense other than Act 163. To the extent there is any dispute about any class member's individual entitlement to continuing special education, such dispute can be resolved through the existing process for administrative appeals.

The DOE's argument regarding typicality appears to misunderstand the nature of Plaintiffs' claims here. When properly understood, the named plaintiffs' claims (with the possible exception of C.B.'s) are "reasonably co-extensive with those of absent class members," *Hanlon*, 150 F.3d at 1120, in that all class members have an interest in litigating the validity of Act 163 as a necessary (although not always sufficient) condition of their receipt of special education services and the typicality requirement is therefore satisfied.

### 4. Adequate Representation

The DOE argues that the named plaintiffs are not adequate representatives because of some unspecified conflicts that may arise due to their

differing needs.  The prospect of conflict is entirely manufactured by the DOE.  Regardless of their individual needs, there is no reason to believe any named plaintiff will compromise the class's interest in the adjudication of the overarching Act 163 issues to increase that named plaintiffs' ability to meet his or her individual special education needs.  The DOE has not shown that any of the named plaintiffs other than C.B. has any unique claims, defenses, or issues that may distract them from the Act 163 issues, much less that any named plaintiffs have any interest actually "antagonistic" to that of the class.  *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).  The named plaintiffs and their counsel will therefore adequately represent the class.

### B. The Availability of Potential Administrative Remedies Does Not Preclude a Class Action Here.

Exhaustion of administrative remedies is not required "if it would be futile … or if the agency has adopted a policy or pursued a practice of general applicability that is contrary to the law." *N.D. v. Hawaii Dep't of Education*, 600 F.2d 1104, 1110 (9th Cir. 2010) (internal citation omitted).  Here, both these exceptions apply.

First, as the DOE's own exhibits show, the DOE hearings' officers have in all three cases in which they have faced the issue held that Act 163 is sufficient to terminate the appellant's entitlement to continued special education services.  DOE Exhibits "1," "3," and "5."  Requiring class members to go through

the administrative process to litigate this issue again and again would be futile and waste the time and resources of the class member, DOE, and hearings officer.

Second, Act 163 is a "policy or practice of general applicability" that Plaintiffs contend is contrary to law. Act 163 on its face has no exceptions and there is no reason to believe that the DOE will not apply Act 163 uniformly to all recipients of special education services who attain the age of 20 before the first instructional day of the school year. Again, litigating the valid of Act 163 through individual appeals is inefficient, wasteful, and will not accomplish anything.

Relatedly, the DOE's request that this class action be stayed until the resolution of R.P.-K., R.T.D., and B.P. pending appeals of the DOE's administrative determinations to this Court gets the applicable law backwards. It is the appeals that should be stayed pending this class action and not *vice versa*. This Court has inherent authority to impose a stay to "efficiently and economically control its docket." *Landis v. North American Co.*, 299 U.S. 248, 255, 57 S. Ct. 163, 167 (1936). This authority may be used to stay a case where the court finds that it is "efficient for its own docket and the fairest course for the parties to enter a stay in an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Specifically, an individual action may be stayed in favor of a class action that involves some of the same issues. *See, e.g. Young v. Kelly*, 1993

WL 389250 at * 1 (W.D.N.Y. 1993) ("federal courts retain inherent discretion and power to stay or dismiss a suit even by non-class members in deference to a pending class action, in order to prevent interference with the orderly administration of the class action and avoid a risk of inconsistent adjudications"); *Swergold v. Lifetime Corp.*, 1993 WL 512905 at * 4 (S.D.N.Y. 1993) (granting motion to stay individual action where pending class action raised similar issues); *Schwarz v. Prudential-Bache Securities*, 1991 WL 137157 at * 1 (E.D. Pa. 1991) ("To suspend litigation, so that when it resumes, it is in accord with the result of another suit … which may substantially affect it or even be dispositive – is an eminently proper basis for exercising the discretion to stay.")  The DOE has presented no authority for staying a class action in favor of an individual appeal of an administrative determination that raises the same issues.

        Indeed, as the DOE admits, the Court's review of the DOE's administrative determinations will be limited to the facts in the administrative record, with no discovery or additional evidence adduced at trial.  Opp. at 18.  It makes no sense for a court to rule on the validity of Act 163 based on such limited information where this class action is available as a vehicle to conduct discovery and present additional evidence to the Court critically relevant to the validity of Act 163, such as the extent to which the DOE continues to provide public education to non-disabled students over 20, the extent to which the DOE's adult

education program is accessible to disabled individuals, and whether the DOE made misrepresentations to the United States Department of Education to obtain DOE funding.

The requirement of exhaustion of administrative remedies does not apply here. Therefore, it is no bar to certifying a class to litigate the validity of Act 163.

C. **This Case is Appropriate for Certification Pursuant to Rule 23(b)(1) and (2).**

Certification under Rule 23(b)(2) is also appropriate. The section allows certification of a class where the "party opposing the class has acted or refused to act on grounds generally applicable to the class." As set forth above, Act 163 purports to impose an absolute age limit on education in the public schools and on its face has no exceptions. Presumably, the DOE will enforce Act 163 as written and therefore the DOE will act "on grounds generally applicable to the class." Indeed, the DOE admits that it "has taken uniform action based upon Act 163 in the cases of R.P-K., R.T.D., and B.P." Opp. at 32. The only reason C.B. was treated differently was because his appeal "was decided before Act 163 became effective." *Id.*

For similar reasons, Rule 23(b)(1) provides an alternative basis for certification. Subsection (b)(1) allows certification of a class where "prosecuting separate actions by or against individual class members would create a risk of:

(A) inconsistent or varying adjudications with respect to class members that would establish incompatible standards of conduct for the party opposing the class." Here, the DOE is obliged to treat similarly-situated disabled students equally.  If, as the DOE suggests, the validity of Act 163 should be adjudicated through numerous individual appeals of administrative decisions, it is possible that the courts in this district may come to differing conclusions about Act 163 and establish incompatible standards of conduct for the DOE.

The DOE's argument that this class is not appropriate for certification under Rule 23(b)(2) is based on the DOE's willful mischaracterization of Plaintiffs' claims.  As set forth above, this case seeks only to adjudicate the validity of Act 163.  A decision finding that Act 163 is inconsistent with the IDEA would not entitle class members to automatic, unconditional eligibility for continued special education.  Therefore, the individualized needs of the class members are largely irrelevant to this action and a class should be certified pursuant to Rule 23(b)(2).

## III.   CONCLUSION

For the foregoing reasons, in addition to the reasons presented in Plaintiffs' Memorandum in Support, this Court should:

- Certify a class for final injunctive and declaratory relief pursuant to FRCP Rule 23(b)(1) and (2) defined as all individuals residing in the State of Hawai`i who over the age of 20 on or before the first instructional day of the school year (or who will imminently be over the age of 20 on that date) but under the age of 22 who are entitled to receive special

education and related services from Defendant the Hawai`i Department of Education under the Individuals With Disabilities Education Act;

- Appoint C.B., R.P.-K., R.T.D., and B.P. through their next friends and the Hawaii Disability Rights Center as class representatives; and

- Appoint Alston Hunt Floyd & Ing and the Hawaii Disability Rights Center as counsel for the class.

DATED: Honolulu, Hawai`i, December 20, 2010.


/s/ Jason H. Kim
JOHN P. DELLERA
MATTHEW C. BASSETT
PAUL ALSTON
JASON H. KIM
Attorneys for Plaintiffs