IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| R.P.-K., through his parents C.K.; R.T.D., through his parents R.D. and M.D.; and the HAWAII DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its clients and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>    Defendant.<br>_____ | ) CIVIL NO. 10-00436 DAE-KSC<br>)<br>) ORDER GRANTING IN PART AND<br>) DENYING IN PART<br>) PLAINTIFFS' MOTION (1) TO<br>) TRANSFER AND CONSOLIDATE<br>) CASES AND (2) TO MODIFY<br>) RULE 16 SCHEDULING ORDERS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION (1) TO TRANSFER AND CONSOLIDATE
<u>CASES AND (2) TO MODIFY RULE 16 SCHEDULING ORDERS</u>

Before the Court is Plaintiffs' Motion (1) to Transfer and Consolidate Cases and (2) to Modify Rule 16 Scheduling Orders, filed March 28, 2011.  On April 18, 2011, Defendant filed an Opposition.  Plaintiffs filed a Reply on April 25, 2011.  This matter came on for hearing on May 9, 2011.  Jason Kim, Esq., and John Dellera, Esq., appeared on behalf of Plaintiffs. Deputy Attorney General Steve Miyasaka appeared on

behalf of Defendant.

A.  Consolidation

Plaintiffs seek to consolidate this action with Civil Nos. 10-00641 LEK-RLP and 10-00644 LEK-KSC ("administrative appeals").  They assert that consolidation is appropriate because all three cases involve common questions of law or fact.  It is Plaintiffs' position that the administrative appeals should be decided in connection with this action because discovery is limited in administrative appeals; inconsistent decisions may result; judicial economy would be served; and consolidation would obviate the need for separate briefing and decisions in the administrative appeals.

Defendant opposes consolidation on the grounds that the handling of administrative appeals and regular civil litigation differs; that is, the administrative appeals will primarily be decided on the administrative record, while this action will involve discovery and the record will not be established until trial.

A district court has broad discretion under FRCP 42(a) to consolidate cases pending in the same district.  See Investors Research Co. v. United States District Court, 877 F.2d 777 (9th Cir. 1989); see also 9 Wright & Miller, Federal Practice and Procedure: Civil 2d § 2383.  Federal Rule of Civil Procedure 42(a) provides for consolidation "[w]hen actions involving a common question of law or fact are pending before the court . . . ."  Under this rule, the district court has broad discretion to consolidate cases pending in that district.  See Investors Research Co. v. United States Dist. Court, 877 F.2d 777 (9th Cir. 1989).  Such discretion, however, is not unfettered.  See Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990).  The court should weigh the time and effort that consolidation would save against any inconvenience, delay, or expense it would cause.  See Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).  In particular, the court should consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the

3

>     burden on parties, witnesses, and
>     available judicial resources posed by
>     multiple lawsuits, the length of time
>     required to conclude multiple suits as
>     against a single one, and the relative
>     expense to all concerned of the
>     single-trial, multiple-trial alternatives.

Johnson, 899 F.2d at 1285 (quoting Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)) (alterations in original).  The court may also consider whether potential prejudice from consolidation may be avoided through jury instructions and special verdict forms.  See id.  Ultimately, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." Id. (citing Flintkote Co. v. Allis-Chalmers Corp., 73 F.R.D. 463 (S.D.N.Y. 1977)).

    Rule 40.2 of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules") provides for consolidation where the cases

>     involve the same or substantially
>     identical transactions, happenings, or
>     events, or the same or substantially the
>     same parties or property or subject
>     matter, or the same or substantially
>     identical questions of law, or for any

> other reason said cases could be more
> expeditiously handled if they were all
> heard by the same judge, then the chief
> district judge or any other district judge
> appointed by the chief district judge in
> charge of the assignment of cases may
> assign such cases to the same judge.

Local Rule 40.2.

Here, consolidation is inappropriate.  Although the Court acknowledges that the 3 cases at issue involve common questions of law or fact, consolidation would not promote judicial economy nor the expeditious handling of the cases.  In fact, the Court believes that consolidation would probably interfere with and or impeded the orderly administration of justice under the present circumstances.  Civil Nos. 10-00641 LEK-RLP and 10-00644 LEK-KSC are administrative appeals, which are not only governed by a different standard of review, but which the Court handles very differently from a typical civil case that proceeds to trial.[1]  Based on the record before the Court, consolidation would

---

[1] At the Rule 16 Scheduling Conference, the Court sets a briefing schedule.  Following the filing of an opening brief, responsive brief, and reply brief, oral arguments are ordinarily held, then a decision issues.

5

needlessly prolong the disposition of the administrative appeals, as trial in this case will proceed well after decisions are issued in the administrative appeals.  Indeed, in Civil No. 10-00644 LEK-KSC, briefing will be completed by June 14, 2011, and Judge Kobayashi has scheduled oral arguments for July 25, 2011.  By contrast, trial in this case commences on October 25, 2011, assuming there are no continuances.

As an alternative, Plaintiffs' counsel suggested, at the hearing, that the cases be consolidated but that the administrative appeals be stayed pending the disposition of the instant action. This request is not properly before the Court. However, the Court notes that even if a stay would be imposed following consolidation, the Court would decline to consolidate.  It would make little sense to consolidate the cases only to then stay a portion of the litigation.

For the aforementioned reasons, the Court, in its broad discretion, denies the Motion to the extent

it seeks to consolidate this action with Civil Nos. 10-00641 LEK-RLP and 10-00644 LEK-KSC.  Neither is the Court able to consolidate Civil No. 10-00641 LEK-RLP with Civil No. 10-00644 LEK-KSC.  Defendant asserted that it would not object to the consolidation of the administrative appeals.  If the parties wish to consolidate said cases, they need to file a motion for Judge Puglisi's consideration.  If the administrative appeals are consolidated, Judge Puglisi will be the assigned magistrate judge, as the older case is the lead case following consolidation.

B.   Amendment of the Scheduling Order

Plaintiffs additionally seek to extend the May 25, 2011 dispositive motions deadline by 120 days, and to extend other deadlines as necessary.  A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the motion should be denied.  See Zivkovic v. S. Cal. Edison Co.,

7

302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent. See Johnson, 975 F.2d at 609.

In view of the recent class certification, the Court finds that Plaintiffs have established good cause for a short continuance of the dispositive motions deadline. However, because trial is scheduled for October 25, 2011, a 120 day extension is excessive. Instead, the Court will extend the deadline to July 8, 2011. An extension beyond July 8, 2011, may not allow adequate time for the district judge to hear the dispositive motions prior to the trial date. Local Rule 7.3 ("Unless otherwise ordered by the court, all dispositive motions shall be heard no later than

thirty-five (35) days (five weeks) prior to the scheduled trial date.").

CONCLUSION

Based on the foregoing, the Court HEREBY GRANTS IN PART AND DENIES IN PART Plaintiffs' Motion (1) to Transfer and Consolidate Cases and (2) to Modify Rule 16 Scheduling Orders, filed March 28, 2011.  The Motion is GRANTED to the extent that the dispositive motions deadline is continued to July 8, 2011.  The balance of the Motion is DENIED.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, May 9, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge


CV 10-00436 DAE-KSC; R.P.-K., et al. v. DEPARTMENT OF EDUCATION; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION (1) TO TRANSFER AND CONSOLIDATE CASES AND (2) TO MODIFY RULE 16 SCHEDULING ORDERS