IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| R.P.-K., through his parent C.K., R.T.D., through his parents R.D. and M.D., and the HAWAII DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its clients and all other similarly situated,<br><br>    Plaintiffs,<br><br> vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>    Defendant. | Civ. No. 10-00436 DAE/KSC |

ORDER DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION WITHOUT PREJUDICE

On July 11, 2011, the Court heard Plaintiffs' Motion for a Preliminary Injunction ("Motion"). Jason H. Kim, Esq., appeared at the hearing on behalf of Plaintiffs, Deputy Attorney General Carter K. Siu appeared at the hearing on behalf of Defendant Department of Education ("Defendant" or "DOE"). After reviewing the motion as well as the supporting and opposing memoranda, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for a Preliminary Injunction. (Doc. # 44.)

BACKGROUND

The named Plaintiffs in this case—excluding Plaintiff Hawaii Disability Rights Center ("HDRC")—are disabled individuals who are or had been eligible for special education under the Individuals with Disabilities Education Act ("IDEA"). In this litigation Plaintiffs are challenging the validity of Act 163 of the Session Laws of Hawaii for 2010 ("Act 163") arguing it is an invalid attempt at circumventing this Court's holdings in B.T. v. Dep't of Educ., 637 F. Supp. 2d 856 (D. Haw. 2009) (hereinafter "B.T. I"), B.T. v. Dep't of Educ., Cv. Nos. 08-00356 DAE-BMK, 09-00059 DAE-BMK, 2009 WL 4884447 (D. Haw. Dec. 17, 2009) (hereinafter "B.T. II"), and B.T. v. Dep't of Educ., Cv. No. 08-00356 DAE-BMK, 2008 WL 3891867 (D. Haw. Aug. 21, 2008) (hereinafter "B.T. III"). Plaintiffs here seek an injunction "requiring the DOE to continue to provide until the conclusion of this litigation educational and related services to K.K., M.W., A.C.K., K.C., and M.L. and to all other members of the Plaintiff class who have qualified for Extended School Year services" notwithstanding Act 163. ("Mot.," Doc. # 44, at 25.)

I.    *B.T.* and Act 163

The IDEA requires each state to provide a free appropriate public education ("FAPE") to "all children with disabilities . . . between the ages of 3 and

21, inclusive . . . ." 20 U.S.C. § 1412(a).  This Court determined that federal eligibility for special education and related services therefore ends on a student's twenty-second birthday.  B.T. I, 637 F. Supp. 2d at 863–64 n.9.  States, however, may impose different age restrictions provided those same limitations are applied to general education students as well.  20 U.S.C. § 1412(a)(1)(B) ("The obligation to make [FAPE] available to all children with disabilities does not apply with respect to children . . . aged 3 through 5 and 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice . . . ."); see also B.T. I, 637 F. Supp. 2d at 863 ("The State is only allowed to deviate from the requirements of the IDEA if there is a clear State law that says otherwise.").

In B.T., Plaintiff B.T. was a severely autistic twenty-year-old.  B.T. I, 637 F. Supp. 2d at 859.  He argued that extending a FAPE to the age of twenty-two was consistent with Hawaii law and that the DOE's policy of terminating special education services at the age of twenty was invalid given the terms of the IDEA.  See id. at 862–65.  The Court agreed.  Specifically the Court focused on the "nature of the practice of Hawaii's schools toward students 20 years or older" and found that "Defendant has approved every single overage general education student and barred almost every single overage special education student."  Id. at

865. Accordingly, "Hawaii [had denied] these students a meaningful education." Id. at 865–66. Hawaii therefore was "enjoined from implementing a per se rule denying special education services based solely on [the students] attaining the age of 20." Id. at 866. The Court subsequently granted summary judgment, in part, for Plaintiff B.T. B.T. II, 2009 WL 4884447, at *9. The State of Hawaii did not appeal this Court's ruling.

Since then, however, the State of Hawaii has passed Act 163 which amended Haw. Rev. Stat § 302A-1134(c) to impose a twenty year age limit on all admissions to public high school. See Haw. Rev. Stat. § 302A-1134(c). Specifically, the statute states:

> No person who is twenty years of age or over on the first instructional day of the school year shall be eligible to attend a public school. If a person reaches twenty years of age after the first instructional day of the school year, the person shall be eligible to attend public school for the full school year.

Id. Plaintiffs assert that while Act 163 imposes an age limit of 20 for attendance at a public school, the DOE continues to provide a public education to students over the age of 20 through the CB (competency-based) and GED (General Education Development) high school equivalency programs (collectively "adult education programs"). (See id. at 11.) A special education student, according to Plaintiffs,

4

cannot therefore be denied a FAPE on the grounds that he or she has "aged-out" of IDEA eligibility per Act 163.  (See id. at 12.)

