IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| R.P.-K., etc., et al.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION,<br>State of Hawaiʻi,<br><br>    Defendants. | CIVIL NO. CV10 00436 DAE-KSC<br>(Other Civil Action)<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

**MEMORANDUM IN SUPPORT OF MOTION**

**I.    INTRODUCTION**

Plaintiffs are entitled to summary judgment on Count I of their Complaint for relief under the Individuals With Disabilities Education Act ("IDEA").  The IDEA requires Defendant the Department of Education of the State of Hawaiʻi ("DOE") to provide the members of the Plaintiff Class a free appropriate public education ("FAPE") until they reach the age of 22, unless doing so would be "inconsistent with state law or practice ... respecting the provision of public education to children in those age ranges."  20 U.S.C. § 1412(a)(1)(B).

The State of Hawaiʻi attempted to limit the Plaintiff Class's eligibility for services under the IDEA by enacting Act 163 in 2010 (codified as HRS

786227v1

§ 302A-1134(c)).  Act 163 purports to terminate eligibility for education in the "public schools" for students who are twenty years of age or over on the first day of the school year.

As set forth below, however, based on the undisputed admissions of the DOE, the DOE does have a practice of allowing students between the ages of 20 and 22 to continue their education in the community schools, despite the passage of Act 163.  Indeed, hundreds of students in that age range are currently working towards a high school equivalency diploma in the DOE's community schools.  For this reason, Plaintiffs are entitled to judgment as a matter of law on their IDEA claim.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *B.T.* and Act 163

The IDEA requires each state to provide a free appropriate public education ("FAPE") to "all children with disabilities ... between the ages of 3 and 21, inclusive ...."  20 U.S.C. § 1412(a).  States may impose different age restrictions only if those same limitations are applied to general education students as well.  20 U.S.C. § 1412(a)(1)(B).

In *B.T. v. Department of Education,* this Court enjoined the State of Hawai`i from denying special education services based solely on a student's attaining the age of 20.  The Plaintiff in *B.T.* had argued that extending a free

appropriate public education ("FAPE") to age 22 would be consistent with Hawai`i law and practice and that an administrative rule of the DOE that terminated special education services at age 20 was therefore inapplicable.

This Court granted a preliminary injunction because regular education students over 20 could obtain a public education if (i) they met the age limits upon entering the ninth or tenth grade, (ii) they received a waiver from the school principal, or (iii) they pursued their secondary education in the adult education program. *B.T. v. Department of Education,* Civil No. 08-00356 DAE-BMK, Doc. # 22, 2008 WL 3891867 at *5 (D. Haw. Aug. 21, 2008). In granting summary judgment in favor of Plaintiff, the Court found that the DOE, in practice, allowed "a [general education] student to attend school after 20 years of age" while not providing special education students that same opportunity. *B.T. v. Department of Education*, 2009 WL 4884447, at *9 (D. Haw. Dec. 17, 2009).

Act 163 – the State law upon which the DOE relied in eliminating services to the Plaintiff class – purports to impose a 20-year age limit on admission to public school. HRS § 302A-1134(c). As explained further below, Act 163 addressed only two of the three options this Court recognized by which overage students could continue their secondary education. General education students are still allowed to pursue secondary education in the DOE's adult education program.

### B. Procedural History

The individual Plaintiffs filed their Complaint on July 27, 2010, complaining, among other things, that the DOE denied them a FAPE under the IDEA because they had reached the age of twenty on or before the first instructional day of the school year. Plaintiff Hawaii Disability Rights Center ("HDRC") sues in a representative capacity on behalf of its constituents whom the DOE deems ineligible to receive a FAPE because they are older than 20 years of age.

Plaintiffs allege they are eligible for services through age 21 (until their 22nd birthday) under the IDEA, 20 U.S.C. § 1412(a). Paragraphs 19-22 of the Complaint allege that a provision in the IDEA enabling States to reduce eligibility for special education for students 18 through 21 is inapplicable in Hawai`i because the DOE allows and encourages students 18-22 to complete their high school education by pursuing a program of secondary education in the DOE's adult education program. HRS § 302A-433(3).

The Complaint asserts four claims for relief: (1) Defendant's failure to provide special education and related services to students with disabilities between the ages of 20 and 22 violates the IDEA; (2) Defendant violates Title II of the Americans With Disabilities Act by failing to accommodate Plaintiff Class members between the ages of 20 and 22 who wish to pursue a secondary education

in Defendant's adult education program and who need special education and related services to receive a meaningful benefit therefrom; (3) Defendant violates Section 504 of the Rehabilitation Act of 1973 by failing to accommodate Plaintiff Class members who are between the ages of 20 and 22 who wish to pursue a secondary education in the DOE's adult education program and who need special education and related services to receive a meaningful benefit therefrom; and (4) Defendant is estopped from failing to provide Plaintiffs with a FAPE until they are 22 years of age because of representations that it would do so in applications for IDEA funding submitted to the U.S. Department of Education in 2008, 2010, and 2011.  This motion seeks summary judgment only as to the first claim for relief under the IDEA.

