IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| R.P.-K, through his parent, C.K., et al., | ) ) ) | CIVIL NO. 10-436 SOM/KSC |
| Plaintiffs, | ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AWARD OF |
| vs. | ) ) | COMPENSATORY EDUCATION AND APPOINTMENT OF SPECIAL |
| DEPARTMENT OF EDUCATION, State of Hawaii, | ) ) ) | MASTER; ORDER DENYING DEFENDANT'S MOTION FOR THE COURT TO DETERMINE THE |
| Defendant. _____ | ) ) ) | APPROPRIATE FORUM AND PROCESS FOR EVALUATING COMPENSATORY EDUCATION CLAIMS OF CLASS MEMBERS |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AWARD OF COMPENSATORY EDUCATION AND APPOINTMENT OF SPECIAL MASTER; ORDER DENYING DEFENDANT'S MOTION FOR THE COURT TO DETERMINE THE APPROPRIATE FORUM AND PROCESS FOR EVALUATING COMPENSATORY EDUCATION CLAIMS OF CLASS MEMBERS**

This case, originally assigned to the Honorable David Alan Ezra, concerns whether the State of Hawaii Department of Education ("DOE") wrongfully denied services under the Individuals with Disabilities Education Act ("IDEA") to individuals that the DOE viewed as having "aged out" of being eligible to receive services.

On March 15, 2011, Judge Ezra granted a motion to certify a class in this case. See ECF No. 31. In the same order he dismissed some of the purported class representatives. Id.

Judge Ezra subsequently ruled that the DOE was not required to provide services under the IDEA to class members. See ECF No. 123. Plaintiffs appealed that decision. See ECF No. 125.

In an order filed on August 28, 2013, the Ninth Circuit reversed Judge Ezra's decision in part, ruling that the DOE's reliance on a Hawaii statute to deny services under the IDEA was improper, and that individuals covered by the IDEA had not "aged out" at the age calculated by the DOE. See ECF No. 134.

On remand, the case was assigned to this judge because Judge Ezra was residing in another district. Before the court are what are essentially cross-motions concerning how the Ninth Circuit's decision should be implemented.

In an IDEA case, a court has the power to "grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). The Ninth Circuit has stated that, when a child is denied the Free Appropriate Public Education ("FAPE") contemplated by the IDEA, a court may provide additional services to "make up for lost time, as it may be a rare case when compensatory education is not appropriate to remedy an IDEA violation." R.P ex rel. C.P. v. Prescott Unified Sch. Dist., 631 F.3d 1117, 1125-26 (9th Cir. 2011).

Given the Ninth Circuit's determination that the DOE denied a FAPE to a class of individuals by determining that they had "aged out" when in actuality they remained eligible for services, this court now determines that the members of the class should receive compensatory services to make up for the services missed as a result of that improper determination of

ineligibility.  To the extent part of Plaintiff's motion seeks compensatory education, that portion is granted.

Both Plaintiffs and Defendant propose ways to address the DOE's IDEA violation.  While both sides raise the issue, both leave a great deal to the court in terms of logistics.  For that reason, to the extent Plaintiffs' motion seeks an order appointing a special master and the DOE's motion seeks an order leaving it to the DOE determine what services to provide to which individuals, both motions are denied.  Instead, this court orders certain initial determinations to be made before a final course of action is selected.

The parties are ordered to work with Magistrate Judge Kevin S.C. Chang concerning the following:

1) Determination of Class Members: as soon as practicable, but in no event later than September 22, 2014, the DOE must provide Plaintiffs' counsel with the name of every potential class member, accompanied by his or her last-known contact information.  The DOE must include the names and last-known contact information of all individuals who <u>might</u> have been affected by the DOE's "age out" calculation, including individuals that the DOE concludes may have opted not to receive services, such as drop outs and those with employment.  The DOE may provide names by grouping similarly situated individuals.

Magistrate Judge Chang will settle all disputes concerning the identification of class members;

    2)    Consideration of the DOE's ability to provide compensatory education to class members;

    3)    Identification of private service providers likely to be needed to provide compensatory education to class members and likely to be agreed to by the parties; and

    4)    Consideration of prompt class notification and of further class certification issues, with any modification of the existing class certification to be sought by motion(s) filed no later than October 31, 2014.

**The parties are directed to file status reports on the above matters by September 30, 2014.**

Once these initial matters are addressed, there will, of course, need to be further decisions on what procedure to follow to provide compensatory education to class members. This may ultimately mean that the DOE must propose a compensatory education package for every class member who desires one, or that a special master should be appointed to oversee that process. At this time, the court rules only that it is appropriate to

determine the scope of the class as well as the services that may be available to compensate class members for the DOE's violation of the IDEA.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 22, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

R.P.-K, et al. v. Dep't of Educ., State of Hawaii, Civ. No. 10-00436 SOM/KSC; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AWARD OF COMPENSATORY EDUCATION AND APPOINTMENT OF SPECIAL MASTER; ORDER DENYING DEFENDANT'S MOTION FOR THE COURT TO DETERMINE THE APPROPRIATE FORUM AND PROCESS FOR EVALUATING COMPENSATORY EDUCATION CLAIMS OF CLASS MEMBERS