IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| E.R.K, through his legal guardian, R.K., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>Defendant.<br>_____________________________ | ) | CIVIL NO. 10-00436 SOM/KSC<br><br>ORDER ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE ORDER DENYING REQUEST FOR INTERIM ATTORNEYS' FEES |

**ORDER ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE ORDER DENYING REQUEST FOR INTERIM ATTORNEYS' FEES**

This certified class action, originally filed in 2010, concerns whether the State of Hawaii Department of Education ("DOE") wrongfully denied services under the Individuals with Disabilities Education Act ("IDEA") to individuals that the DOE viewed as having "aged out" of being eligible to receive services. In an order filed on August 28, 2013, the Ninth Circuit, reversing a district court decision, ruled that the DOE's reliance on a Hawaii statute to deny services under the IDEA was improper, and that individuals covered by the IDEA had not "aged out" at the age calculated by the DOE. See ECF No. 134. On remand, the case was assigned to this judge because the previously assigned judge was residing in another district.[1]

---

[1]On February 27, 2012, the parties stipulated to the dismissal of R.P.-K, and the addition of E.R.K as the class representative. See ECF No. 114. The court therefore amends the caption in this case to reflect that dismissal and substitution.

On August 22, 2014, this judge determined that the members of the class should receive compensatory services to make up for the services missed as a result of the DOE's improper determination of ineligibility. See ECF No. 187. Since then, the parties have been working identify the members of the class. On February 18, 2016, the Magistrate Judge ordered the class closed in a thorough and well-reasoned order. See ECF No. 342. In so ruling, the Magistrate Judge noted that "overzealous and overreaching advocacy has resulted in unnecessary delay, lack of cooperation, and undeniably interfered with the orderly progress and efficient resolution of this action." Id., PageID #s 6309-10. The Magistrate Judge even reminded the parties of their professional obligations under applicable provisions:

> Rule 1 of the Federal Rules of Civil Procedure, which emphasizes a shared responsibility to cooperate and secure the just, speedy, and inexpensive determination of every action, and Section 11 of the Guidelines of Professional Courtesy and Civility for Hawaii Lawyers regarding settlement and alternative dispute resolutions.

Id., PageID # 6327.

On November 20, 2015, E.R.K. filed an interim motion for attorneys' fees, asking for $221,215.10 for attorneys' fees incurred by Alston Hunt Floyd & Ing, and $13,734.10 for attorneys' fees incurred by the Hawaii Disability Rights Center, representing fees incurred through the court's August 2014 order.

See ECF No. 292. E.R.K. sought fees under 20 U.S.C. § 1415(i)(3)(B) as the prevailing party in an IDEA case. See ECF No. 292-1, PageID # 3799.

The DOE's opposition of December 18, 2015, agreed that, pursuant to 20 U.S.C. § 1415(i), this court has the discretion to award reasonable attorneys fees to the prevailing party in an IDEA case. See ECF No. 303, PageID # 4710. The DOE did not dispute that E.R.K. was the prevailing party, but instead argued that the determination of the extent of the prevailing party status was premature because the class had not been determined and individualized compensatory education had not been awarded. The DOE therefore argued that the extent of the prevailing party status was in issue. Id., PageID # 4710-12.

On January 11, 2016, Magistrate Judge Kevin S.C. Chang issued Findings and Recommendation to Deny Without Prejudice Plaintiffs' Interim Motion for Attorneys' Fees ("F&R"). See ECF No. 316. That recommendation stated,

> Given that this action is still pending, and Plaintiffs will unquestionably file a subsequent motion for fees, the Court finds that judicial economy and the administration of justice will be served by addressing Plaintiffs' fee request at the conclusion of this action, or after meaningful progress has been made towards resolution or for the delivery of agreed-upon services to class members.

Id., PageID #s 5629-30.

On January 28, 2016, E.R.K. filed objections to the F&R. See ECF No. 327. As part of the objections, Paul Alston filed a declaration indicating that, since the court's August 22, 2014, and through December 31, 2015, Alston Hunt Floyd & Ing had done 2,773.9 hours of work, incurring $660,799.16 in fees. See ECF No. 327-1, PageID # 5711. For that same time period, Louis Erteschik indicates that the Hawaii Disability Rights Center did 168.8 hours of work, incurring $39,799.22 in fees. See ECF No. 327-2, ECF No. 5715.

This judge reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 74.2. In other words, this judge "review[s] the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirectTV, Inc., 457 F.3d 1001, 1005 (9th Cir. 2006).

