IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| E.R.K., by his legal guardian R.K.;<br>R.T.D., through his parents R.D. and<br>M.D.; HAWAI`I DISABILITY<br>RIGHTS CENTER, in a<br>representative capacity on behalf of<br>its clients and all others similarly<br>situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>DEPARTMENT OF EDUCATION,<br>State of Hawai`I,<br><br>　　　　　Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL 10-00436 SOM-KSC<br><br>ORDER REGARDING<br>IDENTIFICATION OF CLASS<br>MEMBERS |

**ORDER REGARDING IDENTIFICATION OF CLASS MEMBERS**

　　　　This court held two telephone conferences with counsel on May 18, 2016.  Both conferences were on the record.  As a result of this court's consideration of briefs filed in this case and discussions held with counsel, including but not limited to discussions during those two telephone conferences, this court orders the following:

　　　　1.  **List of Names:**  No later than **May 24, 2016**, Plaintiffs shall provide the Department of Education ("DOE") with a single list that includes all potential class members for whom Plaintiffs say they need dates of birth and/or

further contact information, including contact information for relatives or other people listed as the potential class members' points of contact in the DOE's Electronic Comprehensive Student Support System ("eCSSS") database.  (This order will sometimes refer to the individuals on the class member list to be provided by Plaintiffs' counsel as "Listed Class Members.")  The list to be provided by Plaintiffs shall not include (a) potential class members with whom Plaintiffs' counsel has already had oral communication, or (b) individuals who are known to be excluded from the class, including but not limited to individuals who have expressly declined to be in the class and any so-called "too young" individuals other than the "too young" individuals who have been expressly included in the class by the Magistrate Judge.  Because the DOE's obligations run from the date the DOE is provided with the names of Listed Class Members, Plaintiffs may want to provide those names earlier than the deadline, if possible.

2.  **Information from DOE:**  With respect to Listed Class Members for whom directory information is included in the DOE's eCSSS database, the DOE is ordered to provide from the eCSSS database all directory information described in Paragraph 3(a) and in Paragraph 3(b) of this order.  Such directory information shall be provided in the most readily attainable and cost-effective format, subject to the other provisions of this order.  With respect to the DOE's

obligations, this order is restricted to requiring information from the eCSSS database.

      3.  **Definition of "Directory Information":**  For purposes of this order, "directory information" is defined as including both (a) and (b) below:

      (a)  All information relating to a Listed Class Member's name, address, telephone number(s), electronic mail address(es), date and place of birth, dates of attendance, and last school attended.  Such information is included in the definition of "directory information" in 34 C.F.R. § 99.3, for which, pursuant to 34 C.F.R. § 99.37, notice is not required by the Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g).  Other matters included in 34 C.F.R. § 99.37 need not be provided by the DOE.

      (b)  The names, addresses, telephone numbers, and electronic mail addresses (to the extent included in the eCSSS database) for all family members or other individuals listed in the eCSSS database as potential contacts for any Listed Class Member.  For each contact person, the DOE shall indicate which Listed Class Member that contact person is connected to.

      4.  **First Category of "Directory Information":**  With respect to the directory information described in Paragraph 3(a) of this order, the DOE is directed to provide Plaintiffs' counsel with all such information no later than **14**

**calendar days from the date Plaintiffs give the DOE the names of Listed Class Members**, unless the content of all directory information described in Paragraph 3(a) has been previously disclosed to Plaintiffs' counsel.  If the content of any eCSSS directory information has been previously disclosed to Plaintiffs' counsel, then, regardless of the form of the previous disclosure (that is, even if in a form different from that shown in screenshots from the eCSSS database), the content need not be redisclosed, although the DOE is free to include redisclosures along with any new directory information it provides pursuant to this order.  Thus, if it is convenient for the DOE to redisclose, for example, a Listed Class Member's address while disclosing for the first time the Listed Class Member's date of birth, then the DOE is free to make such redisclosure, but it need not make any such redisclosure.

     5.  **Second Category of "Directory Information":**  With respect to the directory information described in Paragraph 3(b) of this order, the DOE has raised concerns that FERPA notices are required and that prior FERPA notices have not included any notice relating to individuals other than potential class members themselves.  The court here addresses that concern.

