```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

E.R.K, et al.,                  )    CIVIL NO. 10-436 SOM/KSC
                                )
         Plaintiffs,            )    ORDER DETERMINING CLASS
                                )
    vs.                         )
                                )
DEPARTMENT OF EDUCATION,        )
State of Hawaii,                )
                                )
         Defendant.             )
_____ )
                                )
```

**ORDER DETERMINING CLASS**

This class action concerns whether the State of Hawaii Department of Education ("DOE") wrongfully denied services under the Individuals with Disabilities Education Act ("IDEA") to individuals that the DOE viewed as having "aged out" of being eligible to receive services.  On August 28, 2013, the Ninth Circuit reversed a decision by another judge of this court, ruling that the DOE's reliance on a Hawaii statute, Act 163, to deny services under the IDEA was improper, and that individuals had not "aged out" as calculated by the DOE.

The class in this action was previously defined as:

> All individuals residing in the State of Hawai`i who over the age of 20 on or before the first day of the school year (or who will imminently be over the age of 20 on that date) but under the age of 22 who are entitled to receive special education and related services from Defendant the Hawai`i Department of Education under the Individuals with Disabilities Education Act.

ECF No. 31 at 2, PageID # 685.  On December 15, 2014, however the parties agreed to modify the class definition to the following:

> All IDEA eligible persons who turned age 20 after 7/1/10 and were made ineligible by Act 163 and all IDEA eligible persons who were over age 20, but under age 22, on 7/1/10 and made ineligible by Act 163.

ECF No. 213-1, PageID # 3299.

On May 20, 2016, the court ordered Plaintiffs to file under seal no later than September 19, 2016, a list of all individuals included in the class, stating that, after September 19, 2016, no individual may be added to the class.  See ECF No. 388, PageID # 6859.  Plaintiffs filed that list on September 19, 2016.  See ECF No. 414.  On October 11, 2016, the DOE submitted objections to some of the individuals identified by Plaintiffs.  See ECF No. 420.  Plaintiffs subsequently responded to the objections.  See ECF No. 421.

The court now determines that, with the exceptions stated below, the individuals identified by Plaintiffs in their filing of September 19, 2016, are the only individuals included in the class.  The court also closes the class.  No further efforts should be undertaken to identify or contact additional individuals for the purpose of adding them to the class.

The court excludes from the class individuals who were "too young" to have been affected by Act 163.  In its order of May 20, 2016, this court stated that the class will not include

2

"any 'too young' individuals other than those already expressly included in the class by the Magistrate Judge." ECF No. 388, PageID # 6859. The DOE objects to five individuals it says are "too young" to be included in the class. See ECF No. 420, PageID # 7000. Although Plaintiffs claim it is "impossible to say whether the DOE has used the correct birthdates" for these individuals, ECF No. 421, PageID # 7006, these five individuals are excluded from the class. If it turns out that these five individuals are not actually "too young," the parties are ordered to meet and confer regarding a possible stipulation that adds the individuals to the class.

      The DOE objects to numerous individuals on the ground that they left school before age 20. The court overrules this objection and includes these individuals in the class. These individuals fall within the range of individuals described in the class definition as having been "made ineligible by Act 163." Even if they left school before age 20, they could have returned and received services had Act 163 not been in effect. An individual who left school before age 20 may find the benefits awarded in this lawsuit affected by that prior leaving, but that goes to the remedy, not to class inclusion.

      The DOE also objects to the inclusion of individuals it lists as allegedly ineligible for special education services, having withdrawn from school, or having declined a Free

3

Appropriate Public Education ("FAPE").  Because the record is not clear that the individuals were in fact ineligible for special education services, that they withdrew from school, or that they declined FAPE, the court overrules the objections to these individuals and includes them in the class.  The court also questions whether withdrawing from school in one year or declining FAPE in one year necessarily renders an individual thereafter eternally ineligible under the IDEA.  Again, however, individuals may find their available remedies affected by their prior actions.  The parties are ordered to meet and confer with respect to the individuals subject to these objections to discuss the appropriate remedies for these individuals.

The court excludes from the class individuals who "exited after Act 107 was repealed,"[1] or "aged out at 22."  These individuals were not made ineligible by Act 163.

With respect to any individual who "earned enough credits to receive [a] diploma," the DOE should consider awarding the individual his or her diploma.  Until the court receives proof the individual has graduated from high school, the individual shall remain part of the class, as the court will assume for purposes of this motion that there was some impediment

---

[1] The court assumes that, in citing the repeal of "Act 107," the DOE is referring to the repeal of Act 163.

to the awarding of the diploma and that the individual therefore remained eligible to receive special education services.

To the extent the DOE objects to individuals as "not found in the DOE system," the court overrules the objection and allows the individuals to remain in the class.  However, the parties must meet and confer in good faith with respect to whether the individuals were provided special education services through the DOE.  The court expects the parties to stipulate to the dismissal of individuals from the class when appropriate.

This court will not entertain any motion for reconsideration of this order absent a certification that the parties have met and conferred in good faith regarding the basis or bases on which reconsideration is sought.  Any meet-and-confer obligation imposed by this order may be satisfied by a telephone conversation.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 18, 2016.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


R.P.-K, et al. v. Dep't of Educ., State of Hawaii, Civ. No. 10-00436 SOM/KSC; ORDER DETERMINING CLASS