PAUL ALSTON                1126
KRISTIN L. HOLLAND         10063
MEREDITH G. MILLER         10744
ALSTON HUNT FLOYD & ING
1001 Bishop Street, Suite 1800
Honolulu, Hawai'i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:   palston@ahfi.com
          kholland@ahfi.com
          mmiller@ahfi.com

LOUIS ERTESCHIK            5241
MATTHEW C. BASSETT         6643
PATRICIA L. COOKSON        9456
HAWAI'I DISABILITY RIGHTS CENTER
1132 Bishop Street, Suite 2102
Honolulu, Hawai'i 96813
Telephone: (808) 949-2922
Facsimile: (808) 949-2928
Email:    louis@hawaiidisabilityrights.org
          mattbassettesq@gmail.com
          patty@hawaiidisabilityrights.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| E.R.K., by his legal guardian R.K., R.T.D., through his parents R.D. and M.D.; HAWAI'I DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its clients and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>Defendant. | Case No. 10-00436 SOM-KSC<br><br>**ORDER APPROVING SETTLEMENT FOR CLASS MEMBERS** |

## ORDER APPROVING SETTLEMENT FOR
## CLASS MEMBERS

WHEREAS: This class action was filed, pursuant to FRCP 23(b)(2) in 2010 seeking to establish that the Defendant DEPARTMENT OF EDUCATION, State of Hawai'i ("HIDOE") was violating federal law by failing to provide special education and related services to students who were eligible for special education and related services until the later of (a) the date they earned a regular diploma, or, (b) age 22.

WHEREAS: The Ninth Circuit Court of Appeals determined that the Class Members had valid claims under the Individuals with Disabilities Education Act ("IDEA") and this Court subsequently determined that the Class Members are entitled to compensatory education to compensate for the HIDOE's failure to provide appropriate special education and related services until the Class Member earned a regular diploma or reached the age of 22.

WHEREAS: Under the supervision of United States Magistrate Judge Kevin S. C. Chang the parties have investigated and discussed, at length, among other things, (a) the circumstances and needs of the Class Members, (b) the interest of Class Members in obtaining compensatory education, (c) the array of services needed by the eligible Class Members, (d) the cost of the needed services, (e) the array of potential service providers, (f) the potential methods for allocating and

delivering the compensatory education services, and (g) the timeline for delivery of compensatory education services to the Class Members.

WHEREAS: Pursuant to the Settlement Agreement attached hereto as Exhibit 1, the HIDOE has agreed to provide funds for delivery of services, including assistive technology, as defined in the Settlement Agreement, to the Class Members under the oversight of a Settlement Administrator, as described in Exhibit A to the Settlement Agreement.

WHEREAS: Pursuant to the Settlement Agreement, HIDOE will provide $10,250,000 to (a) fund the required services, as defined in the Settlement Agreement; (b) pay legal fees and costs owed to Plaintiffs' counsel (Alston Hunt Floyd & Ing and the Hawai'i Disability Rights Center ("Class Counsel")) for their work on this litigation up to the date on which this settlement is approved; (c) the fees and costs incurred by the Settlement Administrator in the course of overseeing and directing the delivery of services, as defined in the Settlement Agreement, to the Class Members; and (d) fees and costs incurred by counsel and as approved by the Court, for the class in connection with (1) the delivery of services, as defined in the Settlement Agreement, to the Class Members, and (2) the resolution of disputes regarding the delivery of the benefits of the settlement. The Fund will be deposited by the HIDOE in two installments; as stated below, the first will be $8,750,000 to be funded in 2017 and the second will be $1,500,000 to be funded in 2018.

WHEREAS: The Court has determined that the settlement fund should be allocated as follows: (a) $8,200,000 plus all interest earned thereon for services, as defined by the Settlement Agreement, provided to the Class Members (the "Fund"); (b) $1,500,000 for legal services provided by and costs incurred by Class Counsel through the date on which this settlement is approved; (c) up to $300,000 to the Settlement Administrator for his/her fees, costs and administrative support; and (d) up to $250,000 to Class Counsel for future services that they will provide to the Class Members in connection with the administration of the settlement and delivery of services (all to be paid pursuant to court-approved fee applications). Provided, however, for good cause and subject to court approval, the Settlement Administrator may utilize additional funds from the Fund for administrative services that are needed to assure the effective delivery of services, as defined in the Settlement Agreement, to the Class Members. The amounts awarded from the Fund to Class Counsel for past and future work reflects the fact that size of the Fund was calculated by the Court and the Parties to include all fees which would be owed to Class Counsel under 42 U.S.C § 1988 or otherwise. No other fees will be claimed or paid out of the Fund and accrued interest.

WHEREAS: The parties agree that, except as provided by the Settlement Agreement, the "Specific Provisions" portion of the Settlement Agreement shall expire on December 31, 2020.

4

WHEREAS: The Settlement Administrator shall have until February 28, 2021 to reconcile the Fund. Any balance remaining in the Fund at 12:00 a.m. on March 1, 2021, shall be returned to HIDOE.

And,

WHEREAS: Time is of the essence.

THEREFORE, it is hereby ORDERED (a) the HIDOE shall deposit $8,750,000 into the registry of the United States District Court within two (2) weeks of the Court's approval of the subject settlement and Class Counsel's provision of the information necessary to effectuate the deposit; (b) the HIDOE will deposit an additional $1,500,000 into the registry of the United States District Court within two (2) weeks of the Hawai'i legislature's approval of the subject attorneys' fees and costs; and (c) the Court will direct the disposition of that account for the effective administration of the settlement by (1) appointing the Settlement Administrator no later than December 15, 2017 and authorizing him/her to see to the delivery of appropriate services, as defined in the Settlement Agreement, to the Class Members beginning promptly thereafter in accordance with the Settlement Administration Agreement attached hereto as Exhibit A to the Settlement Agreement; (2) directing distribution of the balance of the settlement fund into an interest-bearing trust account in a local FDIC-insured bank under the supervision of the Settlement Administrator and Court within two (2) weeks of the

HIDOE aforementioned deposit (the "Trust Account"); (3) directing distribution of the HIDOE's second payment into the Trust Account within two (2) weeks of the Hawai'i legislature's approval of Class Counsel's attorneys' fees and costs; (4) distributing from the Fund, at the appropriate time, the payment to Class Counsel of the $1,500,000.00 for attorneys' fees and costs; and (5) distributing later, as appropriate, the fees and costs due for future work by Plaintiffs' counsel.

The Court will retain jurisdiction over this matter to assure the effective and timely implementation of the Settlement Agreement and to resolve any disputes between the parties and/or between the Settlement Administrator and any of the parties with respect to the meaning, effect and proper implementation of the Settlement Agreement.

DATED: Honolulu, Hawai'i, December 8, 2017



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*E.R.K., et al. vs. Department of Education, State of Hawai`i*; Case No. 10-00436 SOM-KSC; **ORDER APPROVING SETTLEMENT FOR CLASS MEMBERS**