IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| E.R.K., by his legal guardian R.K., R.T.D., through his parents R.D. and M.D.; HAWAII DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its clients and all others similarly situated,<br><br>             Plaintiffs,<br><br>   vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaiʻi,<br>             Defendant. | CIV. NO. 10-00436 SOM-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF CLASS'S APPLICATION FOR INTERIM ATTORNEYS' FEES |

FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE
PLAINTIFF CLASS'S APPLICATION FOR INTERIM ATTORNEYS' FEES

On August 30, 2019, Plaintiff class representative E.R.K., by his legal guardian R.K., and R.T.D., through his parents R.D. and M.D., and Plaintiff Hawaiʻi Disability Rights Center, in a representative capacity on behalf of its client and all other similarly situated (collectively "Plaintiffs"), by and through their Counsel, Dentons US LLP, submitted an Application for Interim Attorneys' Fees ("Application").  ECF No. 532.  Plaintiffs request $152,404.13 in legal fees including general excise tax for the period between July 3, 2018 ad June 30, 2019.  Plaintiffs state that the Application does not intend to set hourly attorney and paralegal fees, but seeks a disbursement of a portion of the $250,000.00 earmarked in the Services Fund for such legal services.  The Settlement Administrator's (Mr. James E. Duffy, Jr.) signature appears on the Application.  Plaintiffs state that the Settlement Administrator reviewed and supports the Application.

Defendant did not file an opposition. For the reasons stated below, the Court FINDS and RECOMMENDS that the Application for Attorneys' Fees be DENIED without prejudice.

## BACKGROUND

On November 20, 2015, Plaintiffs sought a total of $234,849.20 in attorneys' fees under 20 U.S.C. § 1415(i)(3)(B) as the prevailing party in an IDEA case. ECF No. 292. On December 4, 2015, Plaintiffs filed a Statement of Consultation Regarding Plaintiffs' Interim Motion for Attorneys' Fees, Filed 11/20/15. ECF No. 301. On December 18, 2015, Defendant Department of Education, State of Hawaii ("Defendant") filed a Memorandum in Opposition to Plaintiffs' Ex Parte Motion for Interim Attorneys' Fees Filed November 20, 2015. ECF No. 303. Defendant argued that Plaintiffs' request for attorneys' fees was premature because the class members and class size should be identified before attorneys' fees can be awarded. Further, Defendant opposed the hourly rates and hours requested by Plaintiffs.

On January 11, 2016, Magistrate Judge Chang issued a Findings and Recommendation to Deny Without Prejudice Plaintiffs' Interim Motion for Attorneys' Fees. ECF No. 316. Because the action was still pending and the Court anticipated that Plaintiffs would be filing another motion for fees, the Court denied Plaintiffs' request and stated that Plaintiffs' fee request should be addressed at the conclusion of this action. Id.

On January 28, 2016, Plaintiffs filed their Objections to Magistrate Judge's Findings and Recommendation to Deny Without Prejudice Plaintiffs' Interim Motion for Attorneys' Fees. ECF No. 327. Plaintiffs argued that courts have routinely granted interim fees in IDEA cases to prevent hardship on Plaintiffs and their counsel; and that

Plaintiffs have demonstrated that the fees requested were reasonably and necessarily incurred. Id.

On March 1, 2016, District Judge Mollway issued an Order Adopting in Part and Modifying in Part Magistrate Judge Order Denying Request for Interim Attorneys' Fees. ECF No. 345. The Court declined review of the attorneys' fees on a piecemeal basis, but stated that "a one-time interim fee reimbursement [was] appropriate under 20 U.S.C. § 1415(i)(3)(B)." Id. The Court noted that more than 5½ years elapsed since this case was initiated and that Plaintiffs' counsel had been carrying this case without compensation for a long time. Id. The Court anticipated that ultimately, the total award would exceed $100,000.00. Id. The Court awarded a total of $100,000.00 to Plaintiffs to alleviate the pressure on Plaintiffs' counsel. Id. The Court declared that the award was not "tied to specific work by specific individuals at specific rates, [and] will be deducted from the total award of attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)." Id. The Court also anticipated that Plaintiff E.R.K. would file another motion for attorneys' fees and cautioned E.R.K. that (1) the request should be limited to reasonable attorneys' fees; (2) E.R.K. should only seek reasonably hourly rates; (3) the court is not likely to award compensation for time spent by staff other than paralegals; (4) the court is likely to reduce time for clerical or ministerial tasks performed by attorneys; (5) duplicative fees should not be included; and (6) the future motion should include adequate timesheet descriptions and should not contain blockbilling. Id.

On December 8, 2017, District Judge Mollway issued an Order Approving Settlement for Class Members. ECF No. 482. In the December 8, 2017 Order (ECF No.

482), the District Court specified that "up to $250,000" of the settlement funds shall be allocated to "Class Counsel for future services that they will provide to the Class Members in connection with the administration of the settlement and delivery of services (all to be paid pursuant to <u>court-approved fee applications</u>)." ECF No. 482 (emphasis added). Mr. Duffy was appointed to serve as settlement administrator in this case on December 27, 2017. ECF No. 493.

