IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| E.R.K, through his legal guardian, R.K., et al., | ) ) ) | CIVIL NO. 10-00436 SOM/RT |
| Plaintiffs, | ) ) ) | ORDER ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE FINDINGS AND RECOMMENDATION |
| vs. | ) ) | |
| DEPARTMENT OF EDUCATION, State of Hawaii, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER ADOPTING IN PART AND MODIFYING IN PART
MAGISTRATE JUDGE FINDINGS AND RECOMMENDATION**

**I.      INTRODUCTION.**

        This certified class action, originally filed in 2010, concerns whether the State of Hawaii Department of Education ("DOE") wrongfully denied services under the Individuals with Disabilities Education Act ("IDEA") to individuals that the DOE viewed as having "aged out" of being eligible to receive services. This matter was settled, with the DOE agreeing to deposit $8,750,000.00 into an interest bearing bank account ("Services Fund") and to pay class counsel $1,500,000 in attorneys fees and costs. *See* ECF No. 480-3. The settlement agreement provided that "an additional $250,000.00 may be awarded to Class Counsel out of the [S]ervices [F]und upon application to and approval by the court." *Id.*

        Plaintiffs now seek an interim award of $152,404.13 in fees including the general excise tax out of the Services Fund.

*See* ECF No. 532. The DOE did not oppose the motion. On November 26, 2019, the Magistrate Judge issued his Findings and Recommendation to Deny Without Prejudice Plaintiff Class's Application for Interim Attorneys' Fees ("F&R"). *See* ECF No. 543. The Magistrate Judge reasoned that Plaintiffs had not established that they had met and conferred before filing the motion, as required by Local Rule 54.2. The Magistrate Judge also declined to review Plaintiffs' attorneys' fees requests on a piecemeal basis, noting that "judicial economy and the administration of justice will be best served by addressing Plaintiffs' fee requests at the conclusion of this action." *See* ECF No. 543.

Plaintiffs have objected to the F&R. After reviewing Plaintiffs' fee request *de novo*, this court adopts the F&R in part and modifies it in part.

**II.     STANDARD OF REVIEW.**

A district judge reviews *de novo* those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 74.2. *Kealoha v. Totto*, 2017 WL 1839280, *2 (D. Haw. May 8, 2017); *Paco v. Meyers*, 2013 WL 6843057, *1 (D. Haw. Dec. 26, 2013). In other words, a district judge "review[s] the matter

2

anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirectTV, Inc.*, 457 F.3d 1001, 1005 (9th Cir. 2006). While the district judge must arrive at independent conclusions about those portions of the magistrate judge's report to which objections are made, a *de novo* hearing is not required. *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *Kealoha*, 2017 WL 1839280, *2; Local Rule 74.2.

The district judge may accept those portions of the findings and recommendation that are not objected to if the district judge is satisfied that there is no clear error on the face of the record. *United States v. Bright*, 2009 WL 5064355, *3 (D. Haw. Dec. 23, 2009); *Stow v. Murashige*, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).

**III. ANALYSIS.**

In seeking attorneys' fees, Plaintiffs argue that the settlement agreement does not require them to meet and confer with opposing counsel before filing a fee application. Plaintiffs are ignoring this court's order of March 1, 2016, in which this court stated that Plaintiffs "should limit any request to reasonable attorneys' fees incurred and *must* meet and confer with the DOE to explore settlement of the fees. This court hopes [Plaintiffs] will exclude from any future motion instances of 'overzealous and overreaching' work." ECF No. 345, PageID # 6347

3

(emphasis added).  This court clearly requires Plaintiffs to meet and confer with the DOE before filing any motion for fees or costs and to attempt to work out issues and problems with fee requests.  The Magistrate Judge correctly recommended denial of the motion based on Plaintiffs' failure to establish that they had met and conferred.

This court disagrees with Plaintiffs' contention that the DOE "has no voice" in whether Plaintiffs are entitled to fees under the settlement agreement.  Admittedly, the settlement agreement does not provide for the exact procedure to be used when Plaintiffs seek any portion of the $250,000 in fees provided for in the settlement agreement, and the DOE filed no opposition to the motion, having agreed that $250,000 in additional fees may be paid.  But this court has never modified the meet-and-confer requirement expressly noted in its order of March 1, 2016. If the parties must meet and confer, it stands to reason that both sides may be heard as to a fee request.

