IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| E.R.K., by his legal guardian R.K., R.T.D., through his parents R.D. and M.D.; HAWAIʻI DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its clients and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaiʻi,<br><br>　　　　　Defendant. | Case No. 10-00436 SOM-RT<br><br>**DECLARATION OF JAMES E. DUFFY, JR.** |

**DECLARATION OF JAMES E. DUFFY, JR.**

I, JAMES E. DUFFY, JR., do hereby declare that:

1.　I was appointed by this Court to serve as the Settlement Administrator in the above-captioned matter.  ECF 493.

2.　I make this Declaration in support of Plaintiffs' Memorandum in Opposition to *Defendant's Motion for Preliminary Injunction* [ECF 560].

3.　In my role as the Settlement Administrator, my primary responsibilities are to (1) manage and control the Services Fund; (2) assist the Eligible Class Members ("ECMs") in receiving educational and related services; and (3) maximize each ECM's timely receipt of those services.  *Executed settlement agreement dated December 11, 2017*, Ex. "1" [ECF 486] Ex. 1.

10109966\000001\114671110

4. Counsel for HIDOE, Class counsel, the Services Coordinator, and I met at the outset of the settlement implementation period to develop our disbursement review and processing procedure.

5. From the beginning, HIDOE has been provided with courtesy copies of recommendations for disbursements from the Services Coordinator to me in response to their desire to review the Settlement Team's work and track the expenditure of funds.

6. After over a year of collaboration with the parties, I have determined that personal adaptive transportation leases will best meet some ECMs' needs and that such disbursements are in alignment with the "specialized transportation equipment" provision of the Individuals with Disabilities Education Act ("IDEA") and the Settlement Agreement. 34 C.F.R. § 300.34 (c)(16)(iii) [ECF 486-1] Ex. 2. Thus far, I have not received a formal request for adaptive vehicle leases from the Services Coordinator, but it has been discussed, and I know that many are in the works. I intend to approve these disbursements if appropriate for the Class Member.

7. Based on information provided by Class counsel, I have determined the only way to provide full Service benefits for some ECMs with profound disabilities—most of whom are in Tier 1 and are therefore entitled to up to $200,000—is to establish a Special Needs Trust ("SNT"). On March 24, 2020,

ECM E.K., one of the Class lead Plaintiffs, submitted a request for approval of a disbursement to fund an SNT designed only for the purpose of accepting a disbursement from the Settlement Agreement.  E.K.'s SNT expressly incorporates the Settlement Agreement by reference and defines Services that may be purchased using SNT funds to match those enumerated in the Settlement Agreement.  Once approved, this trust instrument would serve as a model for future SNTs; expenditures would therefore be expressly limited to Services and assistive technology covered under the Settlement Agreement.

8. After review and consultation with Class counsel and the Services Coordinator, I approved E.K.'s SNT request.  After DOE filed this Motion, I agreed to withhold payment approval to the SNT pending adjudication of this Motion.

9. I have similarly determined that ABLE Accounts will comply with the terms of the Settlement Agreement if they are accompanied by an affidavit that limits expenditures to match the terms of the Settlement Agreement, and may provide the only way to provide Services to Class Members in Tiers 2 and 3, who are entitled to $20,000 and $5,000 in Services, respectively.  This is especially true for those ECMs who are incarcerated and may not be released until well after the settlement deadline.

10. I declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaiʻi, April 27, 2020.

/s/ James E. Duffy, Jr.
JAMES E. DUFFY, JR.