PAUL ALSTON              1126
KRISTIN L. HOLLAND       10063
ERIKA L. AMATORE         8580
JANNA W. AHU             10588

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813-3689
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
paul.alston@dentons.com
kristin.holland@dentons.com
erika.amatore@dentons.com
janna.ahu@dentons.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| E.R.K., by his legal guardian R.K., R.T.D., through his parents R.D. and M.D.; HAWAI‘I DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its clients and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai`i,<br><br>　　　　　Defendant. | Case No. 10-00436 SOM-RT<br><br>**PLAINTIFFS' APPLICATION FOR ADDITIONAL ATTORNEYS' FEES**; DECLARATION OF ERIKA L. AMATORE; DECLARATION OF LOUIS ERTESCHIK; EXHIBITS 1-2 |

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................... 1

II. NATURE OF THE CASE .......................................................................... 2

    A. The Lawsuit and Settlement Agreement ............................................... 2

    B. Services Fund Disbursement Difficulties .............................................. 3

    C. Additional Year of Administration Due to Covid-19 ........................... 5

III. ARGUMENT .............................................................................................. 6

    A. Class Counsel is Entitled to $457,266.75 in Attorneys' Fees,
        Under the Agreement and ECF 514 ....................................................... 6

    B. The Requested Attorneys' Fees are More Than Reasonable ................. 7

    C. The Attorney Hourly Rates Sought by Plaintiffs Are
        Reasonable .............................................................................................. 9

IV. CONCLUSION ......................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Bluetooth Headset Products Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) ................................................................................8

*Blum v. Stenson*,
   465 U.S. 886 (1984) ..............................................................................................9

*Booth v. Wong*,
   2015 WL 4676343 (D. Haw. Aug. 5, 2015) .......................................................11

*Jordan v. Multnomah County*,
   815 F.2d 1258 (9th Cir. 1987) ........................................................................9, 12

*Oh Family Hawaii Properties, LLC v. Bali Built*,
   LLC, 2014 WL 2861489 (D. Haw. June 24, 2014) ............................................11

*Pelayo v. Platinum Limousine Servs., Inc.*,
   2016 WL 5402185 (D. Haw. Sept. 27, 2016) .....................................................11

*Radiator Specialty Co. v. Micek*,
   327 F.2d 554 (9th Cir. 1964) ................................................................................8

*Sunday's Child, LLC v. Irongate Azrep BW LLC*,
   2014 WL 2451560 (D. Haw. May 30, 2014) .....................................................12

**Rules**

LR54.2 .........................................................................................................................3

## PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES

Plaintiff class representative E.R.K., by his legal guardian R.K., and R.T.D., through his parents R.D. and M.D., and Plaintiff Hawai'i Disability Rights Center, in a representative capacity on behalf of its client and all other similarly situated (collectively, "Plaintiffs" or the "Class"), respectfully submit this application for attorneys' fees based upon the Release, Compromise, and Settlement Agreement (ECF 486-1) and its Supplement (ECF 605) (together, the "Agreement").

## I.     INTRODUCTION

This Court previously ordered that Plaintiffs make a single fee request at the conclusion of this action, and not on a piecemeal basis.  *See Findings and Recommendations to Deny Without Prejudice Plaintiff Class's Application for Interim Attorneys' Fees* (the "F&R") (ECF 543) at 7; and *Order Adopting in Part and Modifying in Part Magistrate Judge Findings and Recommendation* (ECF 550) (the "Fee Order").  Under the terms of the Agreement, the Class claims period ends on December 31, 2021, but the administration period continues through February 28, 2022.  Class counsel seeks **$457,266.75** in attorneys' fees under the Agreement.

10109966\000001\120032120

## II. NATURE OF THE CASE

### A. The Lawsuit and Settlement Agreement

This case arose from DOE's failure to provide special education and related services to eligible high school students, in violation of federal law. On December 8, 2017, District Judge Susan Oki Mollway approved the Order Approving Settlement for Class Members. ECF 482. On December 27, 2017, Justice James E. Duffy, Jr. (ret.) was appointed to serve as settlement administrator in this case. ECF 493. The Settlement Administrator was tasked with managing and controlling the Services Fund. *See* ECF 486-1. As indicated by his signature below, the Settlement Administrator has reviewed this Application and supports it.

