IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| E.R.K., by his legal guardian R.K.; R.T.D. through his parents R.D. and M.D.; Hawaiʻi Disability Rights Center, in a representative capacity on behalf of its clients and all others similarly situated,<br><br>    Plaintiffs,<br><br> vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAI'I,<br><br>    Defendant. | CIV. NO. 10-00436 SOM-RT<br><br>ORDER GRANTING SETTLEMENT ADMINISTRATOR'S APPLICATION FOR ADDITIONAL ADMINISTRATIVE FEES |

**ORDER GRANTING SETTLEMENT ADMINISTRATOR'S
APPLICATION FOR ADDITIONAL ADMINISTRATIVE FEES**

Before the Court is the Settlement Administrator's Application for Additional Administrative Fees ("Application"), filed on February 25, 2022. ECF No. 676. The Settlement Administrator seeks the Court's approval of $316,443.31 in fees pursuant to the Release, Compromise, and Settlement Agreement (ECF No. 486-1) ("Settlement Agreement") and its Supplement (ECF No. 605) ("Supplement"). The Settlement Administrator's request exceeds the $300,000 originally allotted for the cost to administer the Services Fund, the work to which

the Settlement Administrator is responsible. The Settlement Agreement requires that the Settlement Administrator obtain the Court's approval for costs exceeding $300,000. The Settlement Administrator had previously requested funds for costs and has already exceeded the $300,000 allotted. Based on its review of the parties' submissions, the Court elects to decide the Motion without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

After careful consideration of the Application, the parties' submissions, record in this case and applicable law, the Court **GRANTS** the Settlement Administrator's Application by approving additional administrative fees in the amount of $316,443.31.

## BACKGROUND

Due to the parties being familiar with the history of this case, the Court shall only briefly recount those matters relevant to the instant Application. The Settlement Agreement sets forth that the Settlement Administrator shall manage and control the Services Fund. ECF No. 486-1 at PageID #: 7235. The Settlement Agreement also allotted $300,000 to pay for the services of the Settlement Administrator and to pay for anyone hired by the Settlement Administrator to assist in the administration/distribution of the Services Fund. Id. Under the Settlement Agreement:

> The compensation for the Settlement Administrator will be paid out of the Services Fund and shall not, without Court approval, exceed $300,000.00 for the services of the Settlement Administrator and anyone the Settlement Administrator chooses to hire to assist in the administration of the Services Fund. Should the Settlement Administrator require more funds, the Settlement Administrator shall make a written request to the Court with notice to all Counsel for the additional funds. Counsel shall be given the opportunity to submit in writing Counsels' position with respect to the request for additional funds.

Id. The Settlement Agreement requires a written request to the Court when administrative costs exceed the allotted $300,000. Id. On October 22, 2020, the Court approved the disbursement of $162,571.00 for additional administrative costs and expenses. ECF No. 609 & 610.

> In order to allow the processing of disbursement requests to continue without interruption, Defendant [did] not object to the approval of additional funds in the amount of $162,571.00. The Court agrees that the approval of additional funds in the amount of $162,571.00 is appropriate. There is no dispute that at least this amount has been and will be reasonably incurred for administrative expenses.

ECF No. 609 at PageID #: 8130. On July 23, 2021, the Court approved another additional disbursement in the amount of $291,031.58. ECF No. 640. The additional disbursement was approved in light of Defendant stating that "it does not object provided that all expenditures are reviewed and approved by the Settlement Administrator as required by the Settlement Agreement." Id. at 8607. The Settlement Administrator currently seeks an additional $316,443.31 in

3

administrative fees. ECF No. 680-1 at PageID #: 9710. The Court now turns to whether the requested amount should be awarded.

