IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| E.R.K, through his legal guardian, R.K., et al.,<br><br>      Plaintiffs,<br><br>   vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>      Defendant. | CIVIL NO. 10-00436 SOM/KSC<br><br>ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE ORDER GRANTING REQUEST FOR ADMINISTRATIVE FEES |

**ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE ORDER GRANTING REQUEST FOR ADMINISTRATIVE FEES**

**I.     INTRODUCTION.**

The present objections to an Order Granting Settlement Administrator's Application for Additional Administrative Fees, which this court construes as Findings and a Recommendation ("F&R"), arise out of the settlement of a certified class action. The underlying claims concerned whether the State of Hawaii Department of Education ("DOE") wrongfully denied services under the Individuals with Disabilities Education Act to individuals the DOE viewed as having "aged out" of being eligible to receive services. This court has previously awarded various expenses and fees in this case.

In an order of April 28, 2022, the Magistrate Judge, acting pursuant to the consent of the parties under 28 U.S.C. § 636(c), awarded $430,608.50 in additional attorneys's fees. *See* ECF No. 688. In an F&R issued the same day, the Magistrate

Judge recommended approval of additional administrative fees of $316,443.31. *See* ECF No. 689. Of this amount, the DOE now objects to $287,919.50 awarded in "Class Counsel's Fees." *See* ECF No. 692. In other words, the Magistrate Judge had before him two requests for attorneys' fees, one for $430,608.50 and one for $287,919.50. The latter amount was sought as administrative expenses rather than as attorneys' fees.

This court adopts the F&R in part and rejects it in part without holding a hearing. *See* Local Rule 7.1(c) ("Unless specifically required, the court may decide all matters, including motions, petitions, and appeals, without a hearing."). This court declines to award attorneys' fees as administrative expenses, as this court has a local rule governing motions for attorneys' fees that must be followed. However, the court adopts the F&R to the extent it awards $28,523.81 in other administrative fees ($316,443.31 - $287,919.50 = $28,523.81). The denial of attorneys' fees sought under the guise of administrative fees is without prejudice to another motion seeking those fees.

**II.      STANDARD.**

A district judge reviews *de novo* those portions of a magistrate judge's F&R to which an objection is made and may accept, reject, or modify it, in whole or in part. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); Local Rule 74.1; *see also*

*Masuda-Cleveland v. Life Ins. Co. of N. Am.*, 2021 WL 3683911, at *2 (D. Haw. Aug. 19, 2021). In other words, when there is an objection to all or part of an F&R, a district judge reviews the part objected to "anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirectTV, Inc.*, 457 F.3d 1001, 1005 (9th Cir. 2006). A district judge may accept those portions of the F&R that are not objected to when satisfied that there is no clear error on the face of the record. *See Walsh v. Bowers*, 2022 WL 355126, *2 (D. Haw. Feb. 7, 2022); *United States v. Bright*, 2009 WL 5064355, *3 (D. Haw. Dec. 23, 2009); *Stow v. Murashige*, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).

**III.     ANALYSIS.**

This court adopts the F&R to the extent that it awards administrative fees for expenses other than attorneys' fees, as no clear error is apparent from the record. However, to the extent the F&R recommends an award of $287,919.50 for administrative fees that are actually attorneys' fees, the court declines to award such attorneys' fees at this time.

This is not the first attorneys' fees request in this case. On March 1, 2016, this court awarded $100,000.00 as a partial award of attorneys' fees, which this court characterized as "a one-time interim fee reimbursement." *See* ECF No. 345, PageID # 6346. Because the court anticipated another motion for

attorneys' fees and because of the substance of the first fee request, this court provided some guidance for future attorneys' fees motions:

