IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| E.R.K, through his legal guardian, R.K., et al., | ) ) ) | CIVIL NO. 10-00436 SOM/RT |
| Plaintiffs, | ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST FOR ADMINISTRATIVE FEES AND ATTORNEYS' FEES |
| vs. | ) ) | |
| DEPARTMENT OF EDUCATION, State of Hawaii, | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST FOR ADMINISTRATIVE FEES AND ATTORNEYS' FEES**

**I.      INTRODUCTION.**

This certified class action, originally filed in 2010, was filed to address the denial by the State of Hawaii Department of Education ("DOE") of services under the Individuals with Disabilities Education Act ("IDEA") to individuals that the DOE viewed as having "aged out" of being eligible to receive services. Originally assigned to a different district court judge, this case went to the Ninth Circuit, which held that the individuals had been prematurely denied services. On remand, this matter was settled, with the DOE agreeing to deposit $8,750,000.00 into an interest-bearing bank account ("Services Fund") and to pay class counsel $1,500,000 in attorneys' fees and costs, an additional $250,000 in attorneys' fees with court approval, and such other attorneys' fees as class counsel might request from the court with notice to DOE counsel. *See* ECF No.

486-1, PageID #s 7234-35.  As of July 2022, the Services Fund had a balance of $285,779.15, with approximately $95,000 in pending disbursements at that time, and the court had before it the matters sought by the present motion.  *See* ECF No. 706, PageID # 10722.  The DOE argues, and this court agrees, that any additional attorneys' fees must be paid out of the Services Fund because the DOE has no further obligation under the Settlement Agreement.  *See id.*, PageID # 10726-27; ECF 486-1, PageID # 7235 ("Should Class Counsel seek additional attorneys' fees and costs from the Services Fund, Class Counsel shall make a written request to the Court with notice to HIDOE counsel.").

To date, Plaintiffs have received more than $2 million in attorneys' fees.  In the present motion, filed on July 1, 2022, Plaintiffs seek $238,241.50 in fees.[1]  *See* ECF No. 705. This amount covers the same fees that the court declined to award as administrative fees in ECF No. 700.  The court now awards Plaintiffs' counsel a total of $143,291.40 from the Services Fund.  This amount is calculated by adding an award of $2,425.50 of the $3,465.00 requested (70 percent of the requested amount)

---

[1] Many of Plaintiffs' prior requests for fees were handled by Magistrate Judge Rom Trader, either with the parties' consent that he issue a final order or with review by the present district judge when objections were lodged.  Although that process was initially followed with the present motion, the magistrate and district judges assigned to this case ultimately decided to collaborate and to have the district judge issue the resulting order.

for administrative work, plus an award of $140,865.90 of the
$234,776.50 requested (60 percent of the requested amount) in
attorneys' fees.  The fees awarded from the Services Fund shall
not exceed the balance of the Services Fund.

**II.      BACKGROUND.**

  Because the parties and the court are familiar with the
lengthy history of this case, the court provides only a synopsis
of the relevant facts.  On December 8, 2017, this court approved
a settlement in this class action.  *See* ECF No. 482.  The
Settlement Agreement provided for the funding of a Services Fund
(a fund from which special education and related services were to
be provided to eligible class members who had not previously been
offered those services) in the amount of $8,750,000.00.  The
Settlement Agreement also provided for $1,500,000 in attorneys'
fees.  ECF No. 486-1 at PageID # 7234-7235.  The Settlement
Agreement provided that "an additional $250,000.00 may be awarded
to Class Counsel out of the Services Fund upon application to and
approval by the court."  *Id.*, PageID # 7235.  The Settlement
Agreement additionally allowed class counsel to "seek additional
attorneys' fees and costs from the Services Fund" via a written
request to the court with notice to the DOE.  *Id.*

  The Settlement Agreement provided for the appointment
of a Settlement Administrator.  *Id.*  On December 27, 2017,
retired Hawaii Supreme Court Associate Justice James E. Duffy,

Jr., was appointed as the Settlement Administrator and given the
task of managing and controlling the Services Fund.  *Id.* at 7233-
35; ECF No. 493.  The Settlement Administrator's job was to
handle the following matters:

> Promptly review and at his/her discretion
> approve payments/reimbursements when an ECM
> [eligible class member] submits an invoice
> for current Services, verification of payment
> for past Services, and/or treatment plan for
> future Services to the Settlement
> Administrator for approval.

ECF No. 486-1, PageID # 7238.  The Settlement Administrator was
authorized to do the following:

> hire and supervise (1) a person or persons
> knowledgeable about the IDEA and related
> services; (2) a bookkeeper and/or an
> accounting service, which will be responsible
> for direct payment to providers and
> reimbursement payments to individuals;
> and/or, (3) staff persons to facilitate
> effective communication with ECMs.

*Id.*  The Settlement Administrator hired independent contractors,
services coordinators, and Plaintiffs' counsel to perform
administrative tasks and to administer the Services Fund.  *See*
ECF No. 680-1, PageID # 9714-16.

On March 1, 2016, this court awarded Plaintiffs
$100,000 in interim attorneys' fees, recognizing at that time
that it had been more than five and a half years since the
inception of this case and that there was no dispute that
Plaintiffs had incurred at least $100,000 in additional
attorneys' fees awardable under the Settlement Agreement.  *See*

4

ECF No. 345 at PageID # 6345-46.  Because this court could foresee further motions seeking attorneys' fees and had studied the nature of that initial request for fees, the court, as summarized below, provided Plaintiffs with guidance with respect to future motions seeking reasonable attorneys' fees:

>    1.    Plaintiffs were to exclude from future fee requests "overzealous and overreaching" work;
>
>    2.    Plaintiffs were to seek only reasonable hourly rates;
>
>    3.    The court would not award attorneys' fees for time spent by staff other than paralegals;
>
>    4.    The court would not award attorneys' fees for clerical/ministerial tasks performed by attorneys, including contacting potential class members via phone, unless Plaintiffs demonstrated that attorneys had to be the ones performing such work;
>
>    5.    Plaintiffs were to exclude duplicative fees; and
>
>    6.    Any fee request should include timesheet descriptions that did not contain block billing.

*See id.* at 6347-48.

On November 8, 2018, and December 16, 2019, the court additionally awarded Plaintiffs $35,032.45 and $75,000.00 in interim attorneys' fees.  *See* ECF Nos. 510 and 550.  In the 2019 order, the court reiterated, "This court previously warned class counsel that the court was likely to cut time for clerical or

ministerial tasks performed by attorneys." ECF No. 550, PageID
# 7724 (quotation marks and citation omitted).

On February 25, 2022, Plaintiffs sought $456,437.29 in
further attorneys' fees. *See* ECF No. 675. The parties consented
to having Magistrate Judge Trader decide that motion. *See* ECF
No. 694. Magistrate Judge Trader ruled that Plaintiffs were not
limited by the Settlement Agreement to an additional $250,000 of
attorneys' fees above the $1,500,000 already received as part of
the settlement. Magistrate Judge Trader noted that the
Settlement Agreement provided, "Should Class Counsel seek
additional attorneys' fees and costs from the Services Fund,
Class Counsel shall make a written request to the Court with
notice to HIDOE counsel." *See* ECF No. 688, PageID #s 10139,
10141-43. Magistrate Judge Trader awarded an additional
$430,608.50 in attorneys' fees, calculated as follows:

| Attorney | Reasonable Hourly Rate | Hours Charged | Total |
|---|---|---|---|
| Paul Alston | $500.00 | 22.4 | $11,200.00 |
| Kirstin L. Holland | $325.00 | 95.5 | $31,037.50 |
| Erika L. Amatore | $300.00 | 273.2 | $81,960.00 |
| Meredith G. Miller | $250.00 | 618.0 | $154,500.00 |
| Janna W. Ahu | $185.00 | 805.6 | $149,036.00 |
| Louis Erteschik | $250.00 | 11.5 | $2,875.00 |
| | | **Total:** | $430,608.50 |

*Id.*, PageID #s 10152-53.