II.     Movants

The Movants with respect to the instant Motion are not the named Plaintiffs, but instead are class members—disabled individuals now or imminently between the ages of 20 and 22 who have been receiving special education and related services, including extended school year services ("ESY"), from the DOE under the IDEA.  (Mot. at 1.)  Each has been told they will not receive services beyond this school year on the basis of Act 163 alone.

III.    Procedural History

On July 17, 2010, Plaintiffs filed their Class Action Complaint for Declaratory and Injunctive Relief.  (Doc. # 1.)  On September 24, 2010, Plaintiffs filed a Motion to Certify Class.  (Doc. # 15.)  On March 15, 2011, the Court issued an Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification.[1]  (Doc. # 31.)  On June 23, 2011, the Plaintiffs filed the instant Motion for Preliminary Injunction.  (Doc. # 44.)  On July 1, 2011, Defendant filed

---

[1] Specifically, the Court certified the class but determined that two of the named plaintiffs were ineligible to be class members or representatives.  (Doc. # 31 at 2.)

its Opposition. ("Opp'n," Doc. # 48.) On July 5, 2011, Plaintiffs filed their Reply. ("Reply," Doc. # 49.)

STANDARD OF REVIEW

"[I]njunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008). To obtain a preliminary injunction, the moving party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 365 (citing Munaf v. Geren, 128 S. Ct. 2207, 2218–19 (2008); Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987); Weinberger v. Romero-Barcelo, 456 U.S. 305, 311–12 (1982)); see also Stormans, Inc. v. Selecky, 586 F.3d. 1109, 1126–27 (9th Cir. 2009) (applying heightened standard mandated by Winter). "'[S]erious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can [also] support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). A district court has great discretion in determining whether to grant or to deny a temporary restraining order

or a preliminary injunction.  See <u>Wildwest Inst. v. Bull</u>, 472 F.3d 587, 589–90 (9th Cir. 2006); <u>see also</u> <u>Lopez v. Heckler</u>, 713 F.2d 1432, 1435 (9th Cir. 1983) ("At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury.  At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor.") (internal citations omitted).

## DISCUSSION

Plaintiffs advance multiple theories challenging Act 163.  The theories include: (1) Violation of the IDEA (Compl. ¶¶ 31–36); (2) Violation of Title II (<u>Id.</u> ¶¶ 37–41); (3) Violation of Section 504 (<u>Id.</u> ¶¶ 42–46); and (4) Estoppel (<u>Id.</u> ¶¶ 47–50).  To prevail on these claims, Plaintiffs must demonstrate that the DOE uses Act 163 as a means of denying special education students a FAPE beyond the age of twenty while simultaneously ushering general education students of the same age into adult education programs to complete their secondary education.[2]

---

[2] It is worthy of note that the term "adult education" appears in the IDEA. Specifically, the IDEA requires that every IEP created after the child becomes sixteen years of age must also include a statement of "appropriate measurable post-secondary goals based upon age appropriate transition assessments related to training, education, employment and, where appropriate, independent living skills" as well as the "transition services . . . needed to assist the child in reaching those
(continued...)

See B.T. II, 2009WL 4884447, at *8 (granting summary judgment in part because the DOE, in practice, allowed "a [general education] student to attend school after 20 years of age" while uniformly prohibiting special education students the same opportunity).

The Court finds that the instant Motion is premature. While Plaintiffs have demonstrated that Act 163 is used to deny special education students a FAPE beyond the age of twenty, there is no evidence yet on the record to suggest that the DOE has adopted a practice whereby general education students of the same age are allowed to continue their secondary education in adult education programs with regularity. See B.T. I, 637 F. Supp. 2d at 865–66 (focusing on the "nature of the practice of Hawaii's schools towards students 20 years or older" and finding that "Defendant has approved every single overage general education student and barred almost every single overage special education student"). Without this evidence, the Court cannot conclude that Plaintiffs have satisfied their heavy

---

[2](...continued)
goals." 20 U.S.C. § 1414(d)(1)(A)(i)(VIII)(aa),(bb). Transition services "means a coordinated set of activities for a student with a disability that . . . is designed with an out-come oriented process, which promotes movement from school to post-school activities, including . . . continuing and adult education . . . ." Id. § 1401(34) (emphasis added).

burden with respect to their Motion for a Preliminary Injunction.  Specifically, Plaintiffs have not demonstrated a likelihood of success on the merits.

At the Hearing, the parties represented to the Court that depositions will be conducted by the end of the month which should reveal the number of general education students enrolled in adult education between the ages of twenty and twenty-two.  Once concluded, Plaintiffs are invited to refile the instant Motion if their theories of liability are supported by evidence.  Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for a Preliminary Injunction.

## CONCLUSION

For these reasons, the Court the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for a Preliminary Injunction.  (Doc. # 44.)

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 12, 2011.



David Alan Ezra
United States District Judge

R.P.-K, et al.. v. Department of Education, Civ. No. 10-00436 DAE/KSC; ORDER DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION WITHOUT PREJUDICE