   Plaintiffs filed a motion for temporary restraining order and preliminary injunction on July 30, 2010.  Doc. # 6.  The motion was withdrawn on August 2, 2010 on the basis of the DOE's agreement to continue services and educational placement for plaintiffs R.P.-K. and R.T.D. during the pendency of any administrative or judicial proceeding regarding a due process hearing under 34 C.F.R. § 300.507.  Doc. # 10-1.

   A motion to certify the Plaintiff Class was filed on September 24, 2010, Doc. # 15, and granted in part on March 15, 2011.  Doc. # 31.  The Plaintiff Class was certified to include:

> All individuals residing in the State of Hawai'i who [are] over the age of 20 on or before the first day of the school year (or who will imminently be over the age of 20 on that date) but under the age of 22 who are entitled to receive special education and related services from Defendant the Hawai'i Department of Education under the Individuals With Disabilities Education Act.

Doc. # 31 at 2; *R.P.-K. et al. v. Department of Education,* 272 F.R.D. 541, 543 (D. Haw. 2011).

### C. Plaintiffs' Motion for Preliminary Injunction

On June 23, 2011, Plaintiffs moved for a preliminary injunction requiring the DOE to continue providing special education and related services to six named class members and others who qualify for Extended School Year services. *See* 34 C.F.R. § 300.106; H.A.R. § 8-60-7. Doc. # 44. The motion was denied without prejudice on July 12, 2011. Doc. # 53. The Court stated "that the instant Motion is premature" because "there is no evidence yet on the record to suggest that the DOE has adopted a practice whereby general education students of the same age are allowed to continue their secondary education in adult education programs with regularity." *Id.* at 8. The Court contrasted the record in this case with that in *B.T. v. Department of Education,* 637 F. Supp. 2d 856, 865-66 (D. Haw. 2009), where the evidence showed that in admitting students over 20 to regular high schools, "Defendant has approved every single overage general

education student and barred almost every single overage special education student." *Id.*

After the Court's ruling on Plaintiffs' Motion for Preliminary Injunction, Plaintiffs took the deposition of two representatives of the DOE pursuant to FRCP Rule 30(b)(6). As set forth below, those depositions demonstrate that there are no disputed issues of material fact as to the DOE's practice of allowing general education students between the ages of 20 and 22 to continue their secondary education in the DOE's adult education programs.

### III.   UNDISPUTED FACTS

The following material facts are undisputed:

- The DOE offers secondary education to adults through the GED and Competency-Based ("CB") diploma programs in its community schools. (Exh. "A" to Separate Statement and Exh. "B" to Separate Statement at 19:18 – 21:3.)

- As of the effective date of Act 163, **646** students between the ages of 21 and 22 were enrolled in an adult education program in the community schools: (a) 125 in the GED program; (b) 231 in the CB diploma program; and (c) the remainder in the English as a Second Language program or remedial programs who indicated a desire to eventually earn a GED or CB diploma. (Exh. "C" to Separate

Statement at 4:13-21 and 5:19-23 and Exh. "D" to Separate Statement.)

- Act 163 had no impact on the adult education program. No one enrolled in the GED or CB programs was disqualified because of Act 163. (Exh. "B" to Separate Statement at 15:20 – 16:1 and 59:20-25.)

- There are essentially no qualifications to participate in the GED or CB programs.[1] Although the DOE administers screening tests when a student applies, no student is prevented from participating in such programs because of a low score. Furthermore, even those students who demonstrate a lower-than-optimal level of competency are allowed to enroll in remedial classes to obtain the desired level of competency. (Exh. "B" to Separate Statement at 24:10 – 25:2, 25:22 – 26:17, 31:8 – 33:19, and Exh. "E" to Separate Statement.)

- Although nominal fees are charged to students in connection with the adult education program, the DOE's adult education program is almost entirely funded by state and federal money. (Exh. "B" to Separate Statement at 38:5 – 39:12 and 42:6-25.)

---

[1] For both programs, a student must be over the age of 18 or have been released from compulsory education. Furthermore, to graduate with a GED diploma, the student must have had some previous connection to a Hawai`i high school (with some exceptions). Neither of these qualifications is relevant to this case.

- Guidance counselors in the high schools advise students who "age out" of eligibility for high school to continue their education in the DOE's adult education program. (Exh. "C" to Separate Statement at 18:11 – 20:24.)

- The goal of the adult education diploma programs is to "ensure that the graduates are prepared for transitions to post secondary education and have the necessary skills to become productive members of Hawaii's economic workforce." (Exh. "B" to Separate Statement at 67:9-20 and Exh. "F" to Separate Statement.)

- No IDEA or special education services are available in the adult education program. Exh. "B" to Separate Statement at 62:2-19 and 65:18-25.

## IV.   ARGUMENT

### A.   Standard for Granting Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure requires summary judgment to be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP Rule 56(c); *see also Porter v. Cal. Dep't of Corrections,* 419 F.3d 885, 891 (9th Cir. 2005); *Addisu v. Fred Meyer, Inc.,* 198 F.3d 1130, 1134 (9th Cir. 2000).