This court adopts the F&R in part and modifies it in part without holding a hearing. See Local Rule 7.2(d). This court adopts the F&R to the extent that it refuses to examine the attorneys' fees in this case on a piecemeal basis. However, given the more than 5½ years since this case was initiated, and given the acknowledgment by the DOE that E.R.K. is the prevailing

party in this matter, the court believes that a one-time interim fee reimbursement is appropriate under 20 U.S.C. § 1415(i)(3)(B). The court declines to examine every bill or to do the lodestar calculation with respect to this motion. There appears to be no dispute that E.R.K. has incurred at least $100,000 in attorneys' fees that is awardable under 20 U.S.C. § 1415(i)(3)(B). The court therefore awards that amount to E.R.K., representing $95,000 for the fees of Alston Hunt Floyd & Ing and $5,000 for the fees of the Hawaii Disability Rights Center. These amounts, which are not at this point tied to specific work by specific individuals at specific rates, will be deducted from the total award of attorneys' fees under 20 U.S.C. § 1415(i)(3)(B). This award is intended to alleviate some of the pressure on E.R.K.'s attorneys, who have been carrying this case without compensation for a long time. Additional attorneys' fees will surely be awarded under § 1415(i)(3)(B), and the total award will exceed to some degree the $100,000 awarded here.

The court anticipates that E.R.K. will file another motion for attorneys' fees. Given the Magistrate Judge's labeling of the attorneys' conduct in this case as "overzealous and overreaching," see ECF No. 342, the court includes here some thoughts that may affect any such a motion. The court begins with the Supreme Court's warning that a "request for attorney's

fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

First, E.R.K. should limit any request to reasonable attorneys' fees incurred and must meet and confer with the DOE to explore settlement of the fees. This court hopes E.R.K. will exclude from any future motion instances **of** "overzealous and overreaching" work.

Second, in any motion for attorneys' fees, E.R.K. shall seek only reasonable hourly rates. The court cautions that the fees requested in the present motion may not reflect reasonable time spent on matters at reasonable hourly rates. See Dimitrion v. Morgan Stanley Home Loans, 2014 WL 4639130, *4, (D. Haw. Sept. 16, 2014); Yonemoto v. Dept. of Veterans Affairs, 2012 WL 1989818, *6 (D. Haw. June 1, 2012); Seven Signatures General Partnership v. Irongate Azrep BW LLC, 871 F. Supp. 2d 1040, 1053-54 (D. Haw. 2012); Eggs 'N Things Intl. Holdings PTE, Ltd. v. ENT Holdings LLC, 2012 WL 1231962, *1 (D. Haw. Mar. 20, 2012). If the amount of awardable fees is contested, the court is not likely to award the hourly rates approved of in the unopposed Findings and Recommendation in Eckerle v. Deutsche Bank Nat'l Trust, Civ. No. 10-00474 SOM-BMK, Doc. No. 74 (Mar. 14, 2012). Nor is the court likely to award 2016 rates for 2010 work.

Third, in any motion for attorneys' fees, the court is not likely to award compensation for time spent by staff other

than paralegals. See HRPT Props. Trust v. Lingle, 775 F. Supp. 2d 1225, 1239-40 (D. Haw. 2011) ("This Court does not compensate for the time expended by other professionals such as librarians, litigation specialists, litigation coordinators, or legal assistants, whose requested hourly rates exceed even the rates typically awarded to experienced attorneys in Hawaii.").

Fourth, in any motion for attorneys' fees, the court is likely to cut time for clerical or ministerial tasks performed by attorneys. Seven Signatures, 871 F. Supp. 2d at 1057. This may include such things as contacting potential class members via the telephone, unless E.R.K. demonstrates with respect to the calls that attorneys had to be the ones performing such work.

Fifth, a motion for attorneys' fees should not include duplicative fees. The court does not generally permit more than one attorney to bill for attending: (1) a meeting between co-counsel; (2) a client meeting; or (3) a meeting with opposing counsel. See HRPT Props., 775 F. Supp. 2d at 1240 ("duplicative time spent by multiple attorneys is non-compensable. The general rule is that two professionals cannot bill for attending the same meeting.").

Finally, any motion for attorneys' fees shall include timesheet descriptions that allow this court to determine the reasonableness of the work and should not contain block billing. See HRPT, 775 F. Supp. 2d at 1240; Local Rule 54.3.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 1, 2016.




/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

R.P.-K, et al. v. Dep't of Educ., State of Hawaii, Civ. No. 10-00436 SOM/KSC; ORDER ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE ORDER DENYING REQUEST FOR INTERIM ATTORNEYS' FEES