     (a)  **Notice:**  The court orders the DOE to send, no later than **14 calendar days from the date of this order**, a copy of the present order along with

4

the notice set forth below (after inserting the appropriate telephone number in the

blank) to each contact person for each Listed Class Member, to the extent the

contact person is identified (whether by name or by relation to the Listed Class

Member) in the DOE's eCSSS database:

> Enclosed is a court order entered in <u>E.R.K. v. Department of Education</u>, Civil No. 10-00436 SOM-KSC, a class action filed in the United States District Court for the District of Hawaii.  You have been identified as a contact person for a former special education student who may be entitled to be included in the class.  Inclusion in the class may entitle the former student to receive certain benefits.  To aid communication with former students who may be entitled to be included in the class, the enclosed order requires the DOE to provide the attorneys representing the class with contact information the DOE has for those former students, some of whom have not been reached at addresses previously used.  Your name is included in DOE files as a contact person for one or more former students.  As required by the enclosed court order, the DOE will provide the attorneys representing the class with your name and, to the extent included in the DOE's electronic database, your address, telephone number(s), and electronic mail address(es) unless you let the DOE know in writing that you object.  This information can be used by class counsel only for the purpose of communicating with former students or their guardians in connection with the pending federal lawsuit, and for no other purpose.  If you do not object, you do not have to do anything, but if you do object, please telephone _____ to notify the DOE no later than June 13, 2016.

(b) **Addresses:** To the extent the eCSSS database does not include a mailing address for a family member or other contact person, the DOE is directed to send the above notice to the most recent address in the eCSSS database for the Listed Class Member. Any such mailing shall be in the following format:

> Name of Contact
> (or description if eCSSS does not include name, e.g., "Guardian for [Listed Class Member]")
> C/o Name of Listed Class Member
> Listed Class Member's last known address

However, if the eCSSS database contains an electronic mailing address for the family member or other contact person, the electronic mailing address shall be used in lieu of mailing a communication to the Listed Class Member's last known address.

(c) **Provision of Information to Plaintiffs:** With respect to persons who do not object to release of their names and contact information, the DOE shall provide to Plaintiffs' counsel, no later than **June 20, 2016**, the information described in Paragraph 3(b).

6. **Format and Cost:** To ensure that directory information from the eCSSS database is provided in "the most readily attainable and cost effective format," as required by Paragraph 2 of this order, the attorneys in this case are ordered to confer, no later than **June 2, 2016,** about whether the directory

information will be provided by having Plaintiffs' counsel view records on computers, by having the DOE provide printouts of records, or by other means. The DOE has indicated that copying costs will be charged at the rate of 25 cents per page. Plaintiffs shall pay copying costs, although the parties should keep in mind that copying costs may ultimately be included in a cost award to Plaintiffs at the conclusion of this case.

   7. **Information from Two Selected Public Offices:** In addition to obtaining directory information from the DOE's eCSSS database, Plaintiffs may select no more than two public offices (whether federal, state, or city) from which to seek further directory information, whether that directory information relates to Paragraph 3(a) or Paragraph 3(b). No later than **June 2, 2016**, Plaintiffs shall file with the court a statement identifying the public offices selected.

   (a) **Obligations of Selected Public Offices:** The two public offices identified by Plaintiffs are ordered to provide "directory information" as defined in Paragraph 3(a) and Paragraph 3(b) of this order for Listed Class Members and for Listed Class Members' contact persons. Each public office is required to provide only such information as the office itself has; the office is not required to do research to obtain information from sources outside the office itself. Plaintiffs shall provide each selected public office with the names of the

individuals for whom Plaintiffs seek information.  Those names may include all names of Listed Class Members as well as Listed Class Members' contact persons. Because Plaintiffs are likely to be able to provide the names of Listed Class Members before they can provide the names of contact persons, Plaintiffs may provide names in two phases.  Plaintiffs are free to reduce the scope of directory information requested from the public offices.  Thus, Plaintiffs need not seek all the information included in this order's definition of "directory information" and need not ask for information about all contact persons.  For example, Plaintiffs may decide not to ask a particular office for dates of school attendance of Listed Class Members.  Plaintiffs may not seek information beyond what is included in the definition of "directory information" in Paragraph 3(a) and/or Paragraph 3(b) of this order.