On October 31, 2018, Plaintiffs filed an Application for Interim Attorneys' Fees and requested $35,032.45 for legal fees incurred between January 1, 2018 and July 2, 2018. ECF No. 509. Plaintiffs stated that the interim request was prompted "by the need to wind up the accounts belonging to Alston Hunt Floyd & Ing" given that Plaintiffs' counsel became affiliated with Dentons US LLP. <u>Id.</u> In their 2018 Application, Plaintiffs represented that they conferred with Defendant's Counsel, who deferred to the Settlement Administrator's discretion regarding the appropriateness of the attorneys' fees and hourly rates sought. <u>Id.</u>

On November 8, 2018, the Magistrate Judge issued an Order Granting Plaintiffs' Application for Interim Attorneys' Fees, Filed October 31, 2018. ECF No. 510. The Magistrate Judge granted Plaintiffs' request for interim attorneys' fees in the amount of $35,032.45 and ordered the Settlement Administrator to disburse such funds. <u>Id.</u>

On November 9, 2018, Defendant filed a Motion for Clarification Regarding Order Granting Plaintiffs' Application for Interim Attorneys' Fees Filed November 8, 2018. ECF No. 511. Defendant sought clarification on whether the November 8, 2018 Order (ECF No. 510) set hourly rates for the attorneys/paralegals listed. ECF No. 511.

On November 21, 2018, Plaintiffs filed a Memorandum in Opposition to Defendant's Motion for Clarification.  ECF No. 512.  Plaintiffs stated that they have not asked the Court to set any hourly rates, and that Defendant's Motion for Clarification (ECF No. 511) was improperly seeking a reconsideration of the November 8, 2018 Order (ECF No. 510).  Plaintiffs argued that LR54.3 (2009) does not apply to the $250,000.00 earmarked for attorneys' fees and that under the settlement agreement, Defendant has no right to challenge the rates of counsel.  ECF No. 512.  Nevertheless, Plaintiffs argued that their attorney and paralegal hourly rates were reasonable and commensurate with the prevailing market rates in the community.  Id.  On December 5, 2018, Defendant filed its Reply.  ECF No. 513.  Defendant stated that it does not challenge the award of $35,032.45 in interim attorneys' fees, but seeks clarification as to whether the court is also setting the hourly rates of the attorneys and paralegals.  Id.

On December 7, 2018, the Magistrate Judge issued an Order Granting in Part Defendant's Motion for Clarification Regarding Order Granting Plaintiffs' Application for Interim Attorneys' Fees.  ECF No. 514.  While noting that the October 31, 2018 Application (ECF No. 509) stated that Plaintiffs' counsel conferred with Defendant's counsel regarding the attorneys' fees and hourly rates sought, the Court clarified that it did not make any ruling with regards to any hourly rate.  ECF No. 514.  Further, the Order (ECF No. 514) did not make any ruling as to Plaintiffs' argument that LR54.3 (2009) does not apply to the $250,000.00 earmarked for attorneys' fees in the settlement agreement.

DISCUSSION

Although Plaintiffs state that they have acquired the Settlement Administrator's approval of this Application, Plaintiffs do not provide any information about whether they met and conferred (formerly referred to as a consultation under LR54.3 (2009)) as required by LR54.2 (2019)[1] prior to filing their Application.  In Plaintiffs' Opposition to Defendant's Motion for Clarification, filed on November 21, 2018 (ECF No. 512), Plaintiffs argued that LR54.3 (2009) does not apply to any request for funds from the $250,000.00 earmarked for attorneys' fees in the settlement agreement.  However, as stated earlier, the December 7, 2018 Order Granting in Part Defendant's Motion for Clarification (ECF No. 514) did not determine that LR54.3 (2009) did not apply.  In fact, the Order (ECF No. 514) noted that Plaintiffs' counsel conferred with Defendant's counsel regarding the attorneys' fees request.

Nevertheless, in this Application, Plaintiffs do not argue that compliance with LR54.2 (2019) is not necessary and are silent on the issue.  According to the Order Approving Settlement for Class Members (ECF No. 482), "up to $250,000" has been allocated to pay for Plaintiffs' attorneys' fees "pursuant to court-approved fee applications."  ECF No. 482 (emphasis added).  The settlement requires Court approval.  Prior to reviewing any fee applications, this Court requires that Plaintiffs must meet and

---

[1] On August 26, 2019, the Local Rules of Practice for the United States District Court for the District of Hawaii were amended.  The amendments superseded all previous local rules and became effective September 1, 2019.  Plaintiffs filed their Application on August 30, 2019.  LR54.3 (2009) was the consultation requirement for attorneys' fees motions and has been amended.  The attorneys' fees rule requiring a parties to meet and confer prior to filing a motion for attorneys' fees is now under LR54.2 (2019).

confer with the Defendant before filing any request for attorneys' fees.  Plaintiffs must follow all requirements under LR54.2 (2019) and any other applicable rules and law.  These requirements are critical to the Court's review, especially in light of the District Judge's 2016 Order (ECF No. 345) cautioning Plaintiffs regarding the court's review of attorneys' fees.  The District Judge noted and discussed the rules and applicable law on attorneys' fees because the attorneys' conduct in this case was deemed to be "overzealous and overreaching" by the Magistrate Judge.  ECF Nos. 342 & 345.

This Court finds that in the future, Plaintiffs should meet all requirements under LR54.2 (2019) and any other applicable rules and laws.  In addition, this Court declines to review attorneys' fees request on a piecemeal basis.  ECF Nos. 316 & 345.  Indeed, judicial economy and the administration of justice will be best served by addressing Plaintiffs' fee requests at the conclusion of this action.  See ECF No. 316.  Accordingly, the Court FINDS and RECOMMENDS that Plaintiffs' Application for Interim Attorneys' Fees is DENIED without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, November 26, 2019.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_____
CV 10-436 SOM-RT; *E.R.K., et al. v. Department of Education, State of Hawaii*; Findings and Recommendation to Deny Without Prejudice Plaintiff Class's Application for Interim Attorneys' Fees