Plaintiffs argue that denying an interim fee award creates an inappropriate financial burden on class counsel.  Plaintiffs' failure to meet and confer is Plaintiffs' own fault.  Additionally, this court has already awarded Plaintiffs significant fees in this case.  *See* ECF No. 345 (Mar. 1, 2016) (awarding $100,000.00 in fees); ECF Nos. 491-92 (Dec. 27, 2017)

4

(awarding $1,570,650.00 in fees and GET); ECF No. 510 (Nov. 8, 2018) (awarding $35,032.45 in post-settlement fees).

Plaintiffs also argue that they have proven their entitlement to fees, stating:

> Plaintiffs documented reasonable hourly rates and expenditures of time. See Ex. 2. Furthermore, Plaintiffs' first interim fee application for $35,032.45 (ECF No. 509), which included the same attorneys and hourly rates, was granted b (ret.) (ECF No. 510).

ECF No. 549, PageID # 7643. However, Magistrate Judge Chang stated that "the Court did not make any ruling with regards to any hourly rate." See ECF No. 514.

Plaintiffs ignore this court's guidance in its order of March 1, 2016. In that order, this court expressed concern about whether "the fees requested in the present motion may not reflect reasonable time spent on matters at reasonable hourly rates." ECF No. 345, PageID # 6347. According to class counsel, the attorneys' rates are reasonable and reflect the going rate in the community, but Plaintiffs provide no actual reference to rates that have been approved by this court for this community.

This court previously warned class counsel that the court was likely to "cut time for clerical or ministerial tasks performed by attorneys." *Id.*, PageID # 6348. Plaintiffs nevertheless request fees for what may be such tasks (although Plaintiffs may have an explanation as to why that is not so). *See, e.g.*, ECF No. 532-2, PageID #7557 ("Emails with R. Roylo re

5

delivery of $1.5m check for deposit in Trust Fund"; "Accept
delivery of $1.5m check from DOE and arrange for deposit to
Service Fund at BOH").

This court also warned that "a motion for attorneys'
fees should not include duplicative fees. The court does not
generally permit more than one attorney to bill for attending:
(1) a meeting between co-counsel; (2) a client meeting; or (3) a
meeting with opposing counsel." ECF No. 345, PageID # 6348.
Plaintiffs nevertheless submit fee requests that are *possibly*
duplicative (again, Plaintiffs *may* be able to justify these
charges). *See*, *e.g.*, ECF No. 532-2, PageID #7557 (July 26, 2018,
entries by JAAH ("Team meeting re affidavits, disbursements) and
by MEMI ("Meet with M. Sisiam and J. Ahu to evaluate data, devise
approches to data management, and discuss procedures to be
developed for recommending services and Trust disbursements for
approval to Settlement Administrator Duffy.").

This court adopts the F&R in part and modifies it in
part without holding a hearing. See Local Rule 7.2(d). This
court adopts the F&R to the extent that it recommends denial of
the fee request based on Plaintiffs' failure to meet and confer
regarding that request and to the extent that the F&R declines to
examine attorneys' fees requests on a piecemeal basis. While
this court could simply deny the request for fees, the court, in
the interest of judicial economy and of recognizing that interim

fee awards are desirable in civil rights cases such as this, approves a total disbursement of $75,000 in fees and GET from the $250,000 set aside for that purpose. It does not appear that there will be any dispute that Plaintiffs have reasonably incurred at least that amount in fees and GET. In approving such fees, this court declines to examine every bill or to do the lodestar calculation with respect to this motion. This fee award is not tied to specific work by specific individuals at specific rates. Any future fee requests with respect to the period covered by the present motion (July 3, 2018, to June 30, 2019) must comply with this court's orders and guidance, setting forth reasonable fees for the period, but ultimately deducting $75,000 from any amount requested for the period.

**IV. CONCLUSION.**

This court adopts the F&R in part and modifies it in part. The court awards Plaintiffs a total of $75,000 in interim fees and GET and authorizes the Settlement Administrator to disburse those funds from the $250,000 set aside in the settlement agreement for attorneys' fees. The court adopts the F&R to the extent it recommends denial of the remainder of the motion for fees, without prejudice to any future fee award, including for the same period covered by the motion (but without duplicating the award made here).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 16, 2019.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

R.P.-K, et al. v. Dep't of Educ., State of Hawaii, Civ. No. 10-00436 SOM/RT; ORDER ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE FINDINGS AND RECOMMENDATION