Under the Agreement, "$250,000 of the $8,750,000 in the Services Fund is designated for Class Counsel's 'services rendered and costs expended in connection with efforts to facilitate the delivery of services to the Class Members." ECF 510; *see also*, ECF 480 at p.4. "Such amounts are to be awarded to Class Counsel pursuant to Court-approved fee applications." *See id.* Pursuant to the Agreement, "the disbursement of the $250,000.00 is managed and controlled by the Settlement Administrator who signed the Application in agreement." ECF 514 at p.3. However, Class Counsel is not limited to $250,000, and may seek amounts that exceed $250,000. *See id.* ("If the Plaintiffs should file a Motion for Attorneys'

fees above the $250,000.00 then the Court at that time, will review the Motion accordingly.").

During the LR54.2 meet and confer process[1], the DOE did not object to approximately $454,391.75 in Dentons' attorneys' fees. *See* Ex. 2, Joint Statement at p.2. In addition, Plaintiffs seeks $2,875 on behalf of Louis Erteschik, Esq., counsel for HDRC. *See id.* However, based on the DOE's interpretation of the Agreement, the DOE believes that Class counsel's fees should be capped at $250,000. *See id.* at p.2-3. The Court previously granted Plaintiffs' requests for interim attorneys' fees in the amount of $35,032.45 and $75,000. ECF 510 at p.2 and ECF 550 at p.7. Thus, the total amount of fees remaining of the $250,000 is $139,967.55. *See* Ex. 2 at p.3.

### B. Services Fund Disbursement Difficulties

During the settlement administration, the Settlement Administrator and his administrative and contract staff, with the assistance of Class Counsel (collectively, the "Settlement Team"), encountered numerous unexpected challenges and delays in the disbursement process. Many Class Members (or "ECMs") were difficult to coordinate with because they were difficult to track, had

---

[1] In preparing this Application, Class Counsel conferred with DOE's Counsel under LR54.2. Declaration of Erika L. Amatore ("Amatore Decl.") at ¶ 20. Class Counsel provided their fees records to DOE's Counsel on January 7 and 10, 2022. *Id.*

highly individualized needs, and had limited access to basic assistive technology to assist with the process. Amatore Decl. at ¶ 17. The distribution process was labor and document intensive and each distribution took weeks, or even months, to process. *Id.* Almost all ECMs who participated in the settlement did not use their entire allotment in a single payment, resulting in piecemeal disbursements of miniscule amounts. *Id.*

Complicating matters further, throughout the settlement administration process, the DOE frequently questioned the Settlement Administrator's decisions and objected or requested "clarification" on certain disbursements, requiring interpretation of and argument regarding the Settlement Agreement. Amatore Decl. at ¶ 17. The Magistrate Judge in this case noted that: "overzealous and overreaching advocacy has resulted in unnecessary delay, lack of cooperation, and undeniably interfered with the orderly progress and efficient resolution of this action." ECF 342 at p.6-7. This continued into the settlement administration process. This incredibly cumbersome process of responding to DOE objections was not contemplated by the Agreement. *See, generally* ECF 486-1. There is no provision in the Agreement allowing input from or objection by the DOE on ECMs' claims. *See id.* Even after the Settlement Administrator rendered a ruling, on several occasions, the DOE appealed to this Court.

### C.    Additional Year of Administration Due to Covid-19

The foregoing challenges were exacerbated by the Covid-19 pandemic. Not only were many of the medically compromised ECMs unable to leave their homes to seek Services, but service providers' abilities to assist with service plans and deliver those Services were negatively affected. Amatore Decl. at ¶ 18. ECMs and service providers faced repeated cessation of services due to Covid-19. *Id.* To remedy this, the parties agreed to give the Settlement Team an additional year (January 1, 2021-December 31, 2021) to administer the settlement, in exchange for returning $2 million to the DOE on March 29, 2021. *Id.*

The Settlement Administrator, his team, and Class counsel engaged in significant work during the additional year and the post-claims administrative deadline, including responding to the DOE's objections to the class member disbursement requests submitted on November 30, December 15, and December 31, 2021.

DOE objections and appeals, along with lengthy negotiations regarding the Supplemental Agreement resulted in several motions and letter briefs, 33 status conferences with the Court, and countless communications between counsel. *See* Amatore Decl. at ¶ 19.

### III.  ARGUMENT

#### A.  Class Counsel is Entitled to $457,266.75 in Attorneys' Fees, Under the Agreement and ECF 514

Under the Agreement, $250,000 of the Services Fund is designated "for services rendered and costs expended in connection with efforts to facilitate the delivery of services to the Class Members."  ECF No. 486-1, pp.4-5 of 16, II.B.2.  Such amounts are to be awarded to Class Counsel following "application to and approval by the Court."  *Id.*  Class counsel is not limited to $250,000, and may seek amounts that exceed $250,000.  *See* ECF 514 at p.3 ("If the Plaintiffs should file a Motion for Attorneys' fees above the $250,000.00 then the Court at that time, will review the Motion accordingly.").