## DISCUSSION

The Defendant objects to the Application by arguing that because the Settlement Administrator is seeking approval of costs beyond $1,000,000, the Court should closely scrutinize the request. ECF No. 682 at PageID #: 10090. The Defendant claims that a thorough review of expenditures to date is required, including previously approved amounts. Id. The Defendant also claims that the Application fails to provide the details of work performed by the individuals hired by the Settlement Administrator to assist in the administration of the Services Fund. Id. The Defendant is concerned about the overlap of work and whether expenditures were reasonable and necessary. Id. The Defendant also argues that the Class Counsel hired by the Settlement Administrator to assist in the administration of the Services Fund should not be billing at an attorney's hourly rate for administrative work, which Defendant argues does not require a law degree. Id. at 10092.

The Court agrees with the Defendant in that a careful review of the administrative fee request is essential. However, it is not necessary to scrutinize each hour of work performed by the Services Coordinator ("SC"), an individual hired by the Settlement Administrator to perform administrative work on

distributions made from the Service Funds.  Defendant expresses concern about potential overlap in work, but unlike attorneys, the Court does not find it necessary for the SC to engage in attorney billing practices.  Requiring the SC to log work performance in 0.1 increments is not practical.  In addition, the SC likely did not complete the meticulous timekeeping while working, which is typically required of attorneys.  Requiring the SC to go back now and indicate what tasks were performed during each of their work hours is just simply impractical and would likely result in inaccurate records.  Even if the SC recorded the time and description of work performed, the rules and restrictions regarding timekeeping are usually applicable to attorney billings and not to other types of billings.  Moreover, the tasks performed by the SC, such as maintaining records and preparing invoices for payment, are not the type of tasks typically recorded in billing practices.

     The Court carefully reviewed the fee request and finds that the Settlement Administrator put forth sufficient evidence/information to show that the fees requested are reasonable and appropriate.  The Application describes each category of individuals hired by the Settlement Administrator, the general work performed by each, and the range of pay for each category of individuals.  The Application describes in detail (1) the hourly rate and number of hours of work the Settlement Administrator performed; (2) the number of independent contractors ("ICs"), the range of their hourly pay rate, and the total amount paid to the ICs; (3) the hourly

pay rate of the SC and the total paid to the SC for work performed; (4) the hourly rate of class counsel ("Class Counsel") and the billing invoices showing the hours worked and tasks performed. ECF No. 680-1 at PageID #: 9714-9717. The Application also includes a record of administrative fees from Bank of Hawaii. Id. at 9717.

The Application also describes how the fees being requested were calculated. The Application begins with the total administrative budget, which is $753,602.58. This figure is calculated by adding the $300,000 allowed by the Settlement Agreement; $162,571 (ECF No. 609) in funds approved on November 6, 2020; and $291,031.58 (ECF 640) in funds approved on July 23, 2021. The Application states that "[a]s of December 21, 2021, $699,702.28 of those funds have been spent." ECF No. 680-1 at PageID #: 9717. The remaining balance is $53,900.30, which should be subtracted from the current outstanding balance to arrive at the total fees the Settlement Administrator requests in this Application. The Application describes how the outstanding balance is calculated. Below is a summary of the requested fees based on the information provided in the Application:

| Dates | Description | Fee |
|---|---|---|
| Dec. 2021 | Bank of Hawaii Fee | $450.53 |
| Jan. 2022 | Bank of Hawaii Fee | $433.64 |
| Feb. 2022 | Bank of Hawaii Fee | $427.12 |
| Mar. 2022 | Bank of Hawaii Fee | $430.00 |
| Sep. 2021-Feb. 2022 | Settlement Administrator Fees | $22,617.79 |
| Apr. 2021-Feb. 2022 | SC & Survey Monkey Fees | $58,495.03 |
| July 2018-Dec. 2021 | Class Counsel's Fees | $287,919.50 |
|  | TOTAL: | $370,773.61 |

See id. The Application states that the total fees should be $370,343.61, but the Court's calculation of the total is $370,773.61 as shown in the above chart. However, the Application indicates that the March 2022 Bank of Hawaii fee and the Settlement Administrator's fees are approximate figures. Id. The disparity in total fees shall thus be construed as a difference caused by some of the fees being approximated. The Court shall thus use the fees as indicated in the Application, $370,343.61, which is less than the total calculated by the Court. The remaining balance from previously approved distributions is $53,900.30 and is subtracted from the total fees incurred. The amount of fees the Settlement Administrator seeks is thus $316,443.31 ($370,343.61 - $53,900.30).