> First, E.R.K. should limit any request to reasonable attorneys' fees incurred and must meet and confer with the DOE to explore settlement of the fees. This court hopes E.R.K. will exclude from any future motion instances of "overzealous and overreaching" work.
>
> Second, in any motion for attorneys' fees, E.R.K. shall seek only reasonable hourly rates. The court cautions that the fees requested in the present motion may not reflect reasonable time spent on matters at reasonable hourly rates. *See Dimitrion v. Morgan Stanley Home Loans*, 2014 WL 4639130, *4, (D. Haw. Sept. 16, 2014); *Yonemoto v. Dept. of Veterans Affairs*, 2012 WL 1989818, *6 (D. Haw. June 1, 2012); *Seven Signatures General Partnership v. Irongate Azrep BW LLC*, 871 F. Supp. 2d 1040, 1053-54 (D. Haw. 2012); *Eggs 'N Things Intl. Holdings PTE, Ltd. v. ENT Holdings LLC*, 2012 WL 1231962, *1 (D. Haw. Mar. 20, 2012). If the amount of awardable fees is contested, the court is not likely to award the hourly rates approved of in the unopposed Findings and Recommendation in *Eckerle v. Deutsche Bank Nat'l Trust*, Civ. No. 10-00474 SOM-BMK, Doc. No. 74 (Mar. 14, 2012). Nor is the court likely to award 2016 rates for 2010 work.
>
> Third, in any motion for attorneys' fees, the court is not likely to award compensation for time spent by staff other than paralegals. *See HRPT Props. Trust v. Lingle*, 775 F. Supp. 2d 1225, 1239-40 (D. Haw. 2011) ("This Court does not compensate for the time expended by other professionals such as librarians, litigation specialists, litigation coordinators, or legal assistants, whose requested hourly rates exceed even the

4

> rates typically awarded to experienced attorneys in Hawaii.").
>
> Fourth, **in any motion for attorneys' fees, the court is likely to cut time for clerical or ministerial tasks performed by attorneys**. *Seven Signatures*, 871 F. Supp. 2d at 1057. **This may include such things as contacting potential class members via the telephone, unless E.R.K. demonstrates with respect to the calls that attorneys had to be the ones performing such work.**
>
> Fifth, a motion for attorneys' fees should not include duplicative fees. The court does not generally permit more than one attorney to bill for attending: (1) a meeting between co-counsel; (2) a client meeting; or (3) a meeting with opposing counsel. *See HRPT Props.*, 775 F. Supp. 2d at 1240 ("duplicative time spent by multiple attorneys is non-compensable. The general rule is that two professionals cannot bill for attending the same meeting.").
>
> Finally, any motion for attorneys' fees shall include timesheet descriptions that allow this court to determine the reasonableness of the work and should not contain block billing. *See HRPT*, 775 F. Supp. 2d at 1240; Local Rule 54.3.

ECF No. 345, PageID #s 6347-48 (emphasis added).

In a second order regarding attorneys' fees, this court reiterated, "This court previously warned class counsel that the court was likely to cut time for clerical or ministerial tasks performed by attorneys." ECF No. 550, PageID # 7724 (quotation marks and citation omitted).

Before filing the present request for attorneys' fees, the parties appear to have met and conferred, as required by this

court's order of March 1, 2016, and by local rules. In the Joint Statement by Counsel Regarding Plaintiffs' Application for Additional Attorneys' Fees, Plaintiffs' counsel states that $457,266.75 would be sought for attorneys' fees incurred. *See* ECF No. 675-4, PageID # 9427. Plaintiffs did seek such fees. *See* ECF Nos. 675, 679. The Magistrate Judge, pursuant to consent by the parties, awarded $430,608.50 in attorneys' fees. *See* ECF No. 688. The DOE has sought reconsideration of that award by the Magistrate Judge. *See* ECF No. 691.

In the Joint Statement of February 25, 2022, Plaintiffs' counsel notes that the DOE objected to $259,421 in attorneys' fees on the ground that those fees were for administrative tasks. *See* ECF No. 675-4, PageID # 9430. Given that objection, Plaintiffs' counsel sought those fees as "administrative fees," rather than as part of the request for attorneys' fees. *See id.* However, the hourly rate the attorneys' charged was not reduced to account for administrative or ministerial work. *See id.; see also* ECF No. 676, PageID # 9444-45 (seeking $259,421 for "class counsel's fees").

In other words, instead of submitting a request for attorneys' fees that did not include "clerical or ministerial tasks performed by attorneys . . . such . . . as contacting potential class members via the telephone, unless E.R.K. demonstrates with respect to the calls that attorneys had to be

6

the ones performing such work," Plaintiffs embraced the administrative nature of the fees and submitted a request for the attorneys' fees as administrative fees, claiming the same hourly rate.  While the Magistrate Judge found that the tasks underlying the requested fees could not have been performed by "an individual that was not an attorney," ECF No. 689, PageID # 10164, the present record does not sufficiently establish that.