Also on February 25, 2022, the Settlement Administrator
sought additional administrative fees, much of which actually

6

involved attorneys' fees.  *See* ECF No. 676.  Magistrate Judge
Trader awarded $316,443.31 in administrative fees.  *See* ECF No.
689.  When the DOE objected to that award, this court awarded
$28,523.81 of the requested administrative fees, but declined to
award the remaining fees, giving Plaintiffs leave to file another
motion seeking $287,919.50 in attorneys' fees rather than
administrative fees.  The court noted that most of the amount
appeared to be for administrative work charged at attorneys'
hourly rates.  *See* ECF No. 700.  The present motion generally
seeks those same administrative fees now characterized as
attorneys' fees, with a small portion of the motion seeking
administrative fees.  *See* ECF No. 705.

III.     **ANALYSIS.**

        Plaintiffs seek $238,241.50 in additional
administrative and attorneys' fees.  *See* ECF No. 705.  Their
motion divides the requested fees into 23 "Tasks," which this
court refers to as categories.  When fees are requested as
attorneys' fees but appear administrative in nature, the court
does not convert the request to one for administrative fees.  The
court reasons that it has already given Plaintiffs a second
chance to seek fees.

        Ultimately, the court awards $2,425.50 for the
administrative work reflected in Category 1 and $140,865.90 in
attorneys' fees for Categories 3 through 23.  Nothing is awarded

for Category 2, which involves "write offs" for which Plaintiffs are not seeking fees.

In the Ninth Circuit, a court may determine reasonable attorneys' fees in two ways. It may do the traditional lodestar analysis. However, when faced with a "massive" or "voluminous" request, a court may make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical way of "trimming the fat" and determining what is reasonable. When a court chooses to make a percentage cut, the court must set forth a concise and clear explanation of its reasons justifying the percentage cut and the court's determination of fees is subject to heightened scrutiny. See *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir 2013); *Gates v. Deukmejian*, 987 F.2d 1392, 1399-1400 (9th Cir. 1992).

The fee request presently before this court presents circumstances not typical of fee requests. Here, more than $2 million in fees have already been awarded. Moreover, the fees currently under review were originally submitted as a request for administrative fees by the Settlement Administrator, demonstrating that those fees were, at least in part, viewed as being for administrative matters, rather than legal work. *See* ECF No. 676. This court had expressed concern in connection with previous fee requests that Plaintiffs not seek payment at attorneys' hourly rates for administrative tasks. In earlier

8

denying the Settlement Administrator's fee request covering the very fees at issue here, the court worried that attorneys' hourly rates not be charged for work that could have been performed by nonlawyers.  As noted earlier, the court denied the prior fee request and gave Plaintiffs leave to file another motion correctly characterizing the fees.  *Id.* at 10462.  Plaintiffs responded by dividing the originally requested administrative fees into administrative fees and attorneys' fees, with the bulk of the fees now being sought as attorneys' fees.

With respect to motions for attorneys' fees, clerical and ministerial tasks are not compensable because they are part of an attorney's overhead and are reflected in the charged hourly rate.  *See Hawaii Def. Found. v. City & Cnty. of Honolulu*, 2014 WL 2804445, at *8 (D. Haw. Apr. 22, 2014), *report and recommendation adopted as modified*, 2014 WL 2804448 (D. Haw. June 19, 2014).

> Examples of clerical work include: filing court documents or confirming that court documents have been filed; organizing and maintaining files and binders for intra-office use; delivering or transmitting documents; preparing memoranda for office files; bates stamping or other labeling of documents; organizing documents for production; coordinating service of documents; and formatting or printing documents; reviewing court-generated notices; notifying clients of court hearings; communications with court staff; scheduling; and corresponding regarding deadlines.

*Id.*

Similarly, requests for hours identifying and organizing exhibits are not compensable. *See Hawaii Motorsports Inv., Inc. v. Clayton Grp. Servs., Inc.*, 2010 WL 4974867, at *6 (D. Haw. Dec. 1, 2010), *report and recommendation adopted*, 2010 WL 5395669 (D. Haw. Dec. 22, 2010).

Plaintiffs' motion attaches 152 pages of timesheets in a small font. Plaintiffs break down those fees into 23 categories. Each timesheet entry is placed into one or more categories. The court has spent several hundred hours analyzing every entry in every category. This has required the court to go through the 152 pages of timesheets dozens of times. Faced with this voluminous and massive fee request, and guided by the Ninth Circuit's rulings in *Gonzalez* and *Gates*, the court awards 70 percent of the administrative fees requested and 60 percent of the attorneys' fees requested.

These percentage reductions reflect the court's estimation of fees that are proper to award in this case. Plaintiffs' submission is far from streamlined. In fact, Plaintiffs even submit time entries for which they are not seeking a fee award. Their time entries also contain block billing that makes it difficult to determine which category applies to which time entry. Many of the entries are vague or so redacted that the court cannot tell why fees should be awarded at all for those matters. Many of the entries are clearly for

10

administrative or ministerial work that could have been done by a nonattorney or should have been considered the attorneys' overhead.

While the court has gone through the timesheets on a line-by-line basis numerous times, adding up the time representing reasonable fees would be a nightmare and would likely lead to many mistakes.  The court therefore adopts the practical percentage reduction approach approved of in the Ninth Circuit's *Gonzalez* and *Gates* decisions.  But in determining the appropriate percentages, this court is informed by its lengthy and detailed review of line items in Plaintiffs' submissions.  In the course of preparing this order, this court has created spreadsheets, charts, and lists, all of which were time-consuming and detailed.  The court does not attach its drafts of these documents, as they were continuously revised and a final version would take many hours to complete.  The court cannot overstate the time and effort spent on trying to discern a fair amount.

In the pages that follow, the court discusses the DOE's objections and explains why it cuts the fee requests and how it calculated the resulting percentages.

A.   **The Settlement Agreement Provides Class Counsel With: (1) a $1,500,000 Payment; (2) an Additional $250,000 of Attorneys' Fees Upon Application and Approval of the Court; and (3) Additional Attorneys' Fees and Costs from the Services Fund upon Written Request to this Court with Notice to Doe Counsel.**

The DOE's initial objection to the motion is that the court's prior rulings purportedly preclude Plaintiffs from being awarded attorneys' fees in excess of $1,750,000.  *See* ECF No. 706, PageID #s 10723-27.  This argument has been previously rejected.

In 2019, this court noted that the Settlement Agreement provided that class counsel would be paid $1,500,000 out of the Services Fund.  Because Plaintiffs were seeking additional attorneys' fees beyond that $1,500,000, the court referred to another provision in the Settlement Agreement that authorized an additional $250,000 of attorneys' fees upon application to and approval by the court, noting that the DOE had not opposed the award of such fees.  *See* ECF No. 550, PageID #s 7720-21.  The court did not at that time discuss the third attorneys' fees provision in the Settlement Agreement, which was not then applicable.