A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.,* 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings. *Porter,* 419 F.3d at 891 (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986)). "[A]t least some 'significant probative evidence' " must be produced. *T.W. Elec. Serv.,* 809 F.2d at 630 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 290 (1968)). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu,* 198 F.3d at 1134.

Evidence and inferences must be construed in the light most favorable to the nonmoving party. *Porter,* 419 F.3d at 891. The court does not make credibility determinations or weigh conflicting evidence at the summary judgment

stage. *Id.* However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. *T.W. Elec. Serv.,* 809 F.2d at 631.

### B. Plaintiffs Are Entitled to Judgment as a Matter of Law on Their IDEA Claim.

The IDEA provides that a FAPE "is available to all children with disabilities ... between the ages of 3 and 21, inclusive...." 20 U.S.C. § 1412(a). Federal eligibility for special education and related services ends, therefore, when a student becomes 22. *B.T. v. Department of Education,* 637 F. Supp.2d 856, 863, fn.9 (D. Haw. 2009). States may impose age limitations, however, to the extent the same age limitations are applied to public education generally:

> The obligation to make [FAPE] available to all children with disabilities does not apply with respect to children –
>
> (i) aged 3 through 5 and 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice, or the order of any court, respecting the provision of public education to children in those age ranges....

20 U.S.C. § 1412(a)(1)(B).

Although Act 163 states that "no person who is twenty years of age or over on the first day of the school year shall be eligible to attend a ***public school***," (emphasis added), it is undisputed that the DOE has a practice of providing a

786227v1   11

*public education* to general education students over the age of 20, just as it did at the time of this Court's opinions in *B.T.*

Despite the enactment of Act 163, hundreds of students who were over the age of 20 on the first instructional day of the school year but who are under 22 are enrolled in the GED and CB diploma programs or remedial programs intended to prepare students to enroll in the diploma programs. Exh. "C" to Separate Statement at 4:13-21 and 5:19-23 and Exh. "D" to Separate Statement. Act 163 had no effect whatsoever on these programs. Exh. "B" to Separate Statement at 15:20 – 16:1 and 59:20-25.

Furthermore, the undisputed facts show that the GED and CB programs constitute "public education." By statute, the DOE is required to provide a program for adults to continue their secondary education. H.R.S. § 302A-433(3) (authorizing the DOE to establish "[a] program of secondary education for those adults who, in youth, left school or for some reason had their education curtailed and who now desire to continue their education"). Most of the funding for these programs comes from the government and students are charged only nominal fees. Exh. "B" to Separate Statement at 38:5 – 39:12 and 42:6-25. The programs are accessible to all who wish to benefit from them, regardless of their level of academic competency. Exh. "B" to Separate Statement at 24:10 – 25:2, 25:22 – 26:17, 31:8 – 33:19, and Exh. "E" to Separate Statement. The goal of these

programs is the same as the goal of the DOE's K-12 public education program: to prepare students for post secondary education and provide necessary vocational skills.  Exh. "B" to Separate Statement at 67:9-20 and Exh. "F" to Separate Statement.

Finally, in appropriate cases, the guidance counselors in the public high schools advise students who age-out of eligibility for high school that they may continue their education through the DOE's adult education program.  Exh. "C" to Separate Statement at 18:11 – 20:24.  *See* Doc. #53 at 7 ("To prevail on these claims, Plaintiffs must demonstrate that the DOE uses Act 163 as a means of denying special education students a FAPE beyond the age of twenty while simultaneously ushering general education students of the same age into adult education programs to complete their secondary education.")

While the record may show disabled students are not categorically barred from the DOE's adult education programs and some accommodations for their disabilities are available, these facts do not raise a dispute as to any *material* fact because the IDEA requires far more than nominal non-discrimination and reasonable accommodations.  It is undisputed that no IDEA or special education services are available in the adult education programs.  Exh. "B" to Separate Statement at 62:2-19 and 65:18-25.

Based on these undisputed facts, providing disabled students FAPEs until the age of 22 would not be inconsistent with any Hawai`i law or practice. Act 163 has not been interpreted to prevent the DOE's community schools from providing a public education to students between the ages of 20-22 and indeed, as a matter of practice, the DOE's community schools have offered a public education to hundreds of students in that age range since the enactment of Act 163. Plaintiffs are therefore entitled to FAPEs until they reach the age of 22 and Plaintiffs are entitled to judgment as a matter of law on their claim under the IDEA.

## V. CONCLUSION

For the foregoing reasons, the Court should enter judgment in favor of the Plaintiff Class and against the DOE on Count I of Plaintiffs' Complaint under the IDEA. The judgment should permanently enjoin the DOE from failing to provide the members of the Plaintiff Class with a free appropriate public education in accordance with the IDEA until their 22nd birthday.

DATED: Honolulu, Hawai`i, August 1, 2011.

/s/ Jason H. Kim
JOHN P. DELLERA
PAUL ALSTON
JASON H. KIM
Attorneys for Plaintiffs