(b) **Deadline for Responses by Public Offices:**  The selected public offices must provide the requested information **within the time periods they have previously provided to Plaintiffs' counsel.**  Plaintiffs' counsel shall confirm those time periods and state those time periods in writing to the public offices when any list of names is provided to the offices.

(c)  **Public Offices' Charges:**  Plaintiffs must promptly pay the two public offices' copying charges and such other reasonable and routine charges as those offices may require.

(d)  **Objections by Public Offices:**  If either public office determines that it requires a further court order or further protective procedures before it may legally comply with the present order, that public office shall notify Plaintiffs' counsel within **7 calendar days** of receiving a request for information that includes specific names of individuals about whom information is sought pursuant to this order.  Plaintiffs shall then take such action as Plaintiffs deem appropriate, but, pending resolution of the matter, the public offices are required to provide only such information as they believe the law and this order permit and are not required to provide information that they believe they cannot legally provide.  To keep delays to a minimum, Plaintiffs' counsel is urged to communicate in advance with the selected public offices to meet any anticipated objection.

8.  **Communications with Potential Class Members:**  Upon receipt of information from the DOE or either of the two public offices, Plaintiffs' counsel may use that information to contact Listed Class Members to determine whether those individuals should be included in the class.

9

9.  **Final List of Class Members:**  No later than **September 19, 2016,** Plaintiffs shall file under seal a list of all individuals that Plaintiffs have determined are included in the class.  After September 19, 2016, individuals may not be added to the class, although individuals may subsequently be dropped from the class, either at their request or upon a successful challenge by the DOE to the individuals' inclusion in the class.

The following matters were resolved in the telephone discussions held on May 18, 2016:

A.  The motion seeking civil contempt sanctions is denied.

B.  The court will not include in the class any "too young" individuals other than those already expressly included in the class by the Magistrate Judge. Without opining on whether a new lawsuit would be timely, the court has commented that Plaintiffs' attorneys have always been free to file a new lawsuit on behalf of "too young" individuals.  Even if the "too young" individuals included in the class by the Magistrate Judge then end up in classes in two cases, the court does not foresee any resulting prejudice from that, as those individuals cannot receive double benefits.  Moreover, if Plaintiffs file a new lawsuit, the "too young" individuals included in the present class may ultimately choose to drop out of the class in this case.

10

C.  Having addressed some of the issues raised by the pending appeal from the Magistrate Judge's order of February 18, 2016, the court views the remaining issues that are the subject of the appeal as likely to be rendered moot by this order.  This court terminates the appeal but will reinstate it at Plaintiffs' request if, after September 19, 2016, Plaintiffs believe unresolved issues raised by the appeal must be addressed by the trial judge.  (During a telephone conference on May 18, 2016, this court had referred to "staying" the appeal, but the court here "terminates" the appeal, an administrative distinction that assumes the appeal will not need to be addressed in the future.)  This order is greatly influenced by information that appears not to have been presented to the Magistrate Judge, particularly information about easily obtainable information in the DOE's eCSSS database.  This court also notes that, if provided with information from the eCSSS database, Plaintiffs are likely to have a much easier time than previously expected obtaining information from other public offices.

D.  Given the reopening of the class until September 19, 2016, Plaintiffs' counsel may contact potential class members unless otherwise ordered.

E.  To permit a coordinated approach to providing compensatory services, the DOE is not being required to begin providing compensatory services until after the final list of class members has been submitted and the court and the

11

parties have determined how to proceed.  The court anticipates that discussion of how to proceed will occur in September 2016.

The attorneys are urged to study this entire order immediately and to contact the court with any concerns or need for clarification right away, so as not to waste any time between now and September 19, 2016.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii; May 19, 2016.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

E.R.K., by his legal guardian R.K., et al.; v. Department of Education; Civil 10-00436 SOM-KSC; **ORDER REGARDING IDENTIFICATION OF CLASS MEMBERS**