At the time the parties negotiated the Agreement, these amounts and the amount of time were anticipated to be sufficient to cover the work required for the Settlement Administrator and Class Counsel to disburse the entire Services Fund to the 495 Class Members.  However, given the complexity of the settlement structure, the effort needed to overcome the daily challenges of implementation, and the additional year of administration, the funds earmarked for attorneys' fees were simply insufficient to administer the Services Fund.

Under to the Agreement, "[s]hould Class Counsel seek additional attorneys' fees and costs from the Services Fund, Class Counsel shall make a written request to the Court with notice to [the DOE] counsel.  DOE and/or its counsel shall be

given the opportunity to submit in writing the DOE's position with respect to Class Counsel's request for additional attorneys' fees and costs from the Services Fund." ECF 486-1, p.5, II.B.2.

### B. The Requested Attorneys' Fees are More Than Reasonable

The Class respectfully seeks **$457,266.75**[2] for legal fees (which does not include the General Excise Tax ("GET") incurred by Class Counsel between July 2018 and December 28, 2021.[3] *See* Ex. 2, Joint Statement, at p.2-3. The attached *Declaration of Erika L. Amatore* supports the requested legal fees on behalf of Dentons' attorneys, and includes as its Exhibit "1" an itemized description of all the work performed. The attached *Declaration of Louis Erteschik* supports the requested legal fees on his behalf.

---

[2] The amount of fees and related nontaxable expenses incurred by Class Counsel from July 3, 2018 through December 28, 2021 is $807,394. However, based on the Court's Order [ECF 550] and the DOE's objections during the meet and confer process, Class Counsel is only seeking to recover $457,266.75. $454,391.75 is sought on behalf of Dentons' attorneys and $2,875 is sought on behalf of Louis Erteschik, Esq.

[3] At the very least, an additional $83,333 plus the general excise tax ("GET") should be added to the initial $250,000 as applicable to reimburse the legal fees that were incurred by Class Counsel in furtherance of this settlement between January 1, 2021 and December 31, 2021. Thus, the total amount of the revised initial attorneys' fees available to Class counsel should be increased to $333,333, of which, Class counsel has already received $110,032.45. The remainder of the revised initial amount is $223,300.55.

"[A]llowance of reasonable attorneys' fees is within the discretion of the trial court." *Radiator Specialty Co. v. Micek*, 327 F.2d 554, 556 (9th Cir. 1964); *see also In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("courts have discretion to choose which calculation method they use, their discretion must be exercised so as to achieve a reasonable result.").

Throughout the settlement administration period, including the additional year, Class Counsel worked diligently with the Settlement Administrator, his Services Coordinator, Plaintiff Hawai`i Disability Rights Center, the Court, and other administrative and contract staff to: (1) supervise and supplement the Services Coordinator's efforts to locate and contact individual Class Members,; (2) develop and implement claim documentation, tracking, and accounting systems; (3) develop guidelines and implement review processes for the development, consideration, and adjudication of Class Members' claims and appropriate compensatory education they may receive; (4) establish and implement procedures for the review, authentication, and payment of claims by the Bank of Hawaii as Trustee of the Services Fund; (5) analyze and argue the DOE's objections and appeals to ECM requests; and (6) negotiate new settlement terms

necessitated by the COVID-19 pandemic.[4] This work was far more challenging than any party or the Court could have anticipated, and as a result, the funds earmarked for legal work were inadequate to cover the entire scope of legal work the settlement period entailed.

C. **The Attorney Hourly Rates Sought by Plaintiffs Are Reasonable**

In determining whether the requested fees are reasonable, courts routinely consider the number of hours spent, the work done, and the hourly rate.[5]

As set forth in Exhibit 1, the fees requested were incurred for legal services performed by the following attorneys:

| Name | Title | Rate/Hour | Years of Practice/ Experience |
|---|---|---|---|
| Paul Alston ("PA") | Partner | $675.00 | 50 years |
| Kristin L. Holland ("KRHO") | Partner | $415.00 | 25 years |
| Meredith G. Miller ("MEMI") | Counsel | $250.00 | 20 years |

---

[4] *See* Amatore Decl. at ¶ 16. For a more exhaustive description of these efforts, *see supra* Section II, the Settlement Administrator's December 30, 2021 Status Report (ECF 672), and the September 9, 2021 response letter brief to Judge Rom Trader.