The Court also declines to revisit administrative fees previously approved on October 22, 2020 (ECF No. 609) and July 23, 2021 (ECF No. 640). The Defendant did not oppose the Court's approval of the amounts awarded in each administrative fee request. The Court found that for the October 22, 2020

approval, the Defendant did not object to the approval "[i]n order to allow the processing of disbursement requests to continue without interruption[.]" ECF No. 609 at PageID #: 8130. The Defendant also did not object to the July 23, 2021 "provided that all expenditures are reviewed and approved by the Settlement Administrator as required by the Settlement Agreement." ECF No. 640 at PageID #: 8607. In light of this Court's previous review of administrative fees awarded and the lack of objection to the awarded amount, the Court finds that it need not review the previously awarded fees for a second time.

The Court carefully reviewed the Bank of Hawaii fees, Settlement Administrator Fees and the SC & Survey Monkey Fees and finds them reasonable for the following reasons. The Application explains that disbursing the services fund was a highly labor-intensive process in that Eligible Class Members ("ECMs") were difficult to locate and contact. ECF No. 680-1 at PageID #: 9712. Each ECM has unique challenges and thus, each ECM needed to be assessed on an individualized basis. Id. Further ECMs frequently needed guidance in identifying appropriate services for their individualized needs. Id. Finding and matching each individual ECM with service providers was also challenging. Id. ECMs and their caregivers also did not want to use their entire allotments in a single payment in case of possible future needs and thus, distributions were made on a piecemeal basis. Id. at 9712-9713. Costs also increased as the Defendant frequently objected

to the Settlement Administrator's decisions on certain disbursements. Id. at 9713. The COVID-19 pandemic also had a negative effect on disbursements and increased distribution costs. Id. These factors all contributed to the increase in the costs of administration, which is reflected in the fees requested.

The Court now turns to Defendant's objection to the Class Counsel's fees. The Defendant claims that the Class Counsel should not be awarded an attorney's hourly rate for work performed for the Settlement Administrator. ECF No. 682 at PageID #: 10092. The Defendant argues that the Class Counsel's work was administrative and did not require a law degree. Thus, Defendant argues, Class Counsel should be awarded no more than $50 an hour, the highest hourly rate for an IC. Id. at 10093. However, the Defendant also agreed that pursuant to the Settlement Agreement, "the Settlement Administrator was free to hire at his discretion." Id. at 10089 (citing ECF No. 480-1, II(B)(3)). The Settlement Administrator argues that the administrative tasks performed by the Class Counsel "include, but are not limited to:"

> (1) an initial and final review of ECM claims and supporting documents for compliance with the Agreement, the Settlement Administrator's rulings, and the Court's orders before they are submitted to the Settlement Administrator; (2) answering any questions from the ICs or ECMs regarding requests and compliance with the Agreement, the DOE's objections, the Settlement Administrator's rulings, and the Court's orders; and (3) as a named trustee of the Services Fund, authenticating all disbursements from the Services Fund with the Bank of Hawaii.

ECF No. 684 at PageID #: 10119-10120.  The Settlement Administrator argues that these tasks "[could] only be performed by Class Counsel, despite their administrative nature, because they require interpreting the Agreement, the DOE's objections, the Settlement Administrator's rulings, and the Court's orders." Id. at 10120.  The Settlement Administrator also points out that "it is within the Settlement Administrator's discretion to allow Class Counsel their reasonable hourly rate for their services." Id.