The administrative fee request, ECF No. 676, included a copy of an Independent Contractor Agreement in which the contractor was to be paid $25 per hour.  *See* ECF No. 676-4, PageID # 9470.  That agreement stated:

> c.   It is anticipated that Contractor will initially perform activities including, but not limited to, the following:
>
> * Contacting eligible class members (ECMs) and their representatives to explain the class action settlement and each ECM's entitlements (by telephone and email to the extent possible) for services and reimbursements out of the settlement's Services Fund;
>
> . . . .
>
> * Collaborating with ECMs and/or their representatives to explore appropriate services and delivery;
>
> * Making referrals to service providers in each ECM's community;
>
> . . . .
>
> * Creating and updating spreadsheets to track treatment plans;

```
             * Creating and updating accounting
        spreadsheets;

             * Creating and updating a master
        spreadsheet of all ECMs; and

             * Assisting in packaging disbursement
        requests to be reviewed by the attorneys.
```

ECF No. 676-4, PageID #s 9469-70.

Plaintiffs submit timesheets corresponding to the attorneys' work on this case.  It is not at all clear that those fees do not include "clerical or ministerial tasks performed by attorneys . . . such . . . as contacting potential class members via the telephone, unless E.R.K. demonstrates with respect to the calls that attorneys had to be the ones performing such work." The timesheets contain numerous entries such as "Teleconference calls and attempts to call Tier 1 class member guardians regarding settlement and survey" and "Teleconference calls with Tier 1 class members regarding matching class member with services."  *See* ECF No. 676-6, PageID # 9479.  Plaintiffs provide no explanation as to why someone other than an attorney, such as the independent contractor contemplated in ECF No. 676-4, could not have completed such tasks at a greatly reduced hourly rate. While the Settlement Administrator certainly had discretion in hiring someone to conduct administrative tasks, the current record does not establish that an attorney was necessary to do so.

Some of the requested attorneys' fees also correspond to actions that are certainly administrative in nature. For example, the fees sought include "Updates to settlement allocation master list regarding summary of contacts regarding disbursements, updates to contact information, and further action needed." ECF No. 676-6, PageID # 9479.

The court notes that, because the attorneys' fees were sought as administrative fees, Plaintiffs did not completely comply with Local Rule 54.2 (e.g., requiring summary tables). The court also notes that the requested fees are in many instances itemized in block billing, which this court warned against.

The court therefore declines to award any attorneys' fees sought as administrative fees. Instead, Plaintiffs are given leave to file another motion seeking the same fees no later than July 1, 2022. Any such motion should submit specific explanations justifying the billing rate of an attorney for each specific administrative or ministerial task (as opposed to general references). In other words, with respect to each item or category of items billed, the motion should describe why a layperson could not have taken such actions. If the requested fees could have been done by a person who is not an attorney, then the requested fee should be reduced to an hourly rate corresponding to such work by a layperson.

This court understands that an attorney could have been working on other matters for other clients at the requested hourly rates. However, Plaintiffs have long been on notice that any attorneys' fees incurred for administrative and ministerial tasks would likely be cut unless Plaintiffs could demonstrate that those tasks had to be done by attorneys. As demonstrated by the language in the Independent Contractors Agreement, many of the tasks performed by attorneys in this matter could likely have been done by nonattorneys at a greatly reduced hourly rate. This court is not saying here that attorneys cannot recover for work that was not referred to contractors. This court is only noting that the record does not include any justification for attorneys' having done that work.

**IV.      CONCLUSION.**

This court adopts the F&R in part and rejects it in part, declining to award attorneys' fees as administrative expenses. The court adopts the F&R to the extent it awards $28,523.81 in other administrative fees ($316,443.31 - $287,919.50 = $28,523.81). The denial of attorneys' fees sought under the guise of administrative fees is without prejudice to another motion seeking those fees filed no later than July 1, 2022.

```
          IT IS SO ORDERED.

          DATED: Honolulu, Hawaii, June 1, 2022.
```



```
                              /s/ Susan Oki Mollway
                             Susan Oki Mollway
                             United States District Judge
```

R.P.-K, et al. v. Dep't of Educ., State of Hawaii, Civ. No. 10-00436 SOM/KSC; ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE ORDER GRANTING REQUEST FOR ADMINISTRATIVE FEES

11