When Plaintiffs sought $456,437.29 in further attorneys' fees in 2022, *see* ECF No. 675, Magistrate Judge Trader, proceeding with the consent of the parties, ruled that Plaintiffs were not limited to $1,500,000.00 plus the additional

12

$250,000.00 of attorneys' fees under the Settlement Agreement. He noted that the Settlement Agreement had a third attorneys' fees provision: "Should Class Counsel seek additional attorneys' fees and costs from the Services Fund, Class Counsel shall make a written request to the Court with notice to HIDOE counsel."  See ECF No. 688, PageID #s 10139, 10141-43; ECF No. 702, PageID #s 10484-85 (reconsideration order ruling same).  That ruling is law of the case.  Moreover, this judge agrees that Plaintiffs are not limited to seeking $1,500,000 plus an additional $250,000 in attorneys' fees.  The second provision referred to "application to and approval by the Court," while the third provision contemplated a "written request to the Court with notice to HIDOE counsel."  This separate language indicated the parties' intent that Plaintiffs be allowed to seek attorneys' fees beyond the $1,500,000 plus $250,000.

> **B.   This Court Has Already Established Reasonable Hourly Rates for Class Counsel.**

The DOE argues that the hourly rates charged by Class Counsel should be reduced because of their lack of experience with IDEA law and should reflect the appropriate rate for each year between 2018 and 2022.  *See* ECF No. 706, PageID #s 10731-36. This argument ignores the Magistrate Judge's determination last year of reasonable hourly rates, which took into account each attorney's experience and the rates of local attorneys who have

IDEA experience.  Magistrate Judge Trader awarded $430,608.50 based on the following:

| Attorney | Reasonable Hourly Rate | Hours Charged | Total |
|---|---|---|---|
| Paul Alston | $500.00 | 22.4 | $11,200.00 |
| Kirstin L. Holland | $325.00 | 95.5 | $31,037.50 |
| Erika L. Amatore | $300.00 | 273.2 | $81,960.00 |
| Meredith G. Miller | $250.00 | 618.0 | $154,500.00 |
| Janna W. Ahu | $185.00 | 805.6 | $149,036.00 |
| Louis Erteschik | $250.00 | 11.5 | $2,875.00 |
| | | **Total:** | $430,608.50 |

*See* ECF No. 688, PageID #s 10145-50, 10152-53.  This court now applies the same lodestar here, as the timeframe for the attorneys' fees in that earlier order corresponds to the timeframe here.

> **C.   The Court Awards $2,425.50 for What Plaintiffs Themselves Label Administrative Work in Category 1.**

In Category 1, Plaintiffs propose that they be awarded administrative fees at a flat rate of $50 per hour for the administrative tasks class counsel did.  *See* ECF No. 705 at PageID # 10516.  The record in this case contains a copy of an Independent Contractor Agreement in which the Settlement Administrator agrees to pay an independent contractor $25 per hour.  *See* ECF No. 676-4, PageID # 9470.  While the Settlement Administrator's previous request for fees represented that independent contractors were paid between $28 and $50 per hour, *see* ECF No. 676, PageID # 9441, that representation was not

14

supported by the evidence attached to the motion.  Instead, the motion attached an agreement stating that "[t]he Settlement Administrator will pay Contractor the total sum of twenty-five ($25.00) per hour for work performed under this agreement."

When seeking attorneys' fees, Plaintiffs bear the responsibility of submitting evidence to support a requested hourly rate.  *See Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019).  The court sees no reason to view the burden differently when Plaintiffs seek fees for administrative tasks performed by attorneys.  No party argued otherwise.  Plaintiffs fail to meet their burden of establishing an hourly rate of $50 per hour when an attorney performed administrative work.

The Settlement Administrator could have hired an independent contractor to do the administrative work that class counsel did.  Presumably, the Settlement Administrator could have paid an hourly rate consistent with that of independent contractors, as established by the record ($25 per hour).  But the court has before it no contract for class counsel to do such work.  Instead, this court has only class counsel's assertion that Plaintiffs' attorneys should be paid $50 per hour for administrative work.  That is the rate the DOE previously suggested for administrative fees when Plaintiffs were seeking the entire amount at issue here as administrative fees.  *See* ECF

15

No. 682, PageID # 10093 ("HIDOE respectfully requests that this
honorable Court reduce the amount sought by the Application and
adjust the hourly rate to for [sic] administrative work claimed
to have been performed by Class Counsel to $50/hr.").  While the
record does not establish that the Settlement Administrator would
have hired class counsel to do administrative work at $50 per
hour, the court agrees that it is likely there was, at least to
some extent, a benefit to having experienced counsel do some of
the work.  Class counsel might have been consulted by independent
contractors had such contractors been hired; certainly class
counsel had in-depth knowledge of the Settlement Agreement's
terms.  Class counsel's knowledge justifies a rate higher than
the $25 per hour for independent contractors established by the
record.  In other words, the court determines that, had the
Settlement Administrator hired class counsel to do administrative
tasks, the hourly rate would probably have been greater than the
minimum of $25 per hour.

        But, while having an attorney work on matters for class
members may have been beneficial, it is not at all clear that it
was necessary.  For example, Plaintiffs seek fees for a
teleconference regarding a class member's birthdate, *see* ECF No.
705-3, PageID # 10560 (09/25/2018 entry).  Such information could
have been gathered by anyone, not necessarily a lawyer.
Similarly, an attempt to contact a class member, *see*, *e.g.*, ECF

No. 705-3, PageID #s 10562 (10/4/2018 entry) and 10568 (12/4/2018 entry), is a matter that could have been done by a nonattorney. Creating a spreadsheet for November 2018 disbursements, *see* ECF No. 705-3, PageID # 10565 (10/30/2018 entry), is something that a nonattorney or an independent contractor could have done.

While some tasks could conceivably have been performed by paralegals, whose work the court earlier indicated could be recognized in a fee award, Plaintiffs identify no paralegal work in their present motion.  The work in issue appears to have been performed by attorneys at attorneys' rates.

Instead of clearly identifying the work that they seek administrative fees for, Plaintiffs simply refer to them as "Task 1" in their 152 pages of timesheets.  Those references are often included in longer entries covering attorneys' fees for other matters, and Plaintiffs provide no explanation as to exactly which timesheet entries correspond to which administrative requests.  For example, a December 4, 2018, entry refers to half an hour of work, but places it in categories corresponding to administrative work at $50 per hour, time written off, and time sought as attorney's fees.  *See* ECF No. 705-3, PageID # 10568. The problem is that the court cannot tell how much time corresponds to each category.

In opposing the fee request, the DOE attached 143 pages of timesheets, highlighting DOE objections but leaving it to the

17

court to compare the highlighted version with Plaintiffs'
original timesheet submission.  The court, while considering the
DOE's broader arguments, does not see itself as required to match
up a 152-page document and a 143-page document line by line,
especially when the line entries (all in small fonts) are not in
identical order.

        To add to the difficulties facing the court, some of
the Category 1 timesheet entries are vague.  For example, they
refer to "updat[ing] master accounting for Services fund and
monitor[ing] budget for administrative services" and to reviewing
a master list related to independent contractors and disbursement
progress.  ECF No. 705-3, PageID #s 10580 and 10590.  This court
cannot tell exactly what was done.