[5] It is well established that "[t]he prevailing market rate in the community is indicative of a reasonable hourly rate." *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The hourly rates reflected in the attached invoices (Ex. 1) are all well within the prevailing rates in this community.

| Name | Title | Rate/Hour | Years of Practice/ Experience |
|---|---|---|---|
| Erika L. Amatore ("ERAM" or "ELA") | Counsel | $350.00 | 15 years |
| Janna W. Ahu ("JAAH") | Associate | $185.00 | 5 years |

These rates are reasonable in light of the experience, background, and skills of the attorneys involved. As an initial matter, Class Counsels' hourly rates are already heavily discounted in this case. Class Counsels' recommended rates in 2022 are: Paul Alston ($980); Kristin Holland ($555); Erika Amatore ($460); and Janna Ahu ($330)[6]. *See* Amatore Decl. at ¶¶ 7-10; *see also*, Ex. 2, Joint Statement at p.6.

The DOE has indicated that it objects to these hourly rates because "the overall experience of Plaintiffs' attorneys in IDEA cases, with the exception of Hawaii Disability Rights Center's attorneys, are minimal." *See* Ex. 2, Joint Statement at p.5. However, the Court determined that Class Counsel was qualified to administer the settlement and "should be paid for (1) the delivery of services, as defined by the [] Agreement, to the Class Members, and (2) the resolution of disputes regarding the delivery of the benefits of the settlement." ECF 482 at p.3. In addition, these activities are only minimally related to IDEA expertise. Instead,

---

[6] Meredith Miller no longer works at Dentons US LLP.

they are focused on complex class action prosecution, defense, and settlement administration. Class Counsel have significant experience litigating pro bono cases, cases involving the ADA, and/or class actions against government entities. *See* Amatore Decl. at ¶¶ 7-9.

Moreover, the DOE's attempt to limit Class Counsels' rates by comparison to rates earned by other attorneys experienced in IDEA litigation is inconsistent with the approach followed by the U.S. Court of Appeals for the Ninth Circuit in this very matter. In that court's April 24, 2015 opinion granting Plaintiffs' attorneys' fees associated with their appeal, the Ninth Circuit awarded fees based on an hourly rate of $592.52 for then-Director Paul Alston and $300.00 for Of Counsel Jason Kim. *See* ECF 223; *see also Pelayo v. Platinum Limousine Servs., Inc.*, Civ No. 15-00023 DKW-KJM, 2016 WL 5402185, at *5 (D. Haw. Sept. 27, 2016) (finding reasonable an hourly rate of $310 for an attorney with 27 years of experience); *Booth v. Wong*, No. Civ. No.10-00680 DKW-RLP, 2015 WL 4663994, at *3 (D. Haw. July 17, 2015), adopted by 2015 WL 4676343 (D. Haw. Aug. 5, 2015) (finding reasonable a $500 hourly rate for Paul Alston, who has more than 40 years of experience, and a $300 hourly rate for an attorney with 20 years of experience). In addition, this Court has awarded rates of $225 for non-partners/associates. *See, e.g., Oh Family Hawaii Properties, LLC v. Bali Built*, LLC, Civ No. 13-00461 LEK-BMK, 2014 WL 2861489 (D. Haw. Jun. 24, 2014)

(awarding rate of $225 for associate); *Sunday's Child, LLC v. Irongate Azrep BW LLC*, Civ No. 13-00502 DKW, 2014 WL 2451560, *3 (May 30, 2014) ($275 for an attorney with 9 years of experience; $230 for an attorney with 7 years of experience).  The hourly fees requested are clearly commensurate with "prevailing market rates in the community."  *Jordan v. Multnomah Cty.*, 815 F2d 1258, 1362 (9th Cir. 1987).

However, as established by the Court's December 7, 2018 Order, this Application does not intend to "set the hourly fees for the attorneys" in this Application, but instead seeks a portion of the attorneys' fees that the DOE did not object to during the meet and confer process.  ECF No. 514 at p.3; *see also*, Ex. 2, at pp.2-3.

### IV.  CONCLUSION

Based on the incredibly difficult nature of administering this settlement, Class Counsel's fees were reasonably incurred.  Class Counsel requests that the Court consider Exhibits 1 and 2, and the Declaration of Counsel, and determine that the fees requested are reasonable and were necessarily incurred, and award Class Counsel **$457,266.75** in attorneys' fees.

DATED: Honolulu, Hawai'i, February 25, 2022.

   /s/ Erika L. Amatore
PAUL ALSTON
KRISTIN L. HOLLAND
ERIKA L. AMATORE
JANNA W. AHU

Attorneys for Plaintiffs


   /s/ James E. Duffy, Jr.
JAMES E. DUFFY, JR.
SETTLEMENT ADMINISTRATOR