   The Court agrees with the parties that the Settlement Administrator had discretion to hire Class Counsel and that such employment was appropriate.  The Court also agrees that the Settlement Administrator had the discretion to allow Class Counsel their reasonable hourly rate.  However, as to the portion of the fees that exceed $300,000, the Settlement Agreement requires court approval of the requested amounts.  It is thus appropriate for this Court to review and determine the reasonableness of the fees requested that exceed $300,000.

   The Court has reviewed the attorney's fees request for Class Counsel[1] and finds that the billing does not reflect any traditional clerical or administrative type

---

[1] Plaintiffs in this case filed an Application for Additional Attorneys' Fees (ECF No. 675) ("Fee Motion") on February 25, 2022, the same day this Application for Additional Administrative Fees was filed.  Exhibit 1 (ECF No. 675-3) to the Fee Motion includes the billing records of the Class Counsel, which is the same billing records of the Class Counsel used in this Application.  However, there is no overlap or double-billing in the fees awarded in the Fee Motion and this Application.  In the Fee Motion, the parties' Joint Statement (ECF No. 679-2)

of work.  The traditional clerical or administrative type of work include "[p]ulling files, scanning documents, emailing documents, receiving documents, downloading documents, copying documents, and calendaring dates[.]"  See Blake v. Nishimura, Civ. No. 08-00281 LEK, 2010 WL 1372420, at *8 (D. Haw. Mar. 31, 2010).  Instead, the billing entries describe drafting, evaluating strategy, ensuring requests were compliant with the Settlement Agreement, communications regarding disbursement requests and emails to individuals regarding compliance and treatment plans.  However, the Court disagrees with the Settlement Administrator that these tasks could only be performed by Class Counsel.  These tasks could have been completed by other attorneys that were on the case or handled by the Settlement Administrator himself, but certainly not an individual that was not an attorney.  However, Class Counsel's hourly rate in this case is $185.00 and was the lowest paid attorney as shown in Plaintiffs' Application for Additional Attorneys' Fees (ECF Nos. 675 & 679).  Further, the Class Counsel's hourly rate is also significantly less than the Settlement Administrator's hourly rate, which is $450.00.  ECF No. 680-1 at PageID #: 9714.

---

indicated that the Plaintiffs were not requesting any fees to which the Defendant objected.  In the Fee Motion, the Defendant objected to every billing made by Class Counsel.  The billing entries made by Class Counsel that were objected to in the Fee Motion are the billing entries that are now being requested in this Application.

11

The Court finds that based on the information the Defendant and Settlement Administrator provided, there were particular tasks in the administration of the Service Funds that required legal interpretation and assistance.  These are the tasks that were assigned to the Class Counsel and could not have been performed by a lay person without legal assistance.  If performed by other qualified attorneys in this case or even by the Settlement Administrator, the attorneys' fees would have been far more expensive.  Based on these reasons, the Court shall not deny the Settlement Administrator's request for Class Counsel fees.

The Court found the Class Counsel's hourly rate reasonable in its Order Granting Plaintiffs' Application for Additional Attorneys' Fees.  ECF No. 688.  In this Application, the Court is well aware of the prevailing market rates in the district of Hawaii for attorneys with comparable skill, experience and reputation, and finds that the Class Counsel's hourly rate is reasonable.  Roberts v. City of Honolulu, 938 F.3d 1020, 1025 (9th Cir. 2019) (citation omitted).  Further, the Court finds that the hours requested for work performed by the Class Counsel are reasonable.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Settlement Administrator's Application for Additional Administrative Fees.  The Settlement Administrator's request for an additional $316,443.31 is approved.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 28, 2022



Rom A. Trader
United States Magistrate Judge

_____

Civ. No. 10-00436 SOM-RT; *E.R.K., et al. vs. Department of Education, State of Hawaiʻi*; Order Granting Settlement Administrator's Application for Additional Administrative Fees