        This court is left to deal with the lack of clarity in
the time entries and the absence of a contract setting forth the
rate for administrative work by class counsel, while recognizing
the benefit of having attorneys do even some administrative work.
Instead of requiring Plaintiffs to submit yet another motion
justifying reasonable administrative fees, the court concludes
that an hourly rate between $25 and $50 per hour is justified.
As noted above, when facing a massive fee request such as the
present one, this court has the authority to make
across-the-board percentage cuts to the number of hours claimed
or to the hourly rate as a practical means of excluding

noncompensable hours from a fee application, so long as the court sets forth a concise and clear explanation for the reduction. See *Gonzalez*, 729 F.3d at 1203; *Gates*, 987 F.2d at 1399-1400. The court applies this approach to this request for administrative fees.

The court awards 70 percent of the administrative fees requested to reflect an award at a reasonable hourly rate.  That is, the court awards $2,425.50 in administrative fees. Plaintiffs have had multiple opportunities to seek administrative fees.  Further motions seeking administrative fees for the same time period are likely to be summarily denied.  A 30 percent reduction reflects the court's best estimate of the amount of fees that are not adequately supported by Plaintiffs.

### D.   The Court Awards Nothing For Category 2, Which Corresponds to Entries For Which Plaintiffs Are Not Seeking Fees.

Plaintiffs placed in Category 2 "Write-offs for 'duplicative tasks and/or internal communications from the invoices."  ECF No. 705, PageID # 13.  That is, Plaintiffs are not seeking reimbursement for those fees.  It is not at all clear why the timesheets submitted to the court even contain the entries corresponding to the "write-offs."  The independent entries (e.g., entries on July 20 and 25, 2018), could have been omitted to simplify the fee request.  The block billing entries, such as the one on August 3, 2018, could have been redacted to

omit fees not requested.  In any event, consistent with
Plaintiffs' characterization, the court awards none of the fees
in Category 2.

### E.   Fees For Preparing Legal Documents Are Awarded, But Not To the Extent Requested in Categories 3, 8, and 20.

Fees incurred with respect to preparing legal documents
correspond to work usually performed by attorneys.  That is,
"drafting legal papers is normally compensable as legal work."
*In re Garcia*, 335 B.R. 717, 728 (B.A.P. 9th Cir. 2005).
Accordingly, the court generally awards the fees requested in
Categories 3 (drafting legal documents), 8 (redactions to comply
with state and federal law), and 20 (responding to DOE
objections).  However, this court does not award the full amounts
sought.

Some of the categories insufficiently describe why the
work was done by attorneys.  For example, Plaintiffs' inclusion
of "etc." in "task" descriptions is insufficient to explain why
those tasks needed to be performed by attorneys.  With respect to
Category 3, for example, Plaintiffs assert that attorneys were
necessary to draft legal documents and contracts.  However, their
description of items included are not limited to documents and
contracts.  It is not at all clear that attorneys were necessary
to draft "exhibits" and other unidentified documents.  *See* ECF
No. 705, PageID # 10518.

20

With respect to Category 3, the court denies Plaintiffs' requests for fees for vague, clerical, or misclassified matters.  Such requests refer to, for example, drafting a "worksheet"; preparing exhibits; emailing about a survey; revising a master list; drafting a letter guaranteeing tuition payment; drafting a recommendation or requests; revising a coversheet; drafting an email transmittal; emailing an information worksheet and revisions; reviewing an information worksheet; revising a disbursement claim/request; emailing regarding a disbursement; emailing regarding a reimbursement and affidavit; reviewing and responding to emails; attempting to contact class members; listening to a voicemail from Bank of Hawaii regarding authenticating disbursements; reviewing and analyzing request for additional funds from Bank of Hawaii; reviewing and analyzing unidentified documents; reviewing hiring options; coordinating administrative fee disbursements; conferences regarding notary issues; emailing regarding billing; emailing regarding class members assignments; emailing to confirm interviews; drafting a proposal for temporary hiring and administrative budgeting; revising a budget analysis and proposal for temporary hires; participating in a teleconference regarding a service provider and agreement; attending to transition issues;

and entries that are so redacted that the court cannot tell what they are for.[2]

As long ago as March 2016, this court warned Plaintiffs with respect to their first request for attorneys' fees that the court would not award attorneys' for clerical/ministerial tasks performed by attorneys unless Plaintiffs demonstrated that the ones performing such work had to be attorneys. *See* ECF No. 345 at PageID # 6347-48. Plaintiffs have not shown that the above examples concerned work requiring attorneys. Rather than detailing the need for attorneys to do the work, Plaintiffs have simply submitted general references to work.

---

[2] *See* entries dated 8/9/18, 10/5/18, 10/26/18, 11/13/18, 11/15/18, 11/16/18, 11/19/18, 11/20/18, 12/21/18, 12/26/18, 5/6/19, 6/7/19, 6/10/19, 6/12/19, 6/13/19, 6/17/19, 6/27/19, 7/11/19, 7/1/20, 7/2/20, 7/6/20, 7/9/20, 7/10/20, 7/13/20, 7/14/20, 7/16/20, 7/21/20, 7/22/20, 7/26/20, 7/27/20, 7/28/20, 8/4/20, 8/6/20, 8/10/20, 8/12/20, 8/18/20, 8/24/20, 8/26/20, 8/27/20, 8/31/20, 9/2/20, 9/3/20, 9/10/20, 9/11/20, 9/17/20, 9/18/20, 9/21/20, 9/22/20, 9/23/20, 9/28/20, 9/30/20, 10/1/20, 10/5/20, 10/6/20, 10/12/20, 10/8/20, 10/14/20, 10/19/20, 10/20/20, 11/9/20, 11/10/20, 12/9/20, 12/16/20, 12/29/20, 1/4/21, 1/11/21, 1/12/21, 1/20/21, 1/25/21, 1/27/21, 2/2/21, 2/8/21, 2/9/21, 2/10/21, 2/11/21, 2/16/21, 2/25/21, 3/2/21, 3/4/21, 3/9/21, 3/12/21, 3/15/21, 3/19/21, 3/26/21, 3/30/21, 4/22/21, 4/23/21, 4/26/21, 4/27/21, 5/5/21, 5/11/21, 5/14/21, 5/19/21, 5/21/21, 5/24/21, 5/25/21, 5/28/21, 6/1/21, 6/2/21, 6/14/21, 6/17/21, 6/21/21, 7/2/21, 7/9/21, 7/12/21, 7/19/21, 7/20/21, 7/21/21, 7/22/21, 7/23/21, 7/26/21, 7/27/21, 7/30/21, 8/2/21, 8/5/21, 8/12/21, 8/17/21, 8/19/21, 8/25/21, 9/7/21, 9/14/21, 9/16/21, 9/20/21, 9/22/21, 9/23/21, 9/24/21, 9/28/21, 9/30/21, 10/1/21, 10/4/21, 10/5/21, 10/13/21, 10/14/21, 10/18/21, 10/19/21, 10/21/21, 10/25/21, 10/28/21, 11/1/21, 11/10/21, 11/11/21, 11/12/21, 11/15/21, 11/16/21, 11/18/21, 11/19/21, 11/22/21, 11/24/21, 11/30/21, 12/2/21, 12/8/21, 12/14/21, 12/15/21, 12/16/21, 12/21/21, 12/22/21, and 12/27/21.

In expressing its concerns, the court is mindful that an attorney might conclude that the attorney's familiarity with a matter might well make it efficient for the attorney to handle an issue. That is, the time needed to explain the matter to a nonattorney might exceed the time the attorney took to complete the work. The court is similarly conscious that timekeeping cannot be so detailed that the act of billing consumes nearly as much time as the work billed for. But Plaintiffs' submissions contain no justification at all for attorney involvement with the above-identified matters.

With respect to Category 8, the court determines that redactions to protect privacy and privilege to comply with state and federal law represent work typically performed by attorneys. The court therefore grants the two requests for that work dated January 14 and 15, 2021. However, the time requested under Category 8 with explanations that do not match the category description is denied. For example, the time entry dated July 20, 2020, is denied because the timekeeping description does not describe redactions of any sort, instead stating, "[d]raft spreadsheet re current opt outs and missing ECMs and calculate total maximum benefits presented." ECF No. 705-3, PageID # 10588.

With respect to Category 20 (Drafting/revising responses to DOE objections), the court determines that the work

23

completed under this category could only be performed by an attorney and is appropriately billed as attorneys' fees. However, as with all other categories in Plaintiffs' request, any timekeeping entries that are labeled as being in Category 20 that are inconsistent with the description in Category 20, too vague, or for which Plaintiffs failed to demonstrate that an attorney needed to do the work are denied.[3]

**F.   Fees For Providing Legal Advice or Tasks Are Awarded, But Not To the Extent Requested in Categories 4, 7, 14, 15, 17, and 21.**

Plaintiffs describe Categories 4, 7, 14, 15, 16, 17 and 21 as involving the provision of legal advice.   The categories are:

Category 4:  Advising class members regarding terms and compliance with the Settlement Agreement

Category 7:  Advising class members and service providers regarding DOE objections or court orders

Category 14:  Resolving class member issues after independent contractor efforts have been exhausted

Category 15:  Advising service providers regarding compliance with agreements

Category 16:   Court-directed tasks

Category 17:  Tasks needed to be performed by an attorney to keep up-to-date on the case and to provide status reports to the court

---

[3] *See* entries dated 6/6/19, 8/13/20, 9/25/20, 3/8/21, 3/17/21, and 7/15/21.

             Category 21:  Advising class members
             regarding legal documents/contracts

ECF No. 705 at PageID # 10518-10519.

      Plaintiffs argue that their attorneys were in the "best position to perform these tasks because they were the most knowledgeable about the case and the Agreement."  ECF No. 705, PageID # 10522.  The DOE objects to work performed under these categories, particularly categories 7 and 15, arguing that they are improperly characterized.  The DOE contends that no fees should be awarded because the service providers are not parties to the litigation and are therefore not Plaintiffs' counsels' clients.

      This court has already awarded Plaintiffs over $2 million in attorneys' fees and began warning Plaintiffs several years before the fees at issue in this motion were incurred that, with respect to attorneys' fees incurred for administrative matters, the court would likely not award such fees without an explanation as to why the fees incurred for such matters could not have been completed at a greatly reduced hourly rate by individuals other than attorneys.  *See* ECF No. 345, PageID # 6347-48 (March 2016); ECF No. 550, PageID # 7724 (Dec. 2019); ECF No. 700, PageID # 10461 (June 2022).  Thus, while Categories 4, 7, 14, 15, 16, 17 and 21 involve the provision of legal advice, the fees sought are only partially awarded, as Plaintiffs

have not demonstrated why attorneys had to do all of the work involved.  Moreover, as with other categories, the entries are often vague, mismatched, or redacted such that the court cannot tell what they are for, or appear to concern administrative tasks or sometimes to be unreasonable.

### 1.   Category 4.

In Category 4, Plaintiffs seek attorneys' fees for advising clients with respect to the terms of and compliance with the Settlement Agreement.  However, with respect to much of the requested fee amount, Plaintiffs make no attempt to explain why a nonattorney, such as one of the independent contractors hired by the Settlement Administrator, could not have performed such tasks at a greatly reduced hourly rate.  Many of the entries are too vague for this court to make any determination about why an attorney needed to do the work.  Similarly, because of block billing, this court is not even certain whether fees for certain entries are being sought.  Some entries have labels indicating that fees for part of the work are not being sought (e.g., entries asking for fees under Category 4 but not asking for fees under Category 2).  Examples of disallowed entries include those involving the following: incomplete explanations and entries; attempts to call or contact individuals; updating a master spreadsheet or contact information; problems with notaries; references to emails about interviews, teleconferences, resumes,

26

revisions, spending down funds, invoices, voided checks, ACH
authorizations, proof of payment, proof of insurance, information
worksheets, disbursement tracking, incarcerations, invoices, and
payment of invoices; references to emails to internet service
providers; teleconferences regarding Medicaid benefits, contact
information, state identification, bank accounts, authenticating
disbursements, referral and tracking, and/or credit card
purchases; references to emails to unnamed persons regarding
reimbursement and a voided check; entries redacted such that the
court cannot tell what they are for; and entries for
administrative work such as accounting and claim processing.[4]

Some of this work may indeed have required attorneys,
but Plaintiffs do not establish that.

## 2.   Category 7.

In Category 7, Plaintiffs seek attorneys' fees for
advising clients and service providers with respect to DOE
objections, negotiations, and court orders.  These are normally

---

[4] *See* entries dated 8/18/2018, 9/20/18, 9/21/18, 9/24/18,
9/27/18, 9/27/18, 10/3/18, 10/4/18 10/5/18, 10/10/18, 10/16/18,
10/24/18, 10/25/18, 10/26/18, 10/31/18, 11/1/18, 11/5/18,
11/15/18, 11/28/18, 12/3/18, 12/4/18, 5/7/19, 5/10/19, 5/29/19,
6/3/19, 6/7/19, 6/10/19, 6/12/19, 6/13/19, 6/17/19, 6/18/19,
6/24/19, 7/7/20, 8/7/20, 8/31/20, 9/4/20, 9/18/20, 9/21/20,
9/28/20, 10/9/20, 10/14/20, 10/15/20, 10/26/20, 11/13/20,
11/17/20, 11/24/20, 11/30/20, 12/2/20, 12/3/20, 12/7/20,
12/17/20, 1/14/21, 2/2/21, 2/8/21, 3/23/21, 4/7/21, 5/3/21,
5/19/21, 5/26/21, 6/1/21, 6/30/21, 7/2/21, 7/27/21, 7/29/21,
8/25/21, 9/9/21, 9/14/21, 9/22/21, 11/5/21, 11/29/21, 12/2/21,
and 12/13/21.

matters considered attorney work and, for the most part, they are awarded.  However, fees are not awarded with respect to vague or entries so redacted that the court cannot tell what they are for.[5]  Also, any entry unrelated to Category 7 is denied.[6]

### 3.   Category 14.

In Category 14, Plaintiffs seek fees for resolution of class member issues after all independent contractor efforts were exhausted.  Some of the fees requested in Category 14 are awarded.  For example, it appears that an attorney was necessary to resolve certain issues relating to adaptive vehicles.[7] However, some of the entries in Category 14 are denied, as they involve work that nonattorneys could have done,[8] are vague or redacted such that the court cannot tell what they are for,[9] or pertain to matters unrelated to Category 14.[10]

---

[5] *See* entries dated 7/28/20, 5/24/21, 9/7/21, and 12/2/21.

[6] *See* entry dated 9/10/20.

[7] *See* entries dated 9/7/21 and 9/22/21.

[8] *See* entry dated 10/8/19.

[9] *See* entries dated 9/18/20, 2/2/21, 5/3/21, 9/3/21, and 9/22/21.

[10] *See* entries dated 5/29/21, 5/25/21, 5/26/21, 6/18/21, 8/18/21, 9/22/21, 10/12/21, 10/29/21, 11/11/21, 11/19/21, and 11/22/21.

### 4.   Category 15.

In Category 15, Plaintiffs seek fees for advising service providers with respect to compliance with the terms of the class members' letters of agreement or fund agreements.  This included fees relating to the receipt and review of invoices to ensure funds were being spent appropriately.  This court agrees with the DOE's objection to Category 15 in that Plaintiffs' counsel may not claim attorneys' fees for communications with service providers under the cloak of compliance with the treatment plan, letter of agreement, or fund agreement.  This is particularly relevant when a service provider is represented by its own attorney and the discussion did not involve any legal work.  Entries that appear to relate to work that could have been done by nonattorneys include scheduling meetings, discussions regarding services and licenses, follow-up regarding prepayment contracts, emails regarding invoices and reimbursement, missing class members, ACH authorizations, and the status of negotiations about an adaptive vehicle.[11]  Timekeeping entries that are vague, redacted such that the court cannot tell what they are for, have

---

[11] *See* entries dated 3/15/19, 6/18/19, 6/24/19, 6/25/19, 7/8/19, 9/30/19, 7/6/20, 8/4/20, 8/5/20, 8/28/20, 9/1/20, 9/22/20, 10/1/20, 10/6/20, 10/7/20, 10/21/20, 10/23/20, 11/2/20, 11/4/20, 11/9/20, 11/12/20, 11/13/20, 11/25/20, 12/29/20, 1/5/21, 1/6/21, 1/11/21, 2/12/21, 3/4/21, 3/8/21, 3/31/21, 4/1/21, 4/9/21, 4/29/21, 4/30/21, 5/5/21, 6/1/21, 8/2/21, 8/5/21, 9/7/21, 9/23/21, 9/24/21, 9/27/21, 9/29/21, 9/30/21, 10/4/21, 11/3/21, 11/30/21, 12/1/21, 12/3/21, 12/7/21, and 12/21/21.

insufficient information, or are unrelated to Category 15 are
also denied.[12]

### 5.   Category 16.

Category 16 seeks fees for matters that this court
directed Plaintiffs' counsel to perform.  The court determines
that these fees are generally awardable.  However, the court
denies fees relating to entries that are vague, redacted such
that the court cannot tell what the entries are for,
misclassified, or incomplete.[13]

### 6.   Category 17.

In Category 17, Plaintiffs seek fees corresponding to
tasks that needed to be performed by an attorney so that the
attorney could remain up-to-date and could report on matters to
the court.  In reality, Category 17 is a catch-all category into
which all manner of entries were dumped.  There is no explanation
as to why an attorney needed to be the one who performed many of
the tasks.  Many of the entries also fail to provide sufficient
information, are redacted such that the court cannot tell what
they are for, or describe nonattorney matters, including updating
databases and contact lists, reviewing bank statements, reviewing

---

[12] *See* entries dated 10/1/19, 7/1/20, 7/10/20, 8/3/20,
8/6/20, 10/15/20, 10/22/20, 11/20/20, 12/4/20, 1/7/21, 2/1/21,
2/11/21, 3/5/21, 6/1/21, 6/24/21, 7/13/21, 9/7/21, 9/29/21,
9/30/21, and 12/2/21.

[13] *See* entries dated 10/12/20, 10/19/20, 2/3/21, and 2/10/21.

disbursement requests, discussing following up, evaluating
information, evaluating staffing issues, sending agenda
documents, reviewing filing systems, reviewing documentation and
the filing system or claim processing and procedure, inputting
information into a spreadsheet or database, reviewing resumes,
sending emails regarding billing, requesting payment, reviewing
spreadsheets and databases, attempting to contact class members,
sending emails regarding tax returns, sending emails regarding
administrative help, sending proof of payment, drafting an email
about an investment policy, drafting a spreadsheet, discussing
authentication of disbursement requests, and evaluating the
strategy regarding independent contractors.  Attorneys may indeed
have needed to do some of this work, but Plaintiffs do not
explain why.  Accordingly, unless an entry is valid on its
face,[14] the court denies fees requested in Category 17.

### 7.   Category 21.

In Category 21, Plaintiffs seek fees for advising class
members regarding legal documents and contracts.  This category
is generally awardable, as it involves work necessarily done by

---

[14] The court awards fees for entries dated 1/24/19, 2/5/19,
8/25/20 (partial), 9/9/20, 9/10/20, 9/17/20, 9/23/20, 9/28/20,
10/9/20, 10/12/20, 10/13/20, 10/14/20 (partial), 10/16/20,
10/21/20, 10/22/20, 10/26/20, 11/10/20, 11/17/20, 12/2/20,
12/17/20 (partial), 12/20/20, 1/5/21 (partial), 1/7/21 (partial),
1/20/21 (partial), 1/21/21 (partial), 2/10/21, 2/12/21 (partial),
4/16/21 (partial), 4/23/21, 4/27/21, 5/7/21, 5/18/21, 5/19/21
(partial), 6/4/21, 6/18/21, 7/23/21 (partial), 9/20/21, 9/22/21
(partial), and 10/4/21.

an attorney.  However, to the extent Plaintiffs have failed to provide a sufficient description to demonstrate that matters in this category could not have been performed by nonattorneys, and to the extent entries in Category 21 appear administrative in nature, were redacted such that the court cannot tell what they are for, or are too vague, fees for those entries are denied. The denied entries include matters pertaining to attempting to contact class members, revising information worksheets, addressing claims and satisfaction with qualified purchases, and messages regarding releases, ACH authorizations, resumes, voided checks, bank accounts and bank information, state identifications, return of funds, cover sheets, contacts, proof of insurance, and notarizations, as well as sending materials to class members.[15]

> ### G.   Fees For Training and Advising Independent Contractors Are Awarded, But Not To the Extent Requested in Categories 5, 6, 9, and 23.

In Categories 5, 6, 9, and 23, Plaintiffs seek fees relating to work involving training, advising, and overseeing independent contractors.  Specifically, Plaintiffs seek fees for the following:

---

[15] *See* entries dated 7/14/20, 7/17/20, 7/27/20, 8/10/20, 8/24/20, 9/4/20, 9/10/20, 9/11/20, 9/17/20, 11/24/20, 12/1/20, 12/2/20, 12/3/20, 12/16/20, 1/19/21, 1/20/21, 4/5/21, 4/19/21, 4/20/21, 6/30/21, 7/19/21, 7/20/20, 9/9/21, 11/16/21, 11/17/21, 11/18/21, 11/30/21, 12/3/21, 12/6/21, 12/9/21, 12/14/21, 12/15/21, and 12/27/21.

Category 5:  Supervising and training
independent contracts regarding DOE and court
orders

Category 6:  Supervising independent
contractors regarding compliance with
Settlement Agreement

Category 9:  Building a settlement team to
administer the settlement, including
interviewing, negotiating contract terms, and
training related to implementation of
Settlement Agreement

Category 23:  Advising independent
contractors regarding legal
documents/contracts

ECF No. 705 at PageID # 10519.

While this court agrees that some legal work was
necessary with respect to training and advising independent
contractors, the court awards fees only when matters listed in
these categories are not so limited, vague, or redacted such that
the court cannot tell what they are for, or misclassified.  That
is, only some of the requested fee amounts for Categories 5, 6,
9, and 23 is approved.

**1.   Category 5.**

In Category 5, Plaintiffs seek fees for supervising and
training independent contractors with respect to objections by
the DOE or with respect to this court's orders.  These fees are
generally awardable, as they involve necessary work by
Plaintiffs' counsel.  However, the court declines to award fees

33

for calls regarding delays in processing and entries that were
redacted such that the court cannot tell what they were for.[16]

### 2.   Category 6.

In Category 6, Plaintiffs seek fees for supervising
independent contractors to ensure compliance with the Settlement
Agreement and orders.  These fees are awardable, as they involve
work that required Plaintiffs' counsel.  However, much of the fee
amount in Category 6 does not involve supervising independent
contractors.  The court declines to award fees for
1) administrative matters such as sending documents, tracking or
authenticating disbursements, providing or working on lists,
setting up teleconferences, maintenance of data, sending
background documents, reviewing spreadsheets, scheduling,
communicating about the ethnicity of class members, revising
lists of credit card purchases, writing emails regarding taxes
and payment of tuition, and reviewing the master list; and
2) vague entries such as communicating with the independent
contractors without further explanation that would allow the
court to see whether matters were administrative in nature (like
many of the fees requested in Category 6).[17]  Finally, the court

---

[16] *See* entries dated 7/21/20 and 7/1/21.

[17] *See* entries dated 6/21/19, 6/30/19, 7/1/19, 7/2/19,
7/8/19, 7/9/19, 7/10/19, 7/11/19, 7/12/19, 7/15/19, 7/22/19,
8/5/19, 8/6/19, 9/18/19, 9/23/19, 9/30/19, 10/1/19, 10/7/19,
7/2/20, 7/6/20, 7/9/20, 7/14/20, 7/22/20, 8/4/20, 8/10/20,
8/11/20, 8/12/20, 8/17/20, 8/18/20, 8/26/20, 8/28/20, 9/3/20,

34

declines to award fees for entries that were redacted such that
the court cannot tell what they were for.[18]

### 3.   Category 9.

In Category 9, Plaintiffs seek fees for building their
settlement team to administer the settlement, including
interviewing, negotiating contract terms, and training related to
implementation of Settlement Agreement.  Plaintiffs fail to
explain why matters related to reviewing contact information and
reimbursements, attempting to contact class members, sending
emails regarding scheduling, transmitting things, preparing
orientation materials, budgeting review, background checks,
quotas, drafting scripts, reviewing timesheets, and matters that
are completely redacted fall within the ambit of work requiring

---

9/4/20, 9/18/20, 9/25/20, 9/29/20, 11/2/20, 11/10/20, 11/12/20,
11/13/20, 11/16/20, 11/20/20, 12/4/20, 12/8/20, 12/10/20,
12/22/20, 1/14/21, 1/29/21, 2/8/21, 2/19/21, 3/5/21, 3/8/21,
3/19/21, 4/5/21, 4/12/21, 4/15/21, 4/19/21, 4/23/21, 4/29/21,
5/11/21, 5/20/21, 5/26/21, 6/4/21, 7/13/21, 7/16/21, 7/27/21,
8/3/21, 8/9/21, 8/13/21, 9/14/21, 9/28/21, 10/15/21, 11/11/21,
and 12/6/21.

[18] *See* entries dated 8/11/20, 8/31/20, 9/1/20, 10/15/20,
10/29/20, 1/20/21, 1/29/21, 2/1/21, 2/2/21, 2/8/21, 2/11/21,
2/19/21, 2/24/21, 2/25/21, 2/26/21, 3/1/21, 3/5/21, 3/15/21,
3/24/21, 4/22/21, 4/26/21, 5/3/21, 5/4/21, 5/19/21, 5/20/21,
5/24/21, 5/26/21, 6/10/21, 6/14/21, 6/22/21, 7/27/21, 8/10/21,
8/13/21, 8/18/21, 8/21/21, 8/26/21, 9/3/21, 9/15/21, 9/21/21,
10/11/21, 10/13/21, 10/15/21, 11/4/21, 11/9/21, 11/15/21,
11/18/21, 11/23/21, 12/1/21, 12/9/21, and 12/20/21.

attorneys.[19]  Some of the work described, despite the overall
explanation for Category 9, appears clerical.

### 4.   Category 23.

In Category 23, Plaintiffs seek fees for advising
independent contractors with respect to legal documents and
contracts.  The court awards these fees, as this category
pertains to legal work.  However, the court declines to award
fees for matters that are misclassified, are too vague, concern
administrative matters (e.g., invoices, exhibits, and ACH
authorizations), redacted such that the court cannot discern what
work was performed, or involve attempts to contact people.[20]
Plaintiffs have failed to demonstrate that an attorney was
necessary for such work.

### H.   Fees For Ensuring Compliance with the Settlement Agreement Are Awarded, But Not To the Extent Requested in Categories 10 and 13.

Plaintiffs seek fees for ensuring compliance with the
Settlement Agreement.  This is the type of matter that falls
within the scope of attorney work.  Accordingly, the court awards

---

[19] *See* entries dated 3/18/19, 4/8/19, 4/18/19, 6/3/19,
6/5/19, 6/7/19, 6/10/19, 6/14/19, 6/19/19, 6/20/19, 6/21/19,
6/26/19, 7/9/19, 7/12/19, 8/2/19, 1/7/20, 10/21/20, 10/27/20,
11/4/20, 11/9/20, 12/3/20, 5/3/21, 7/23/21, 8/17/21, 8/18/21, and
8/21/21.

[20] *See* entries dated 10/4/18, 11/1/18, 7/6/20, 7/8/20,
7/22/20, 8/26/20, 9/21/20, 3/4/21, 5/20/21, 7/9/21, and 11/30/21.

such fees, but not to the extent requested in Categories 10 and
13.

### 1.    Category 10.

In Category 10, Plaintiffs seek fees for evaluating
claims for compliance with the Settlement Agreement and related
orders.  The court determines that this is the kind of work that
needed to be done by an attorney and is therefore generally
awardable.  However, the court declines to award fees for
clerical matters (e.g., working on exhibits, vendor payments,
rates, authenticating disbursements, and ACH authorizations), and
redacted entries that make it impossible for the court to
evaluate whether the work done needed to be done by an
attorney.[21]

### 2.    Category 13.

In Category 13, Plaintiffs seek fees with respect to
ensuring compliance with the Settlement Agreement and related
orders.  This kind of work needed to be done by an attorney and
is therefore generally awardable.  However, the court declines to
award fees for clerical matters (e.g., reviewing budgets,
expenditures, timelines, legal cost summaries, invoices,
invoicing procedures, payments, spreadsheets, and resumes,
formulating proposal for staffing, reviewing staffing, analyzing

---

[21] *See* entries dated 7/9/20, 8/5/20, 8/24/20, 8/31/20, and
12/13/21.

bank statements, updating master list and spreadsheets,
calculating balances, emails re contact information, invoices,
and ACH authorizations, calculating services used, attempts to
contact individuals, preparing pay requests, directing staff to
process payments, developing forms, evaluating master accounting,
emails regarding notary requirements, emails regarding bank
fees), vague entries (reviewing settlement issues, entries that
simply state "review," references to reviewing and responding to
emails with no further description, references to emails
regarding a "bank letter," work on evaluating the strategy
regarding a voided check, references to emails regarding bank
accounts, work evaluating the strategy regarding communication),
and redacted entries that make it impossible for the court to

evaluate whether the work done needed to be done by an attorney.[22]

>    **I.   Fees For Communications and Negotiations with Other Attorneys and Settlement Administrator Are Awarded, But Not To the Extent Requested in Categories 11, 12, and 19.**

In Categories 11, 12, and 19, Plaintiffs seek fees for communicating and negotiating with attorneys and the Settlement Administrator.  The court agrees that such fees are generally awardable as matters appropriately handled by attorneys. However, the court does not award fees to the extent requested by Plaintiffs.

>    **1.   Category 11.**

In Category 11, Plaintiffs seek fees with respect to communicating with DOE counsel.  The court awards those fees, but not to the extent requested.  The court declines to award fees for nonlegal work (e.g., following up on a bill, updating lists and spreadsheets, estimating budgets regarding staffing, notary services, invoicing), misclassified entries, and redacted entries

---

[22] *See* entries dated 1/10/19, 2/25/19, 3/18/19, 3/19/19, 5/29/19, 6/12/19, 6/13/19, 6/18/19, 6/20/19, 6/24/19, 6/27/19, 7/17/19, 8/14/19, 8/22/19, 8/30/19, 9/18/19, 8/11/20, 8/13/20, 8/26/20, 8/29/20, 9/1/20, 9/3/20, 9/11/20, 9/18/20, 9/21/20, 9/22/20, 9/24/20, 10/6/20, 10/7/20, 10/9/20, 10/12/20, 10/14/20, 10/15/20, 10/21/20, 10/27/20, 10/29/20, 12/14/20, 12/29/20, 12/30/20, 1/12/21, 1/14/21, 1/20/21, 1/27/21, 1/29/21, 2/1/21, 2/2/21, 2/11/21, 2/18/21, 2/19/21, 2/26/21, 3/8/21, 3/10/21, 4/26/21, 5/5/21, 5/13/21, 5/19/21, 8/16/21, 9/3/21, 9/14/21, 9/15/21, 10/28/21, 11/24/21, 12/1/21, 12/2/21, and 12/21/21.

39

that make it impossible for the court to evaluate whether the work done needed to be done by an attorney.[23]

### 2.   Category 12.

In Category 12, Plaintiffs seek fees with respect to communicating with the Settlement Administrator.  The court awards those fees, but not to the extent requested.  The court declines to award attorneys' fees for administrative work (e.g., requests for payment, travel requests, hiring, transmittals, accounting, invoicing, duplicative payments, emails regarding expenses), misclassified entries, vague entries (e.g., references to drafting an email with no further description), and redacted entries that make it impossible for the court to evaluate whether the work done needed to be done by an attorney.[24]

### 3.   Category 19.

In Category 19, Plaintiffs seek fees with respect to communicating with outside counsel (including class members' trust attorney, attorneys for service providers, and the deputy attorney general for the Hawaii Department of Public Safety). The court awards those fees as representing work that was necessarily done by an attorney, but not to the extent requested.

_____

[23] _See_ entries dated 9/4/20, 10/29/20, 10/30/20, 11/2/20, 6/2/21, 6/4/21, 6/22/21, 9/27/21, and 11/17/21.

[24] _See_ entries dated 10/23/18, 10/29/18, 3/18/19, 6/15/19, 6/27/19, 7/8/19, 7/11/19, 9/22/20, 10/19/20, 10/30/20, 12/16/20, 1/29/21, 5/5/21, 5/24/21, and 6/22/21.

The court declines to award attorneys' fees for administrative work (e.g., emails and teleconferences regarding lists, administrative costs, recommendations, public guardianship), misclassified entries, vague entries, and redacted entries that make it impossible for the court to evaluate whether the work done needed to be done by an attorney.[25]

> **J.   The Court Declines to Award Fees for Administrative Work Required by Bank of Hawaii (Categories 18 and 22).**

In Category 18, Plaintiffs seek fees with respect to authenticating disbursements as required by Bank of Hawaii.  In category 22, Plaintiffs seek fees for communicating with Bank of Hawaii as the trustee of the Services Fund.  This type of work could have been performed by a nonattorney.  If Bank of Hawaii required Plaintiffs' counsel to do the authentication, the reason is not clear.  *See* ECF No. 705, PageID #s 10528-29.  Nor is it clear that Bank of Hawaii would have refused a nonattorney's authentication if asked, as class counsel was in no better position to authenticate disbursements than a layperson at counsel's office.  The court declines to award these administrative fees, as well as the fees that are vague or misclassified under these categories.[26]

---

[25] *See* entries dated 11/30/18, 12/3/18, 2/11/21, 2/17/21, 2/24/21, 2/25/21, 8/25/21.

[26] *See* entries dated 10/29/18, 2/27/19, 4/3/19, 8/8/19, 8/15/19, 7/6/20, 7/10/20, 7/21/20, 8/10/20, 8/11/20, 8/12/20,

**IV.        CONCLUSION.**

When this court considers the administrative fees
sought, the court's best estimate is that 30 percent of those
fees are not sufficiently supported.  In reducing the
administrative fees by 30 percent, the court is considering not
only the issues with the timesheets identified earlier in this
order but also an hourly rate greater than $25 but less than $50
per hour.

With respect to the attorneys' fees sought, the court
awards 60 percent of the amount sought, concluding that an
overall reduction of 40 percent recognizes issues of concern with
the timesheet entries and the numerous instances in which
Plaintiffs did not show that the tasks performed needed to be
done by attorneys charging attorneys' hourly rates.  The court
does not reach these percentages lightly.  The 60 percent award
recognizes that Plaintiffs' counsel has clearly performed
commendable work on behalf of individuals who benefitted from the
legal services provided.  The court also recognizes, as it has

---

8/17/20, 8/19/20, 8/24/20, 9/4/20, 9/14/20, 9/22/20, 10/7/20,
10/9/20, 10/14/20, 10/26/20, 11/12/20, 11/24/20, 12/1/20,
12/7/20, 12/16/20, 12/17/20, 12/18/20, 12/21/20, 12/22/20,
1/8/21, 1/13/21, 1/14/21, 1/25/21, 1/29/21, 2/1/21, 2/3/21,
2/11/21, 2/12/21, 2/16/21, 2/23/21, 3/9/21, 3/23/21, 3/31/21,
4/5/21, 4/6/21, 4/8/21, 4/9/21, 4/13/21, 4/16/21, 4/19/21,
5/4/21, 5/5/21, 5/10/21, 5/26/21, 6/14/21, 7/13/21, 7/16/21,
8/2/21, 8/3/21, 8/13/21, 8/26/21, 9/3/21, 9/13/21, 9/14/21,
9/15/21, 9/23/21, 10/5/21, 10/12/21, 10/13/21, 10/25/21,
10/26/21, 10/29/21, 11/12/21, 11/16/21, 11/30/21, 12/20/21, and
12/27/21.

noted earlier in this order, that there may well have been efficiencies in having knowledgeable counsel handle certain matters. But the court has to deal with what the submissions in the record support, and many of the entries were problematic. Moreover, the fees were initially sought as administrative fees, presumably because of the administrative nature of much of the work.

To summarize, the court grants in part and denies in part Plaintiffs' motion for administrative and attorneys' fees. The court awards a total of $143,291.40 from the Services Fund, $2,425.50 in administrative fees, and $140,865.90 in attorneys' fees.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 28, 2023.



    /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

E.R.K, et al. v. Dep't of Educ., State of Hawaii, Civ. No. 10-00436 SOM/RT; ORDER
GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST FOR ADMINISTRATIVE FEES AND
ATTORNEYS' FEES